UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM ELLIS<br>c/o Friedman, Gilbert, & Gerhardstein<br>50 Public Square, Suite 1900<br>Cleveland, OH 44113<br><br>   -Plaintiff<br><br>-vs-<br><br><br>DET. JEFFREY YASENCHACK<br>Cleveland Division of Police<br>1300 Ontario Street<br>Cleveland, OH 44113<br><br>and<br><br>CITY OF CLEVELAND, OHIO<br>c/o Law Director, Mark Griffin<br>City Hall—Room 106<br>610 Lakeside Ave.<br>Cleveland, OH 44113<br><br>   -Defendant | CASE NO.<br><br><br>JUDGE<br><br><br><br><br>PLAINTIFF'S COMPLAINT FOR<br>CIVIL RIGHT VIOLATIONS<br><br>(Jury Demand Endorsed Hereon) |

## I. INTRODUCTION

1. This case is about the false arrest, malicious prosecution, and wrongful incarceration William Ellis of for a crime the Defendant knew, before he ever instituted legal proceedings against Ellis, that he had no committed. Defendant fabricated evidence through false testimony to encourage, initiate, and/or cause the arrest, detention, and malicious prosecution of

1

Ellis on charges of being a felon in possession of a firearm, a violation of 18 U.S.C. §922(g) and possession with intent to distribute, a violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B).

2. Defendant Yasenchack made false and misleading statement in an effort to secure a search warrant for Plaintiff's residence. The warrant was issued in reliance upon the false and misleading statements made by Yasenchack. At the time the search warrant was issued, there in fact was not probable cause to support the issuance of a search warrant for Plaintiff's residence.

3. Plaintiff, William Ellis asserts claims under 42 U.S.C. § 1983 for violations of Ellis's rights to be free from unreasonable searches and seizures, false arrest and malicious prosecution under the protection of the Fourth Amendment to the United States Constitution. Plaintiff asserts Section 1983 claims against the City of Cleveland, Ohio, for failure to properly train and/or supervise law enforcement, for promulgating customs, policies, and/or practices, which proximately caused the violation of William Ellis's federal constitutional rights, and for ratifying the unconstitutional conduct of its officers.

4. Plaintiff seeks compensatory and punitive damages under the Fourth and *Fourteenth Amendments to the Constitution of the United States* and under state law against the Defendants.

5. Plaintiff additionally seeks attorney fees and costs pursuant to 42 U.S.C. Sections 1983 and 1988.

## II.     **JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to both state and federal claims. This action alleges causes of action pursuant to 42 U.S.C. § 1983, as well as the *Fourth and Fourteenth Amendments to the Constitution of the United States* and pendent claims arising

under the laws of the State of Ohio. The amount in controversy, exclusive of interests and costs, exceeds the jurisdictional amount.

7. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4). To the extent state claims are asserted, Plaintiff institutes this action pursuant to 28 U.S.C. § 1367.

8. Plaintiff is a resident of Cuyahoga County, Ohio. All of the events giving rise to this complaint occurred in Cuyahoga County, Ohio.

### III.   THE PARTIES

9. Plaintiff, WILLIAM ELLIS, is a citizen of the United States, a resident of the State of Ohio, and currently resides in Cleveland, Ohio.

10. Defendant, JEFFREY YASENCHACK, is a current or former detective with the City of Cleveland Police Department. Yasenchack was responsible for fairly conducting investigations, properly handling evidence, and fairly and accurately reporting the progress and results of their investigations, individually and officially. Yasenchack had a duty to assess whether probable cause existed to arrest Plaintiff and institute criminal proceedings against him. Defendant failed in that duty by presenting false and misleading evidence and encouraging the arrest, detention, and prosecution of Ellis. At all times relevant, these Defendant was employed by the City of Cleveland Police Department and was acting under the color of law within the course and scope of his employment. Defendant is sued in his individual and official capacity.

11. Defendant, CITY OF CLEVELAND, OHIO, is a municipal corporation organized and existing under the laws of the State of Ohio.  The City of Cleveland had a duty to properly supervise and train its police officers and to maintain customs, policies and practices that were not violative of the rights of citizens.

## IV.     FACTS.

### *Det. Jeffrey Yasenchack Presents False and Misleading Evidence To Secure A Search Warrant For Plaintiff's Home.*

12.     On about May 14, 2020, Defendant Yasenchack executed an affidavit in order to obtain a search warrant to search Plaintiff's residence.  Defendant's affidavit included representations that Defendant had obtained statements from individuals who stated that they had purchased drugs from Plaintiff and that Plaintiff was their dealer.  Those representations were in fact false.  Defendant knew that those representations were false when he executed his affidavit.

13.     Defendant's affidavit further included representations that a "concerned citizen" had told Defendant that Plaintiff was selling drugs from his home.  In fact, Defendant had threatened a citizen with a traffic citation in an effort to coerce that individual to make an incriminating statement regarding the Plaintiff.

14.     Further, in his search warrant affidavit, Defendant Yasenchack falsely reported that there was a pending criminal case against Plaintiff.  In fact, the state court proceeding had been dismissed by the state court after that court determined Defendant to have not been credible in his testimony.

15.     Defendant Yasenchack has a history of providing false testimony under oath.  In *State v. Ellis,* No. CR-19-637876, the state court determined Defendant to be not credible after Defendant offered testimony against Plaintiff that was contradicted by body camera video.  The state court proceeding was dismissed because of Defendant's lack of credibility.

16.     Defendant City of Cleveland, through its supervisors and employees, knew of Yasenchack's history of providing false testimony under oath to secure arrest and search warrants and in the prosecution of individuals.

17.     Defendant Yasenchack presented his affadvit in support of a search warrant for

Plaintiff's residence to the Cuyahoga County Court of Common Pleas on May 14, 2020.  At the time Defendant presented his affidavit, Defendant knew that the affidavit contained false and misleading information.  Further, Defendant intended that the Court rely upon Defendant's false and misleading statements in determining whether to issue the requested search warrant.  The Court in fact relied upon Defendant's false and misleading statements in determining whether probable cause existed to issue the search warrant.

18. Defendant's search warrant affidavit failed to provide probable cause for the issuance of a search warrant without the false and misleading statements.

### *The Cuyahoga County Court of Common Please Issues a Search Warrant For Plaintiff's Home on the Basis of The False and Misleading Statements Contained In Defendant Yasenchack's Search Warrant Affidavit.*

19. On May 18, 2020, law enforcement executed the search warrant that had been procured by Yasenchack through false and misleading testimony on Plaintiff's residence. Thereafter, a criminal complaint was issued against Plaintiff in the matter of *United States of America v. William Ellis*, United States District Court for the Northern District of Ohio, case no. 1:20CR0302.

20. Plaintiff Ellis was arrested on May 20, 2020 on the basis of the criminal complaint issued in the matter of *United States of America v. William Ellis*, United States District Court for the Northern District of Ohio, case no. 1:20CR0302.  Plaintiff remained incarcerated throughout the proceeding until the charges were dismissed on August 27, 2021.

### *The Criminal Proceedings Against Plaintiff Are Dismissed After the Trial Court Determines That Defendant Yasenchack Provided False and Misleading Testimony In His Search Warrant Affidavit and Suppresses All Evidence Found at Plaintiff's Residence.*

21. In the matter of *United States of America v. William Ellis*, United States District Court for the Northern District of Ohio, case no. 1:20CR0302, the trial court determined that

Defendant Yasenchack had made false and misleading statements in his search warrant affidavit. The trial court further determined that Defendant's search warrant affidavit did not otherwise provide probable cause for the issuance of a search warrant. A copy of the trial court's Memorandum of Opinion and Order is attached hereto and incorporated herein.

22. Following the suppression of all evidence seized from Plaintiff's residence, the criminal charges against Plaintiff were dismissed.

## FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS—42 U.S.C §1983—FALSE ARREST.

23. Plaintiff incorporates paragraphs 1 through 21 as if fully rewritten.

24. Defendant Yasenchack knowingly and/or recklessly provided false and misleading information that directly and proximately lead to the arrest, seizure and confinement of Plaintiff. Plaintiff's arrest and confinement were without probable cause.

25. Plaintiff was wrongfully confined in excess of 15 months. The arrest and confinement of Plaintiff violated Plaintiff's Fourth Amendment rights to be free from unreasonable search and seizure.

26. As a direct and proximate result of Plaintiff's unlawful arrest and confinement, Plaintiff suffered damages including loss of his personal liberty and physical and emotional pain and distress.

## SECOND CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS—42 U.S.C §1983—MALICIOUS PROSECUTION.

27. Plaintiff incorporates paragraphs 1 through 26 as if fully rewritten.

28. Defendant Yasenchack caused criminal charges to be instituted against Plaintiff without probable cause. Yasenchack knowingly made false and misleading statements in an effort to encourage and/or initiate criminal proceedings against Plaintiff.

29. Defendant Yasenchack's supervisors knew or should have known that Yasenchack had a practice of making false and misleading statements in an effort to unlawfully secure evidence and/or cause the filing of criminal charges.

30. The Cuyahoga County Court of Common Pleas would not have issued a search warrant for Plaintiff's residence but for the false and misleading statements made by Yasenchack. Yasenchack's search warrant affidavit failed to provide probable cause necessary for the issuance of a search warrant.

31. The criminal proceedings in the matter of *United States of America v. William Ellis*, United States District Court for the Northern District of Ohio, case no. 20CR0302 were commenced as a direct and proximate result of the false and misleading statements made by Yasenchack.

32. The criminal proceedings in the matter of *United States of America v. William Ellis*, United States District Court for the Northern District of Ohio, case no. 20CR0302 were dismissed after the trial court determined Defendant Yasenchack provided false and misleading testimony and suppressed all evidence seized from Plaintiff's residence.

33. The criminal proceedings in the matter of United States of America v. William Ellis, United States District Court for the Northern District of Ohio, case no. 20CR0302 terminated without a conviction of Ellis on or about August 27, 2021.

34. Defendants' institution of criminal charges against Plaintiff without probable cause was done so in violation of Plaintiff's Fourth Amendment rights.

35. As a direct and proximate result of Defendants' violation of Plaintiff's Fourth Amendment rights, Plaintiff suffered a loss of his liberty, incurred legal and expenses, and suffered emotional and mental anguish.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS--42 U.S.C §1983**
**RATIFICATION BY DEFENDANT CITY OF CLEVELAND**

36. Plaintiff incorporates paragraphs 1 through 35 as if fully rewritten.

37. Defendant City of Cleveland had final policymaking authority, ratified the conduct of Defendant Yasenchack described herein and/or otherwise failed to investigate or punish said conduct. Defendant knew that Yasenchack had a history of making false and misleading statements.

38. Defendants the City of Cleveland's ratification referenced in the preceding paragraph constitutes an official policy of Defendant the City of Cleveland, Ohio.

39. Defendant City of Cleveland's ratification and/or failure to investigate or punish as described herein renders it liable to William Ellis, for the constitutional violations alleged herein in accordance with *Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985) and its progeny.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CIVIL RIGHTS—42 U.S.C. §1983**
**MONELL CLAIM AGAINST DEFENDANT CITY OF CLEVELAND.**

40. Plaintiff incorporates paragraphs 1 through 39 as if fully rewritten.

41. Defendant City of Cleveland maintained a custom, policy and/or practice of permitting its detectives to make and misleading statements in an effort to encourage and/or cause the issuance of search and/or arrest warrants and/or the filing of criminal proceedings.

42. Defendant Cleveland's custom, policy and/or practices was the driving force behind the violation of Plaintiff's civil rights.

43. As a direct and proximate result of Defendant's customs, policies and/or practices described herein, Plaintiff was falsely arrested and incarcerated, incurred legal expenses and was subjected to a criminal prosecution without probable cause, suffered physical and emotional distress, and loss of liberty.

### FIFTH CAUSE OF ACTION
### A STATE-LAW CLAIM FOR MALICIOUS PROSECUTION.

44. Plaintiff incorporates paragraphs 1 through 43 as if fully rewritten.

45. Defendants caused criminal charges to be filed against Plaintiff without probable cause.

46. Defendant Yasenchack knowingly made false and misleading statements to secure a search warrant for Plaintiff's residence. Defendant's affidavit did not provide probable cause necessary for the issuance of a search warrant.

47. All of the criminal charges against Plaintiff were dismissed after a trial court determined Defendant had made false and misleading statement.

48. As a direct and proximate result of Defendants causing the malicious prosecution of Plaintiff, Plaintiff suffered a loss of liberty, incurred legal expenses, and suffered mental and physical pain and anguish.

**WHEREFORE**, Plaintiff prays that this Court:

    A. Award Plaintiff compensatory damages in an amount to be shown at trial against Defendants;

    B. Award Plaintiff punitive damages in an amount to be shown at trial against Defendants;

    C. Award Plaintiff his reasonable attorney's fees, interest, costs and disbursements;

    D. Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| s/Joseph F. Scott | s/Marcus Sidoti |
| JOSEPH F. SCOTT (0029780) | MARCUS SIDOTI (0077476) |
| Scott & Winters | Jordan & Sidoti, LLP |
| The Caxton Building | The Terminal Tower |
| 812 Huron Road E., Suite 490 | 55 Public Square, Suite 1900 |
| Cleveland, OH  44115 | Cleveland, OH  44113-2205 |
| 216-650-3318 | 440-227-1384 |
| jscott@ohiowagelawyers.com | marcus@jordansidoti.com |
| Attorney for Plaintiff | Attorney for Plaintiff |

**Jury Demand**

Plaintiff hereby demands a trial by jury as to all issues.

                                             s/Joseph F. Scott
                                             JOSEPH F. SCOTT (0029780)