IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ELLIS, | ) | CASE NO. 1:22-cv-00815 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFREY YASENCHACK, et al. | ) | **MOTION TO BIFURCATE** |
| | ) | **AND STAY ADDITIONAL** |
| Defendants | ) | **LITIGATION OF *MONELL* CLAIMS** |

Defendant City of Cleveland, Ohio ("City") respectfully moves the Court in its discretion to bifurcate and stay additional litigation regarding Plaintiffs' claims for municipal liability against the City under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and any related municipal liability claims in the Complaint, until after the Court rules on summary judgment on Plaintiff's claims against the individual police officer defendant, Defendant Det. Jeffrey Yasenchack. The grounds for this motion are set forth below.

I. BACKGROUND AND PROCEDURAL HISTORY

The Complaint was filed on May 18, 2022, by William Ellis against Detective Jeffrey Yasenchack of the Cleveland Division of Police and City of Cleveland, Ohio, based on alleged civil rights violations involved in the arrest of Plaintiff on May 14, 2020, for possession with intent to distribute carfentanil, heroin, fentanyl, cocaine, and tramadol; and possession of a firearm by a convicted felon. Plaintiff claims that Detective Yasenchack gave false testimony in order to obtain a search warrant of

Plaintiff's home. He is suing for false arrest and malicious prosecution, including claims against the City for alleged civil rights violations, under *Monell*.

The case did not settle at the February 15, 2023, mediation. Plaintiff has not yet noticed a Rule 30(b)(6) deposition of the City, but the current discovery deadline is March 31, 2023, and dispositive motions are due by May 31, 2023.

## II. LAW AND ANALYSIS

### A. Bifurcation in *Monell* Cases Conserves Resources

The Court has "wide discretion over case management."[1] *First Technology Capital, Inc. v. Banctec, Inc.*, E.D. Ky No. 5:16-CV-138-REW, 2016 WL 7444943, *3 (Dec. 27, 2016). Thus, "the Sixth Circuit reviews a court's 'decision to amend its scheduling order for abuse of discretion.'" *Id.*, citing *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed.Appx. 369, 377-78 (6th Cir. 2009); *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"), *quoting Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *see also Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005) (finding that the district court did not abuse its discretion in staying discovery on bad faith claim pending resolution of contract claim).

In *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007), the Sixth Circuit held that it was reasonable and within the trial court's discretion to bifurcate trial of claims against individual officers from trial of the *Monell* claims against the government entity which employed the officers. The Court held as follows:

---

[1] Because bifurcation is not a discovery dispute, but rather is a case management function, the parties' consultation prior to filing this motion is not a requirement under LR 37.1. However, the City did inform Plaintiff's counsel prior to filing this motion.

> The magistrate judge's decision to bifurcate the trial was eminently reasonable in the interests of judicial economy and avoiding possible juror confusion. It was not an abuse of discretion to bifurcate individual liability from municipal liability, and it would be illogical to try the municipality first since its liability under § 1983 could not be determined without a determination of the lawfulness of the individuals' actions. *Tinch v. City of Dayton*, Nos. 94–3436/94–3516, 1996 WL 77445, at *3 (6th Cir. February 20, 1996) (unpublished disposition) (affirming decision, in a § 1983 action, to bifurcate individual officers' liability from municipality's liability and trying individual officers first); *see also Wilson v. Town of Mendon*, 294 F.3d 1, 7 (1st Cir. 2002); *Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000); *Amato v. Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999). In fact, because the jury found no constitutional violation by the individual defendants, the county could not have been found liable under *Monell* for an allegedly unconstitutional custom or policy.

Bifurcation of *Monell* claims was used in *Mayer v. Cuyahoga County*, N.D. Ohio No. 1:19-cv-2620-JPC, 2021 WL 164216, *2 (January 19, 2021), in order to avoid burdensome and possibly needless discovery and briefing against the governmental entity: "As Defendants point out, this approach may avoid potentially needless and burdensome discovery and conserve the resources of the parties and the Court until after a ruling on Defendants' motion for summary judgment on Plaintiff's constitutional claim against Mr. Hayes."

*Monell* claims against the City also were bifurcated and stayed in two recent Section 1983 cases pending in this Court, *Valeri Belokon, et al. v. City of Cleveland, et al.*, Case No. 1:21-cv-1104-PAB (non-document Order of Feb. 3, 2022) and *Anthony Body v. City of Cleveland, et al.*, Case No. 1:21-cv-738-CAB (non-document Order of Nov. 18, 2021).

Bifurcation is widely used in Section 1983 cases in other jurisdictions as well. *See, e.g., Robertson v. Prince George's County, MD*, 215 F.Supp.2d 664, 665 (D. Maryland 2002) ("I will now address plaintiff's claim against Prince George's County. Discovery as to that claim has been stayed pending a ruling on whether plaintiffs have

3

any viable claim against Zelaya. Ordering such a bifurcation is the usual practice followed by this court"); *see also* SECTION 1983 LITIGATION CLAIMS AND DEFENSES, § 7.14, "Bifurcation of Claims Against Officer and Municipality," (Aspen, 4th ed. 2021-22) and cases cited therein; *Wells v. City of Dayton*, 495 F.Supp.2d 793, 797 (S.D. Ohio 2006) ("the Court concludes that a trial of Plaintiffs' *Monell* claim against Dayton, separate from their claims against Cornwell and McCall, is the preferred method of dealing with the issues involved in this litigation"); *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 320 (2d Cir. 1999) (noting that "Section 1983 actions are particularly well suited for bifurcation"); *Parker v. Banner*, 479 F. Supp. 2d 827, 834 (N.D. Ill. 2007) (staying discovery on plaintiff's *Monell* claim because "[t]hat discovery may inflict needless, wasteful expense of time and money upon the parties and the court").

The fundamental basis for bifurcation is that "[t]here can be no liability under *Monell* without an underlying constitutional violation." *White v. City of Cleveland*, N.D. Ohio No., 2020 WL 7640932, *23 (Dec. 23, 2020), *citing Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). If an individual defendant in a Section 1983 case is entitled to summary judgment on the basis that no constitutional violation occurred, then the City would be entitled to summary judgment on Plaintiff's *Monell* claim. *Id.*

### B. Bifurcation is Called For in This Case

The same concerns articulated in the foregoing decisions apply in this case. It would be a burdensome task for the City's Rule 30(b)(6) witnesses to become familiar with all of the applicable rules, regulations, practices, and procedures of the City at the time of the investigation of Plaintiff; to learn all of the facts of the investigation itself; and to investigate how and when all of the defendant officers were trained – all likely subjects to be included in the Rule 30(b)(6) notice. Further, while the parties generally

4

have cooperated in discovery to date, it is possible that disputes could arise about the scope of a Rule 30(b)(6) deposition that would distract the parties and the Court and delay resolution of the main issue: *is there sufficient evidence to proceed to trial on whether probable cause did not exist to arrest Plaintiff?*

The present action presents discrete and wholly independent allegations against the governmental entity and its employee, Det. Yasenchack. Bifurcation, intended to separate out claims that can be resolved or possibly dismissed on the merits, would defer and possibly avoid burdensome inquiry into all of the City official policies; training; high-level decisions, and past culture, potentially applicable to the various claims of Plaintiff. And as the Court is aware, during the past few years the City has been subject to the Court's oversight in implementing the Consent Decree, such that it is highly unlikely Plaintiff would be able to identify any policy or custom of the City that was the moving force of any rights violation.

Thus, all of the resources that would be poured into a Rule 30(b)(6) deposition potentially could be avoided by the granting of this motion. Even if summary judgment is denied to Det. Yasenchack, he might be able to take an interlocutory appeal on qualified immunity issues and stay further litigation in this action. In this situation, a Rule 30(b)(6) deposition at this stage of the case would be unnecessary.

No prejudice would result to Plaintiff from the granting of this motion. Moreover, the City is not asking for bifurcation of trial, which was used in *Wilson, supra*, and which could result in a delay of final resolution.

### III. CONCLUSION

For the above reasons, Defendant City of Cleveland respectfully requests that this Court bifurcate and stay additional litigation, including a Rule 30(b)(6) deposition and

5

summary judgment briefing, of the *Monell* claims against it, pending resolution of whether the Plaintiff sufficiently states a claim for a constitutional rights violation by the individual law enforcement officer defendants so as to avoid summary judgment.

                                    Respectfully submitted,

                                    MARK D. GRIFFIN (0064141)
                                    Director of Law

                                    By: *s/ Timothy J. Puin*
                                    J.R. Russell, Jr. (0075499)
                                    Chief Assistant Director of Law
                                    Timothy J. Puin (0065120)
                                    Assistant Director of Law
                                    City of Cleveland, Department of Law
                                    601 Lakeside Avenue E., Room 106
                                    Cleveland, Ohio 44114
                                    Tel:   (216) 664-2800
                                    jrussell2@clevelandohio.gov
                                    tpuin@clevelandohio.gov

**CERTIFICATE OF SERVICE**

      The foregoing was filed electronically, and may be accessed through the Court's ECF system by all parties of record; while a courtesy copy was emailed to counsel for the Plaintiff on the date of filing.

                                              *s/ Timothy J. Puin*
                                              _____
                                              TIMOTHY J. PUIN (0065120)
                                              Assistant Director of Law