IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| WILLIAM ELLIS | ) | |
|---|---|---|
| | ) | CASE NO. 1:22-CV-00815 |
| -Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| -vs- | ) | |
| | ) | PLAINTIFF'S OPPOSITION TO |
| | ) | DEFENDANTS' MOTION TO |
| | ) | BIFURCATE—ECF #14. |
| DET. JEFFREY YASENCHACK, et al. | ) | |
| | ) | |
| -Defendants | ) | |

Plaintiff respectfully requests that this Court deny Defendants' motion to bifurcate Plaintiff's Monell claim against the City of Cleveland from Plaintiff's claims against Defendant Det. Jeffrey Yasenchack. (ECF #14). Defendants fail to offer any justification for their belated request beyond the possibility of avoiding a potential deposition of a Rule 30(b)(6) witness that thus far has not even been requested.

Plaintiff's claims arise out of his malicious prosecution in the matter of *United States v. William Ellis*, United States District Court for the Northern District of Ohio, case no. 1:20-cr-00302. The prosecution was dismissed after the District Court determined that Defendant Yasenchack "…was dishonest or reckless in the execution of his duties as a law enforcement officer, again." *United States v. William Ellis*, ECF # 61 at p. 13. Yasenchack had also been found to be not credible by a state court in the matter of State v. Ellis, No. CR-19-637876-A filed in the Cuyahoga County Court of Common Pleas. Id. at p. 8. There is already substantial evidence that Yasenchack violated Ellis civil rights.

The parties have already been engaged in the discovery process for months. Plaintiff propounded written discovery to the City of Cleveland in November 2022. The City has already produced much of the requested discovery and the parties stipulated to a pending motion to secure an order directing the Office of Professional Standards to produce its investigative files. (ECF # 17). The parties also recently stipulated to an extension of the discovery deadline to allow sufficient time to finish the remaining discovery.

Defendants fail to point to any real savings in terms of time and effort to be realized by their belated request. As noted above, there is already substantial evidence that Yasenchack violated Ellis's civil rights. Delaying discovery as to Plaintiff's *Monell* claim would not significantly save the parties time and effort. Therefore, Plaintiff respectfully requests that this Court deny Defendants' motion to bifurcate Plaintiff's claims.

Respectfully submitted,

s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
Scott & Winters
The Terminal Tower
50 Public Square, Suite 1900
Cleveland, OH 44113
P: 216-650-3318
jscott@ohiowagelawyers.com


s/Marcus Sidoti
Marcus Sidoti (0077476)
Sarah Gelsomino (0084340)
FRIEDMAN, GILBERT & GERHARDSTEIN
The Terminal Tower
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
marcus@jordansidoti.com
sgelsomino@f-glaw.com
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023 a copy of the foregoing was filed with the Court utilizing the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Joseph F. Scott*
JOSEPH F. SCOTT (0029780)
