IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **WILLIAM ELLIS**, | ) CASE NO.: 1:22-CV-00815-SO |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| vs. | ) |
| **DET. JEFFREY YASENCHACK**, *et al.*, | ) |
| Defendant. | ) <u>DISCOVERY REQUESTS,</u> </br> ) <u>INCLUDING REQUEST FOR ADMISSIONS</u> |

**DEFENDANT DET. JEFFREY YASENCHACK'S REQUEST FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF WILLIAM ELLIS**

Now comes Det. Jeffrey Yasenchack ("Officer Defendant"), by and through undersigned counsel, pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, and hereby propounds the following Interrogatories, Request for Admissions, and Request for Production of Documents to Plaintiff William Ellis, through his attorneys, Mr. Joseph F. Scott, Scott & Winters, the Caxton Building, 812 Huron Road E. Suite 490, Cleveland, OH 44115, electronically at jscott@ohiowagelawyers.com and Mr. Marcus Sidoti, Friedman, Gilbert + Gerhardstein, 50 Public Square, Suite 1900, Cleveland, OH 44113, electronically at marcus@FGGfirm.com. The following are to be produced, answered, or either admitted or denied, fully in writing and under oath within thirty days following the date of the service hereof

1

to Attorney J.R. Russell, at the Department of Law, 601 Lakeside Avenue, Room 106, Cleveland, Ohio 44114.

**NOTICE**: Pursuant to Rule 36(b) of the Federal Rules of Civil Procedure, these Discovery Requests contain **Request for Admissions** that will be deemed admitted if you do not timely deny or respond to the same according to the Rules.

**NOTICE**: This request shall also serve as formal notice to Plaintiff that he has an obligation to preserve certain documents or materials, electronically stored or otherwise, that are relevant or reasonably calculated to lead to the discovery of admissible evidence in this matter.

### INSTRUCTIONS
### FOR COMBINED DISCOVERY REQUESTS

1. Unless otherwise indicated, these Combined Discovery Requests refer to the time, place, and circumstances of the occurrences mentioned or complained of in the pleadings in this case.

2. The herein Combined Discovery Requests are continuing in nature and any information responsive to any of them that is acquired subsequent to the original answers shall be supplied immediately upon coming to the attention of Plaintiff. You are under a continuing duty to timely supplement your responses to each of your responses to the enclosed Combined Discovery Requests addressed to the identity and location of persons having knowledge of matters alleged in your Complaint; the identity of any person expected to be called as an expert at trial; and to correct any response that you know or later determine to be incorrect or incomplete.

3. You are reminded that all answers to these Combined Discovery Requests must be made separately and fully and that an incomplete or evasive answer is a failure to answer.

4. You must disclose all information requested in the following Combined Discovery Requests that is in your possession or control, or is available to, accessible to, or within the possession or control of your attorneys, investigators, agents or other representatives of you or your attorneys except insofar as such information is subject to a claim of privilege.

5. If any information called for by these Combined Discovery Requests is not

available or accessible in the full detail required, such request shall be deemed to require all available or accessible information, including estimates. Where an estimate is made, the answer shall state that it is an estimate and describe the method by which the estimation is made.

6. If any information called for by any Combined Discovery Request is withheld on the basis of a claim of privilege, the type of privilege claimed and the nature of the information withheld on that basis shall be set forth. If Plaintiff contends that any requested document is privileged or otherwise not subject to discovery, identify the document and state in response to the request the grounds upon which such contention is based. In addition, with respect to any document for which a privilege is claimed, identify or state the date on which such document was prepared, by whom it was prepared, for whom it was prepared, the identity of all persons who received a copy of the document, and all persons to whom the document has been disclosed, in whole or in part, at any time.

7. Where it is requested you to name or identify a person, please state the full name, home address, business address, home telephone number, e-mail address, and business telephone number.

8. Where it is requested you to identify a writing or document, you are to provide the title, date, description of the type of writing, the author(s) of the writing or document, and the identity of the person who is the present custodian of the writing or document.

**DEFINITIONS**

**FOR COMBINED DISCOVERY REQUESTS**

1. The terms "You" or "Your" refer to Plaintiff William Ellis.
2. The term "Plaintiff" means Plaintiff William Ellis.
3. The term "ammunition" means cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.
4. The term "Answer" refers to the Answer filed by the Officer Defendant to Plaintiff's Complaint.
5. The term "Communication" means any transmission or information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.
6. The term "Complaint" refers to the Complaint filed with this Court in *William*

*Ellis vs. Det. Jeffrey Yasenchack, et al.*, Case No. 1:22-cv-00815.

7. The term "Federal Case" refers to the criminal case referred to in your Complaint, in the United States District Court, styled as *United States v. William Ellis*, Case No. 20-cr-00302.

8. The term "Fetanyl related compound" shall have the same meaning as that identified in Section 2925.11 of the Ohio Revised Code.

9. The term "Officer Defendant" refers to Det. Jeffrey Yaskenchack.

10. The term "possession" means as to an object, to have immediate control over or the power and the intention, at a given time to exercise dominion and control over an object, either directly or through others.

11. The term "possession" means as to documents, those within the actual possession, custody or control of any of the individuals or entities defined as Plaintiff, as well as documents which are not in the actual possession, custody or control of such individuals or entities but which any of those individuals or entities have a right to obtain copies thereof.

12. The term "your residence" means the real property, including structure, identified as "Plaintiff's residence" in your Complaint.

13. "Person" includes any firm, corporation, joint venture, association, entity, or group of persons, unless the context clearly indicates that only an individual person is referred thereby.

14. "Each" shall mean each and every, without limitation, and "any" means "all" and vice-versa.

15. "Related to" (or a form thereof) means constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the term necessarily includes information, which is in opposition to, as well as in support of, the position(s) and claim(s) of Plaintiff in this action.

16. "Address" means the street number, street name, city, state or province, country (if other than the United States of America) and, if available, zip code or other mailing code for the place of the designated Person's residence or, if a business, the place its business is principally conducted.

17. "Identify" or "Identity," when referring to a Person or to Persons, means to state

the current name, address, and telephone number of the Person about whom the information is sought. When referring to individuals, please state the name of their present or last known employer, their office or title, if any, their job description, and nature and dates of affiliation with any part to this litigation.

18. "Identify" as to facts means to state what they are. If that is accomplished by furnishing an exhibit, then such shall be designated with respect to each such document furnished or previously furnished. With respect to a document, it means to state the nature of the document, its date, its author, the person to whom it is addressed, its title, its file number, bate stamp, or other identifying mark or code, and whether or not it is claimed that such document is privileged or CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER.

19. "Documents" shall mean all written, types, printed, recorded, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to paper, photographs, film, audio and/or video tapes and computer stored data, now or formerly in the possession, custody or control of Plaintiff, Plaintiffs' agents and attorneys, or any of Plaintiff's attorney's agents. If any document was, but is no longer in his possession or subject to his control, identify the document and state its present location or the disposition which was made of it and the thereof.

20. "Electronically Stored Information", when used herein, means information stored in a medium from which it can be retrieved and examined by an end user, application, operating system, or file system. Also referred to as "ESI"

Respectfully submitted,

By: /s/ J.R. Russell
Craig J. Morice (0065424)
James R. Russell, Jr. (0075499)
Assistant Directors of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax: (216) 664-2663
cmorice@clevelandohio.gov
JRussell2@clevelandohio.gov
*Attorneys for Det. Jeffrey Yasenchack*

**INTERROGATORY NO. 1**

Identify the full name, address where he or she currently resides, and title, if any, of each person answering these Interrogatories and Request for Admissions, and who provided information to you in the answering of these Interrogatories.

ANSWER:

Plaintiff in consultation with counsel.

**INTERROGATORY NO. 2**

Identify the length of the current prison sentence you are serving that the Cuyahoga County Court of Common Pleas imposed.

ANSWER:

Objection. This interrogatory seeks information that is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Plaintiff's release date is scheduled for March 31, 2023—if not terminated sooner.

**INTERROGATORY NO. 3**

Identify all persons, specifically including Plaintiff's representatives, by name and address whom Plaintiff intends to call as a witness at any trial or hearings in this matter.

ANSWER:

Objection. Discovery is still ongoing. Without waiving said objection, Plaintiff may call any of the parties, individuals identified in any investigative report or statement regarding Det. Yasenchack's investigation of Plaintiff, and any individual identified by Plaintiff or Defendants in discovery.

**REQUEST FOR ADMISSION NO. 1**

Admit that before May 14, 2020, you pleaded guilty to, or were convicted of, a crime punishable by imprisonment for a term exceeding one year.

RESPONSE:

Objection. This request seeks information that is not relevant nor is it reasonable calculated to lead to the discovery of admissible evidence. Without waiving said objection, Yes.

_____
Joseph F. Scott (0029780)

**INTERROGATORY NO. 4**

If the Response to Request for Admission No. 1 was anything other than an unqualified admission, identify the facts that support your denial.

ANSWER:

See response to request no. 1.

**REQUEST FOR ADMISSION NO. 2**

Admit that on May 18, 2020, there was a loaded Smith & Wesson revolver in your bedroom of your residence.

RESPONSE:

Objection. This request seeks information that is not relevant nor is it reasonable calculated to lead to the discovery of admissible evidence. Without waiving said objection, Yes.

_____
Joseph F. Scott (0029780)

7

**INTERROGATORY NO. 5**

If the Response to Request for Admission No. 2 was anything other than an unqualified admission, identify the facts that support your denial.

ANSWER:

See response to request No. 2.

**REQUEST FOR ADMISSION NO. 3**

Admit that on March 6, 2020, you were indicted on a felony charge in *State v. Ellis*, Case No. CR-20-648922, pending in the Cuyahoga County Court of Common Pleas.

RESPONSE:

Plaintiff admits only that on March 6, 2020 Plaintiff was indicted for failure to comply.

Joseph F. Scott (0029780)

**INTERROGATORY NO. 6**

If the Response to Request for Admission No. 3 was anything other than an unqualified admission, identify the facts that support your denial.

See indictment.

**EQUEST FOR ADMISSION NO. 4**

Admit that Officer Defendant did not take any action on or after May 14, 2020, that was a violation of your civil rights.

RESPONSE:

Denied.

Joseph F. Scott (0029780)

8

**INTERROGATORY NO. 7**

If the Response to Request for Admission No. 4 was anything other than an unqualified admission, identify the facts that support your denial, including what actions by Officer Defendant you allege violated your civil rights.

ANSWER:

Objection. Discovery is still ongoing. Without waiving said objection, Defendant Yasenchack falsified an affidavit offered in support of the issuance of a warrant. Further, Defendant sought to mislead prosecutors with false evidence to suggest that there was probable cause to arrest Plaintiff and search Plaintiff's residence.

**REQUEST FOR ADMISSION NO. 5**

Admit that on May 18, 2020, you had possession of a Fetanyl related compound, at your residence.

RESPONSE:

Plaintiff admits only that a fentanyl related compound was taken from Plaintiff's residence during an illegal search of Plaintiff's residence that was predicated on the false statements of Defendant Yasenchack.

Joseph F. Scott (0029780)

**INTERROGATORY NO. 8**

If the Response to Request for Admission No. 5 was anything other than an unqualified admission, identify the facts that support your denial.

ANSWER:

Objection. Discovery is still ongoing. Without waiving said objection, the pleadings, exhibits and orders of the Court in the matter of United States v. William Ellis, United States District Court for the Northern District of Ohio, case no. 1:20-cr-0302 support Plaintiff's qualified response to request no. 6.

9

**REQUEST FOR ADMISSION NO. 6**

Admit that on May 18, 2020, there was a box and bag of .556 ammunition, a box of .762 ammunition, and a box of .9 millimeter ammunition in your residence.

RESPONSE:

Plaintiff admits only that a box and bag of .556 ammunition, a box of .762 ammunition, and a box of .9 millimeter ammunition were taken from Plaintiff's home during an illegal search of Plaintiff's residence that was predicated on the false statements of Defendant Yasenchack.

_____
Joseph F. Scott (0029780)

**INTERROGATORY NO. 9**

If the Response to Request for Admission No. 6 was anything other than an unqualified admission, identify the facts that support your denial.

ANSWER:

Objection. Discovery is still ongoing. Without waiving said objection, the pleadings, exhibits and orders of the Court in the matter of United States v. William Ellis, United States District Court for the Northern District of Ohio, case no. 1:20-cr-0302 support Plaintiff's qualified response to request no. 6.

**REQUEST FOR ADMISSION NO. 7**

Admit that the alleged violations of your civil rights by the Officer Defendant were not violations of clearly established rights provided by the United States Constitution and cases so interpreting.

RESPONSE: Denied.

_____
Joseph F. Scott (0029780)

10

**INTERROGATORY NO. 10**

If the Response to Request for Admission No. 7 was anything other than an unqualified admission, identify the particularized facts or law that support your denial.

ANSWER:

Defendant's request for admission no. 7 submits a proposition of law. Freedom from malicious prosecution was a well-established Fourth Amendment right at the time Defendant provided false information.

**REQUEST FOR ADMISSION NO. 8**

Admit that on May 28, 2020, Magistrate Judge David A. Ruiz found there was sufficient evidence to establish probable cause for the charges against you in the Federal Case.

RESPONSE:

Plaintiff admits only that on May 28, 2020, Magistrate Judge David A. Ruiz made a preliminary probable cause determination based upon evidence illegally obtained that was ultimately suppressed as well as the false statements of Defendant Yasenchack.

_____
Joseph F. Scott (0029780)

**INTERROGATORY NO. 11**

If the Response to Request for Admission No. 8 was anything other than an unqualified admission, identify the facts that support your denial.

ANSWER:

Plaintiff's qualified response to request no. 8 is supported by the pleadings, exhibits and orders of the Court in the matter of United States v. William Ellis, United States District Court for the Northern District of Ohio, case no. 1:20-cr-0302.

11

**REQUEST FOR ADMISSION NO. 9**

Admit that on or about May 29, 2020, Magistrate Judge David A. Ruiz found in the Federal Case that you should be detained pending trial.

RESPONSE:

Plaintiff admits only that on or about May 29, 2020 Magistrate Judge David A. Ruiz that Plaintiff should be detained based upon evidence illegally obtained and ultimately suppressed.

_____
Joseph F. Scott (0029780)

**INTERROGATORY NO. 12**

If the Response to Request for Admission No. 9 was anything other than an unqualified admission, identify the facts that support your denial.

ANSWER:

The pleadings, supporting exhibits, and orders of the Court in the matter of United States v. William Ellis, United States District Court for the Northern District of Ohio, case no. 1:20-cr-0302 support Plaintiff's qualified response to request no. 9.

**INTERROGATORY NO. 13**

Identify all evidence that supports your allegation in the Complaint that as a result of the Officer Defendant's actions you "incurred legal and expenses, and suffered emotional and mental anguish" and "physical pain and anguish."

ANSWER:

Plaintiff was wrongfully incarcerated for over 1-year as a result of Defendants' actions. Plaintiff was required to defend the false allegations and his wrongful detention that were the result of the false testimony presented by Defendant Yasenchack.

**INTERROGATORY NO. 14**

Identify all evidence that supports your allegation in the Complaint that you are entitled to an award of "compensatory damages."

ANSWER:

Objection. Discovery is still ongoing. Without waiving said objection, Plaintiff's claims are supported by the findings of the Court in the matter of documents, hearing transcripts, and orders entered in the matters of United States v. William Ellis, United States District Court for the Northern District of Ohio, case no. 1:20-cv-0302 and State of Ohio v. William Ellis, Cuyahoga County Court of Common Pleas, case no. 637876.

**INTERROGATORY NO. 15**

Identify the amount of "attorney's fees, interest, costs, and disbursements" that you are seeking, as alleged in your Complaint.

ANSWER:

"Objection. This interrogatory is premature. A mathematical calculation at this time is not possible and, at the current time, there exists no computation of the particular category of damages claimed. Plaintiff reserves the right to supplement this list in accordance with the Federal Rules of Civil Procedure and any orders from the Court, and reserves the right to supplement this list until the time of trial.

                          **AS TO ALL OBJECTIONS.**

                          _/s/ Joseph F. Scott_
                          Joseph F. Scott (0029780)

## **VERIFICATION**

STATE OF OHIO           )
                        ) SS:             AFFIDAVIT
COUNTY OF CUYAHOGA      )

    I, _____, being first sworn according to the law of the State of Ohio, state that I have read the answers to the foregoing Interrogatories and Request for Admissions and that the answers are true to the best of my knowledge and belief.

_____

    **SWORN TO BEFORE ME AND SUBSCRIBED** in my presence this \_\_\_\_ day of _____, 2022.

_____

NOTARY PUBLIC

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**

Any and all documents, ESI, or reports prepared by any of your witnesses related to the Complaint or the Answer.

RESPONSE:

Plaintiff is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2**

Any and all documents or ESI you intend to use or introduce in any motions, trials, or hearings of the above-captioned matters.

RESPONSE:

Objection. Discovery is still ongoing. Plaintiff has not yet determined which documents will be introduced in support of any motions or at trial. Plaintiff will supplement his response to this request in accordance with the Federal Rules of Civil Procedure and the case management order of the Court.

**REQUEST FOR PRODUCTION NO. 3**

Any and all documents or ESI that support your allegations in the Complaint that you are entitled to compensatory damages from the Officer Defendant.

RESPONSE:

Objection. Discovery is still ongoing. Plaintiff will supplement his response to this request as required by the Federal Rules of Civil Procedure and the case management order of the Court. Further answering, Plaintiff's claims are supported by the pleadings, exhibits, hearing transcripts, and orders of the Court in the matters of United States v. William Ellis, United States District

Court for the Northern District of Ohio, case no. 1:20-cr-0302 and State of Ohio v. William Ellis, Cuyahoga County Court of Common Pleas, case no. 637876.

**REQUEST FOR PRODUCTION NO. 4**

Any and all documents or ESI that support your allegations in the Complaint that you are entitled to an award of attorney's fees.

RESPONSE:

Objection. Discovery is still ongoing. Without waiving said objection, Plaintiff states that his claim for attorney fees is premised on federal and state law. Should Plaintiff be determined to be a prevailing party, Plaintiff will present his claim for attorney fees and costs as required by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 5**

Any and all documents or ESI given to expert witnesses who will be called to testify in any hearing or trial of this matter, and any expert reports.

RESPONSE:

Objection. Discovery is still ongoing. Plaintiff has not determined if expert testimony will be presented at trial. Should Plaintiff determine to present expert testimony, Plaintiff will supplement his response to this request as required by the Federal Rules of Civil Procedure and the case management order of the Court.

**REQUEST FOR PRODUCTION NO. 6**

True and complete copies of your federal, state and local income tax returns filed by you or on your behalf for the years 2018, 2019, and 2021, including all schedules accompanying said returns, including but not limited to W-2s, K-1s and 1099s (and any other documents used in the

preparation of these returns); and all data necessary for the preparation and filing of your 2022 return.

RESPONSE:

Objection. The information sought by this request is not relevant nor is it reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 7**

Any and all documents or ESI in your possession depicting recorded interactions that Plaintiff had with law enforcement personnel or police officers before May 14, 2020.

RESPONSE:

Plaintiff is not in possession of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

Any and all documents responsive to the Interrogatories herein.

RESPONSE:

The pleadings, exhibits, hearing transcripts and orders filed in the matters of United States v. William Ellis, United States District Court for the Northern District of Ohio, case no. 1:20-cr-0302 and State of Ohio v. William Ellis, Cuyahoga County Court of Common Pleas, case no. 637876 may be obtained by Defendants directly from the ECF system for the United States District Court for the Northern District of Ohio and the Cuyahoga County Clerk of Courts docket system.

AS TO ALL OBJECTIONS:

_____
Joseph F. Scott (0029780)

17

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically, on this 4th day of November, 2022, to:

Mr. Joseph Scott
Mr. Marcus Sidoti
jscott@ohiowagelawyers.com
Marcus@FGGfirm.com

        Respectfully submitted,

By: */s/ J.R. Russell*
   Craig J. Morice (0065424)
   James R. Russell, Jr. (0075499)
   Assistant Directors of Law
   City of Cleveland, Department of Law
   601 Lakeside Avenue, Room 106
   Cleveland, Ohio 44114-1077
   Tel: (216) 664-2800
   Fax: (216) 664-2663
   cmorice@clevelandohio.gov
   JRussell2@clevelandohio.gov
   *Attorneys for Det. Jeffrey Yasenchack*