IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ELLIS, | ) | CASE NO.: 1:22-CV-00815-SO |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | |
| DET. JEFFREY YASENCHACK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

## MOTION FOR SUMMARY JUDGMENT BY DEFENDANT CITY OF CLEVELAND

---

Defendant City of Cleveland ("the City"), pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, respectfully requests that this Honorable Court grant judgment in its favor against Plaintiff William Ellis ("Plaintiff").

The City is entitled to judgment because Plaintiff cannot succeed on his three claims against it: 1) §1983/*Monell* (official policy theory), 2) §1983/*Monell* (ratification theory), and 3) state law claim of malicious prosecution against it (and Defendant Det. Jeffrey Yasenchack ("Det. Yasenchack") (*Doc. 1, PageID #1-10*)).

Det. Yasenchack is filing a separate summary judgment motion which is incorporated by reference.

Respectfully submitted,

MARK D. GRIFFIN
Director of Law

By:    */s/ William M. Menzalora*
WILLIAM M. MENZALORA (0061136)
Chief Assistant Director of Law
CARLI R. YOUNG (0095433)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Email: wmenzalora@clevelandohio.gov
Email: cyoung2@clevelandohio.gov

Attorneys for Defendant City of Cleveland

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii

STATEMENT OF ISSUES ........................................................................................ viii

I. SUMMARY OF ARGUMENT .................................................................................1

II. STATEMENT OF FACTS.......................................................................................2

    A. Det. Yasenchack begins his preliminary investigation ............................................2

    B. The Cuyahoga County Court of Common Pleas issues a search warrant ................4

    C. The Joint Task Force obtains evidence establishing probably cause .......................5

    D. The United States prosecutes Plaintiff for two federal offenses.............................6

III. LEGAL STANDARD..............................................................................................7

IV. LAW AND ARGUMENT .......................................................................................8

    A. Plaintiff cannot prove the elements necessary for a false arrest or malicious
       prosecution claim .................................................................................................9

       1. Plaintiff cannot establish a constitutional violation because he is estopped
         from challenging probable cause established in the warrant and grand
         jury indictment ..............................................................................................9

       2. Plaintiff cannot avoid the evidence definitively establishing probable cause
         based on the fact that the evidence was eventually suppressed in the
         criminal proceeding ......................................................................................13

    B. Plaintiff cannot prove his *Monell* ratification theory ..................................................14

    C. Plaintiff cannot prove his *Monell* official policy theory .............................................15

    D. Plaintiff's state law claims fail as a matter of law........................................................16

       1. There is insufficient evidence to support the elements necessary for a state law
         malicious prosecution claim .................................................................................16

       2. The immunity statute contained in *R.C. 2744.01, et seq.,* bars Plaintiff's state
         claims ............................................................................................................17

V. CONCLUSION.......................................................................................................19

CERTIFICATE OF COMPLIANCE……………………………………………………….19

CERTIFICATE OF SERVICE…………………………………………………………..20

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*Alexander v. CareSource*, 576 F.3d 551 (6th Cir. 2009) .......................................8

*Alsaada v. City of Columbus*, 536 F.Supp.3d 216 (S.D. Ohio 2021) ...............14

*Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505 (1986) ....................8

*Black v. Wigington*, 811 F.3d 1259 (11th Cir. 2016).........................................13

*Bram v. City of Cleveland*, 97 Ohio App.3d 718, 647 N.E. 2d 523 (8th Dist. Ohio App. 1993) .........................................................................................................18

*Burgess v. Fischer*, 735 F.3d 462 (6th Cir. 2013)..................................8, 9, 14, 16

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986) .........................7

*Chambers v. Sanders*, 63 F.4th 1092 (6th Cir. 2023) .........................................9

*Champion Mall Corp. v. Champion Twp. Bd. of Trustees*, 2009-Ohio-2051 (11th Dist. Ohio App.) ........................................................................................................18

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915 (1988).....................14

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)..........................................9

*Daubenmire v. City of Columbus*, 507 F.3d 383 (6th Cir. 2007)........................9

*Estate of Taylor v. Salt Lake City*, 16 F.4th 744 (10th Cir. 2021) .....................13

*Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 639 N.E. 2d 31 (Ohio 1994)..............................................................................................................18

*Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993) ............................15

*Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716 ..........17

*Howse v. Hodous*, 953 F.3d 402 (6th Cir. 2020) ................................................10

*Jocke v. City of Medina*, 2023 WL 5167326 (6th Cir. Aug. 11, 2023).............15

*King v. Harwood*, 852 F.3d 568 (6th Cir. 2017)................................................11

*Klepper v. First Am. Bank*, 916 F.2d 337 (6th Cir. 1990) ...................................8

v

*Lindsey v. Whirlpool Corp.*, 295 F. App'x 758 (6th Cir. 2008)............................................7

*Lingo v. City of Salem*, 832 F.3d 953 (9th Cir. 2016).........................................................13

*Linley v. DeMoss*, 83 Ohio App.3d 594, 615 N.E.2d 631 (10th Dist. Ohio App. 1992)....17

*Lovett v. Lucas*, 2012 WL 13171309 (N.D. Ohio Jan. 4, 2012) ........................................10

*Martin v. Marinez*, 934 F.3d 594 (7th Cir. 2019) ...............................................................13

*McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, 144 N.E.3d 369 .........17, 18

*MISC Berhad v. Advanced Polymer Coatings, Inc.*, 101 F. Supp.3d 731
 (N.D. Ohio 2015) ...............................................................................................................8

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018 (1978)........................ passim

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986)...............................14

*Red Zone 12, LLC v. City of Columbus*, 758 Fed. Appx. 508 (6th Cir. 2019)................8, 9

*Sanders v. Jones,* 845 F.3d 721 (6th Cir. 2017)..................................................................11

*Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769 (2007) .........................................................8

*Smith v. Martin,* 176 Ohio App.3d 567, 2008-Ohio-2978, 892 N.E.2d 971 (10th
Dist. Ohio App.)............................................................................................................28, 29

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) ............................................8

*Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010) ..............................................................10

*Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005) ...........................................9

*Townes v. City of New York*, 176 F.3d 138 (2nd Cir. 1999) ..............................................13

*Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 559 N.E.2d 732................................17

*U.S. v. Allen*, 2023 WL 34235 (6th Cir. Jan. 4, 2023) .......................................................10

*U.S. v. Carpenter*, 360 F.3d 591 (6th Cir. 2004) ...............................................................10

*U.S. v. Ellis*, N.D. Ohio Case No. 1:20-cr-0302 .................................................................7

*U.S. v. Frazier*, 423 F.3d 526 (6th Cir. 2005)....................................................................10

*U.S. v. Jenkins*, 396 F.3d 751 (6th Cir. 2005)......................................................................10

*U.S. v. Jenkins*, 743 Fed. Appx 636 (6th Cir. 2004) ..........................................................10

*U.S. v. Williams*, 615 F.3d 657 (6th Cir. 2010)....................................................................13

*Williams v. Schismenos*, 258 F.Supp.3d 842 (N.D. Ohio 2017) .......................................11

*Wolford v. Sanchez*, 2005-Ohio-6992 (9th Dist. Ohio App.)..............................................16

*Wren v. Towe*, 130 F.3d 1154 (5th Cir. 1997) ....................................................................13

**Rules**

Fed.R.Civ.P.56(a) .......................................................................................................................7

Fed.R.Civ.P.56(c)(1)(A) ............................................................................................................7

Fed.R.Civ.P.56(c)(1)(B) ............................................................................................................7

**Statutes**

18 U.S.C. §922.............................................................................................................................6

18 U.S.C. §922(g) ........................................................................................................................1

21 U.S.C. §841(a)(1).....................................................................................................................1

21 U.S.C. §841(b)(1)(B) ..............................................................................................................1

42 U.S.C. § 1983............................................................................................................... passim

R.C. 2744.01 .......................................................................................................................ix, 17

R.C. 2744.02 ...........................................................................................................................17, 18

R.C. 2744.02(B)......................................................................................................................17, 18

R.C. 2744.03 ..............................................................................................................................18

**STATEMENT OF ISSUES**

1. Plaintiff did not file a claim for an illegal search. Instead, Plaintiff claims that Det. Yasenchack made a false arrest that allegedly violated Plaintiff's constitutional rights, giving him a cause of action under 42 U.S.C. § 1983. There were substantial corroborating pieces of evidence for the essential and material facts for the warrant. A neutral magistrate and a grand jury both found there was probable cause for two crimes committed by Plaintiff without the testimony of Det. Yasenchack. Whether Plaintiff can argue there was a lack of probable cause that he committed, is committing, or was about to commit an offense?

2. Plaintiff alleges that he has a cause of action for false arrest and malicious prosecution because a trial court ultimately suppressed the evidence obtained after execution of a search warrant. The fact that evidence was suppressed does not make it any less relevant or legally available for establishing probable cause in a subsequent action pursuant 42 U.S.C. § 1983. Because the exclusionary rule does not apply to a civil suit under § 1983, can Plaintiff maintain claims for false arrest and malicious prosecution as a matter of law?

3. Plaintiff brings a claim under a *Monell* ratification theory under 42 U.S.C. § 1983. Such a theory requires evidence of a final policymaker's approval of illegal actions. Plaintiff does not have any evidence that an official approved or failed to punish Det. Yasenchack in a fashion that caused his alleged injury. Whether Plaintiff can prove the elements necessary to establish a claim under the ratification theory?

4. Plaintiff brings a claim under a *Monell* official policy theory. A plaintiff cannot prevail on an official policy claim without evidence of a specifically adopted policy, statement, ordinance, regulation, or decision. Where Plaintiff cannot prove that any such official policy was the moving force behind or cause of his alleged injury, whether he can prove the elements necessary to establish an official policy claim?

5. A lack of probable cause for a continued prosecution is an essential element of a state law malicious prosecution claim. Where there are no disputed facts to rebut the past findings of probable cause, can Plaintiff prove a state law malicious prosecution claim?

*6.* Where it is established that the political subdivision engaged in a governmental function, and the Plaintiffs did not allege or prove an exception to immunity, can Plaintiff overcome the immunity statute in *R.C. 2744.01, et seq.*?

**MEMORANDUM IN SUPPORT**

## I.     SUMMARY OF ARGUMENT

Plaintiff did not bring a claim for an alleged illegal search. All of his claims relate to actions that took place after the search of his home on May 18, 2020, i.e. his arrest and continued detention "on charges of being a felon in possession of a firearm, a violation of 18 U.S.C. §922(g) and possession with intent to distribute, a violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B)." (*Doc. 1, PageID #1-10*).

Plaintiff cannot succeed on his two *Monell* based claims against the City. First, Plaintiff must establish a constitutional violation by an official. Plaintiff is estopped from denying that there was sufficient probable cause. In Plaintiff's criminal case, there was a warrant, a finding of probable cause by a neutral magistrate, and an indictment by a grand jury. Plaintiff cannot rebut the presumption of probable cause created by these findings because there is evidence of an omission or falsehood material to the finding of probable cause. Det. Yasenchack did not testify at the initial hearing or before the grand jury.

Plaintiff seems to base his claims on the fruit of the poisonous tree doctrine applied in criminal cases. However, it does not appear that any court applied this doctrine to a § 1983 civil case. The fact that evidence may be suppressed in an underlying criminal case, does not make it any less relevant to establishing probable cause for the arrest in a subsequent civil suit.

Secondly, there is no evidence to support the requisite elements of a ratification claim. Plaintiff does not identify any actions of a decision maker that could support such a claim. Moreover, there is no evidence to support a claim that any official policies or practices were the moving force behind Plaintiff's alleged injury.

1

Finally, probable cause for an arrest and initiated prosecution also defeats an essential element of a malicious prosecution claim. The established probable cause is a bar to Plaintiff's state law claim for malicious prosecution. Even if he could allege sufficient facts to support such a claim, the applicable immunity statute bars his claims.

## II.     STATEMENT OF FACTS

In 2020, Plaintiff lived at 638 East 127th Street in Cleveland, Ohio (*Ellis Dep.* 13:25-14:1-2). He lived there for a significant time while he did work rehabilitating the interior physical condition of the home. *Id.*, 14:8-9, 21-25. Plaintiff was recently released from the Lake Erie Correctional Institution for a criminal case completely unrelated to the claims in his Complaint. *Id.*, 5:14-23, 11:4-10, 9:18-25. Plaintiff had at least three prior felonies for gross sexual imposition, kidnapping, and felonious assault long before he had any contact with Det. Yasenchack. *Id.*, 27:23-25, 28:19-23, 30:1-3, 79:10-18; *Exhibit B*, p. 7.

Det. Yasenchack is a retired Cleveland Police Officer (*Yasenchack Dep.* 5:19-23). He was a detective with the Fifth District Vice Unit prior to his retirement. *Id.*, 6:5-17. He was one of the police officers involved with the investigation of Plaintiff. *Id.*, 6:18-23.

### A.     Det. Yasenchack begins his preliminary investigation.

In April of 2020, Det. Yasenchack patrolled the areas near at 638 East 127th Street. *Id.*, 21:1-6, 22:15-19, 26:3-4. He made a traffic stop of Victor Payne on East 127th Street. *Id.*, 23:1-22. Det. Yasenchack agreed not to issue a citation to this motorcyclist if he could supply him with any information or concerns about drug related activity in the neighborhood. *Id.*, 36:2-3, 23:20-23. The motorcyclist "discretely signaled" to the home where Plaintiff lived; he specifically mentioned there was a large volume of people

staying a short time and leaving. *Id.*, 24:6-13. Det. Yasenchack continued to investigate the area with surveillance of the residence where Plaintiff lived. *Id.*, 26:7-8, 34:15-19.

He received information a short time later from a confidential informant that an individual matching Plaintiff's description sold narcotics in the area. *Id.*, 36:17-23, 37:5-15, 39:12-20. On or about May 12, 2020, Det. Yasenchack set up surveillance around 638 East 127th Street from his vehicle. *Id.*, 42:19-25, 47:1-3, 18-23. He observed a black Ford Explorer SUV associated with Plaintiff at that residence. *Id.*, 48:4-10, 52:1-4. He saw a burgundy Dodge Magnum park on the street, and he saw two white males exit and enter Plaintiff's residence at 638 East 127th Street. *Id.*, 48:21-25, 49:1-8. He waited to monitor the rate of activity at the home from a distance away using high-powered binoculars. *Id.*, 49:15-16, 51:2-9.

Next, he saw another vehicle, this time a blue Saturn, park on the street. *Id.*, 51:16-21. He observed a white female enter 638 East 127th Street. *Id.* About the same time, he saw a different white vehicle pull into the driveway and a male and female exited to enter this home. *Id.*, 52:5-22.

Det. Yasenchack stopped this last vehicle immediately after it left 638 East 127th Street; Matthew Radovanic and Vanessa Smith operated that vehicle. *Id.*, 52:20-25, 53:1-14. They were inside Plaintiff's residence. *Id.* They possessed narcotics. *Id.* Det. Yasenchack recovered the drugs from their possession (*Exhibit A*). The Fentanyl-related compound was similar to the drugs ultimately recovered from Plaintiff's bedroom (*Exhibit A*; *Nichols Dec.*, p. 3; *Sheehan Dec.*, p. 2). Mr. Radovanic informed Det. Yasenchack that he obtained heroin from Plaintiff (*Sheehan Dec.*, p. 2; *Yasenchack Dep.* 70:5-9). Mr. Radovanic became an informant to avoid prosecution for the drugs he

possessed (*Yasenchack Dep.* 53:23-25, 56:20-25). Mr. Radovanic came to the police station and provided further information to Det. Yasenchack relating to Plaintiff. *Id.*, 54:1-8. Det. Yasenchack continued surveillance of 638 East 127th Street. *Id.*, 63:6-25.

**B.    The Cuyahoga County Court of Common Pleas issues a search warrant.**

Det. Yasenchack began drafting his affidavit for a search warrant near the end of his investigation (*Yasenchack Dep.* 19:14-17). He submitted it to a prosecutor for review (*Plaintiff's Exhibit 4*, p. 1). On May 14, 2020, he presented the affidavit for a warrant to a Judge at the Cuyahoga County Court of Common Pleas for review (*Yasenchack Dep.* 27:3-16, 28:23-25; *Plaintiff's Exhibit 1*).

He did not know at this time that the Court dismissed Plaintiff's prior criminal case that he referenced in the affidavit upon the State's Motion when he presented the affidavit to the Judge for review. *Id.*, 30:2-5. 32:1-10. However, Plaintiff was indeed indicated on a different felony shortly beforehand on March 6, 2020 (*Exhibit B*, p. 8).

Det. Yasenchack presented the affidavit in support of search warrant to the Judge. *Id.*, 29:8-21, 32:16-25. The Judge found sufficient probable cause for the search of 638 East 127th Street, on Thursday, May 14, 2020. *Id.* Det. Yasenchack conducted further surveillance of Plaintiff's residence to ensure that he continued to stay there until the execution of the search warrant the following Monday. *Id.*, 62:7-11.

Det. Yasenchack based his request for a search warrant, in part, on his familiarity with "the modus operandi of persons involved in the illegal distribution of controlled substances…" (*Plaintiff's Exhibit 1*, p. 1). Significantly, Det. Yasenchack witnessed several people arriving at Plaintiff's home, staying a short time and leaving. *Id.*, p. 3. He confirmed that Plaintiff resided at 638 East 127th Street and generally parked his vehicle

on the street in front of the home. *Id.* Det. Yasenchack recounted how he stopped the last of several vehicles leaving Plaintiff's residence. *Id.* He revealed that he recovered a bag containing a Heroin and Fentanyl mixture from the vehicle immediately after it left Plaintiff's residence. *Id.* Det. Yasenchack knew that Plaintiff previously had possession of "heroin, carfentanil, cocaine, and marijuana…" on March 4, 2019. *Id.*

      **C.**      **The Joint Task Force obtains evidence establishing probable cause.**

Officers from the Fifth District Cleveland Department of Police, ATF, and Cleveland SWAT executed the search warrant at 638 East 127th Street, Cleveland, Ohio, on Monday, May 18, 2020 (*Nichols Dec.*, p. 2). Plaintiff and Melissa Stalker were both present when law enforcement arrived at the residence. *Id.* Det. Yasenchack was present, along with several other officers including K9 Officer Nichols and his partner Hugo, Captain Kain, and Detective Kopchak (*Yasenchack Dep.* 61:8-10; *Plaintiff's Exhibit 4*, p. 1-2).

First, SWAT officers cleared the home after entering through the front door (*Plaintiff's Exhibit 4*, p. 1-2). They immediately found a separate room dedicated to a marijuana growing operation. *Id.* Officer Nichols went through the house with Captain Kane to ensure the safety of any officers conducting a further search (*Nichols Dec.*, p. 2). Then, Officer Nichols walked through the house with his canine partner to give officers a better idea of where to conduct their searches. *Id.* Officer Nichols' canine partner provided alerts in the first floor kitchen on the table and on the countertop. *Id.* Hugo provided an alert for the first bedroom for a set of plastic drawers. *Id.*

Hugo gave several aggressive alerts in Plaintiff's bedroom. *Id.* He gave a strong indication of the presence of narcotics near the closet door. *Id.* Hugo pinpointed to a large

male's jacket hanging on the outside top of the closet door. Officer Nichols pointed out that jacket to Det. Yasenchack. *Id.* Det. Yasenchack searched the jacket, and found a Fentanyl compound inside a plastic bag in the jacket. *Id.*; *Exhibit A*; *Exhibit B*, p. 9. Det.

Officers also found digital scales with residue, magazines containing several live rounds, firearms and ammunition (*Plaintiff's Exhibit 4*). Plaintiff admits that there was a loaded Smith & Wesson revolver in his bedroom on May 18, 2020 (*Exhibit B*, p. 7). There was also a box and bag of .556 ammunition, a box of .762 ammunition, and a box of .9 millimeter ammunition in Plaintiff's residence (*Exhibit B*, p. 10).

**D.      The United States prosecutes Plaintiff for two federal offenses.**

Because there was a gun recovered from Plaintiff's residence and the involvement of ATF with the execution of the search warrant, Det. Kopchak presented the case in Federal Court (*Yasenchak Dep.* 60:20-25, 61:1-13). On May 18, 2020, Det. Kopchak initiated the criminal complaint in the United States District Court pursuant to 18 U.S.C. § 922 for possession of a firearm by a convicted felon (*Exhibit C*).

On May 28, 2020, Magistrate Judge Ruiz conducted a preliminary hearing and detention hearing in Plaintiff's criminal case (*Exhibit D*). Det. Yasenchack did not testify at the hearing. *Id.* Magistrate Judge Ruiz considered testimony from Det. Kopchak relating to Plaintiff's actions, along with the narcotics, weapons, and ammunition found at Plaintiff's residence on May 18, 2020. *Id.*, p. 11-27. The Magistrate Judge found there was sufficient probable cause for the charges based on this evidence (*Exhibit E*, p. 1-2). Magistrate Judge Ruiz also found that based on the applicable statutory factors, the government's motion was warranted and sustained for Plaintiff's pretrial detention. *Id.*

On June 11, 2020, a duly impaneled grand jury indicted Plaintiff for possession of narcotics with intent to distribute and for being a felon in possession of a firearm and ammunition (*Exhibit F*). Plaintiff executed a waiver of his speedy trial rights in *United States v. Ellis*, N.D. Ohio Case No. 20-cr-302 (*Ellis Dep.*72:12-15, 73:5-25, 75:18-23). The Court conducted a suppression hearing on July 21, 2021. The District Court granted Plaintiff's motion to suppress thereby suppressing all evidence seized from Plaintiff's residence, which resulted in the Government dismissing the criminal proceedings in *U.S. v. Ellis*, Case No. 1:20-cr-0302 (*Doc. 6, PageID #29-30*). Accordingly, the Court released Plaintiff from pre-trial detention on August 27, 2021 (*Doc. 1, PageID #6*).

## III.    LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, a party may move for summary judgment, "identifying each claim or defense – or part of each claim or defense – on which summary judgment is sought." *Fed.R.Civ.P.56(a)*. Summary judgment is proper if a defendant establishes that a fact cannot be genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials…" *Fed.R.Civ.P.56(c)(1)(A)*. The movant can also demonstrate "that an adverse party cannot produce admissible evidence to support" facts necessary to succeed on a claim. *Fed.R.Civ.P.56(c)(1)(B)*. "[I]f the moving party seeks summary judgment on an issue for which it does not bear the burden of proof at trial," the moving party may also "meet its initial burden by showing that 'there is an absence of evidence to support the nonmoving party's case.'" *Lindsey v. Whirlpool Corp.*, 295 Fed. Appx 758, 764 (6th Cir. 2008). *Id., quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

"[T]he nonmoving party may not simply rely on its pleading, but must 'produce evidence that results in a conflict of material fact to be solved by a jury.'" *MISC Berhad v. Advanced Polymer Coatings, Inc.*, 101 F. Supp.3d 731, 736 (N.D. Ohio 2015). **In order for a non-movant to prevail against a motion for summary judgment, there must be evidence on which the trier of fact could reasonably find for the non-movant.** *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990); *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986).

"Not every issue of fact or conflicting inference presents a genuine issue of material fact which requires the denial of a summary judgment motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). *See also Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007) (plaintiff's version was "so utterly discredited by the record that no reasonable jury could have believed him"); *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) ("Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment.").

## IV.    LAW AND ARGUMENT

A plaintiff "raising a municipal liability claim under § 1983 must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013), *citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). A municipality may not be sued under § 1983 for an injury inflicted "solely by its employees or agents" or similar *respondeat superior* theory, merely because it employs an alleged tortfeasor. *Id.*; *Red Zone 12, LLC v. City of Columbus*, 758 Fed. Appx. 508, 515 (6th Cir. 2019).

To prove a *Monell claim*, a plaintiff must prove one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess,* 735 F.3d at 478, *citing Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) and *Monell,* 436 U.S. at 694. One of these actions must have 'caused one of its employees to violate the plaintiff's constitutional rights.'" *Red Zone 12, LLC, supra.*, 758 Fed. Appx. 508, 515*, citing D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)*, quoting Monell*.

In this case, Plaintiff attempts to prove his *Monell* claim by the first (official policy) and second (ratification) methods. Nevertheless, such a discussion is academic because Plaintiff did not sustain an underlying constitutional violation. A predicate to *Monell* liability is that a plaintiff sustained a constitutional violation, *e.g. Chambers v. Sanders*, 63 F.4th 1092, 1101-1102 (6th Cir. 2023).

**A.    Plaintiff cannot prove the elements necessary for a false arrest or malicious prosecution claim.**

**1.    Plaintiff cannot establish a constitutional violation because he is estopped from challenging probable cause established in the warrant and grand jury indictment.**

Plaintiff is estopped from arguing a lack of probable cause for his arrest and prosecution. Federal courts apply state law to determine whether collateral estoppel applies. *Daubenmire v. City of Columbus*, 507 F.3d 383, 389 (6th Cir. 2007). In analyzing this issue, a trial court will consider whether there was a "substantial basis" for the prior finding of probable cause, in which case "great deference" would be paid to the decision. *Howse v. Hodous*, 953 F.3d 402, 409 (6th Cir. 2020).

In this case, there was substantial police corroboration of the essential and material facts in the warrant, a neutral magistrate found probable cause, and a grand jury indicted Plaintiff.

A warrant is generally a complete defense, and can only be avoided in a subsequent civil suit by a plaintiff if he establishes by a preponderance of the evidence that the defendant "knowingly and deliberately, or with a reckless disregard for the truth, made" false statements or omissions that were **material and necessary** to the finding of probable cause. *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010). Even when a warrant is based on unreliable aspects, substantial police corroboration of the information can establish probable cause under the totality of the circumstances. *U.S. v. Frazier*, 423 F.3d 526, 532 (6th Cir. 2005), *cited by Lovett v. Lucas*, Case No. 1:08-cv-1253, 2012 WL 13171309, *14 (N.D. Ohio Jan. 4, 2012) (defendants were entitled to qualified immunity on the false arrest claims because to reject the prior findings of probable cause would deny a common sense view of the totality of the circumstances).

The Sixth Circuit in *U.S. v. Allen*, recently issued a decision discussing the establishment of probable cause, even if a court were to "find a knowingly and intentionally false statement or material omission in the search warrant affidavit:

> To establish probable cause, an affidavit must contain facts that indicate "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005) (quotation marks omitted). An affidavit must establish a sufficient nexus between the location to be searched and the illegal activity. *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)***No one needs to purchase drugs directly from the house for reliable evidence to exist. *United States v. Jenkins*, 743 F. App'x 636, 644 (6th Cir. 2018). A magistrate judge can infer a fair probability that, "[i]n the case of drug dealers, evidence is likely to be found where the dealers live," even if "the affidavit did not state that such evidence had been observed directly." *Brown*, 828 F.3d at 383 (citations omitted).

*Id.*, 6th Cir. No. 21-4029, 2023 WL 34235, *3-4 (6th Cir. Jan. 4, 2023). In that case, the Court mentioned that even if it struck certain disputed statements, "the affidavit still provides probable cause to connect the [home] with the crime of drug trafficking." *Id.* Based on the observations made from a public vantage point, there was a sufficient combination of facts that there could be drugs or drug paraphernalia inside the home to establish probable cause. *Id.*

A plaintiff can only rebut the presumption of probable cause if there is evidence of an omission or falsehood material to the finding of probable cause. *Williams v. Schismenos*, 258 F.Supp.3d 842, 861 (N.D. Ohio 2017) (at the time of his arrest, officers had probable cause to there was a violation of law), *quoting Sanders v. Jones*, 845 F.3d 721, 729 (6th Cir. 2017). *See also King v. Harwood*, 852 F.3d 568, 587-588 (6th Cir. 2017) (the presumption that a grand-jury indictment established probable cause can only be rebutted with evidence that false or fabricated evidence was submitted to the grand jury).

Plaintiff claims Det. Yasenchack omitted facts about the concerned citizen that provided him with a basis to suspect there was a resident at "638 East 127 St. selling drugs out of his house." (*Plaintiff's Exhibit 1*, p. 2). Det. Yasenchack conducted surveillance at the residence and observed the resident had a black SUV, while several people in vehicles arrived, stayed a short time, and then left (*Yasenchack Dep.* 34:15-19, 48:21-25, 49:1-8, 49:15-16, 51:2-9, 51:16-21, 52:5-22).

Det. Yasenchack stopped the last vehicle immediately after they left the inside of Plaintiff's residence at 638 East 127th Street. *Id.*, 52:20-25, 53:1-14. He recovered the drugs from their possession, similar to the drugs ultimately recovered from Plaintiff's

bedroom (*Exhibit A*; *Nichols Dec.*, p. 3; *Sheehan Dec.*, p. 2). Mr. Radovanic informed Det. Yasenchack that he obtained heroin from Plaintiff, and became an informant (*Sheehan Dec.*, p. 2; *Yasenchack Dep.* 53:23-25, 56:20-25, 70:5-9). Based on Det. Yasenchack's observations made from a public vantage point, there was a sufficient combination of facts that there would likely be drugs or drug paraphernalia inside Plaintiff's residence. These facts proved to be true after officers were inside Plaintiff's home.

Based on the evidence obtained on May 18, 2020 at Plaintiff's residence, Magistrate Judge Ruiz found "there is sufficient evidence to establish probable cause to believe that a crime was as alleged in the criminal complaint, that being a felon in possession of a firearm, and the Court further finds that the evidence establishes probable cause that the defendant committed the alleged offense." (*Exhibit D*, p. 65; *Exhibit E*). Based on the evidence presented, a duly impaneled grand jury indicted Plaintiff for possession of narcotics with intent to distribute and being a felon in possession of a firearm and ammunition on June 11, 2020 (*Exhibit F*). Det. Yasenchack did not testify before Magistrate Judge Ruiz or the grand jury. *Id.*, 59:4-10, 71:8-21.

Therefore, there is no evidence there were knowingly and deliberately false statements that caused the grand jury to find probable cause for the charges.

> **2.    Plaintiff cannot avoid the evidence definitively establishing probable cause based on the fact that the evidence was eventually suppressed in the criminal proceeding.**

The fruit of the poisonous tree doctrine is an extension of the exclusionary rule of criminal procedure that "bars the admissibility of evidence which police derivatively

obtain from an unconstitutional search or seizure." *U.S. v. Williams*, 615 F.3d 657, 668 (6th Cir. 2010). However, it does not give rise to a § 1983 claim.

The fact that evidence may be suppressed as the result of alleged misconduct, does not make it any less relevant to establishing probable cause for the arrest "because the exclusionary rule does not apply in a civil suit under § 1983 against police officers." *Martin v. Marinez*, 934 F.3d 594, 599 (7th Cir. 2019). Every federal circuit court that decided this issue concluded that the fruit-of-the-poisonous-tree doctrine does not apply to § 1983 cases arising from alleged Fourth Amendment violations. *Estate of Taylor v. Salt Lake City*, 16 F.4th 744, 754 (10th Cir. 2021). *See also Lingo v. City of Salem*, 832 F.3d 953, 958-959 (9th Cir. 2016); *Black v. Wigington*, 811 F.3d 1259, 1267-1268 (11th Cir. 2016); *Townes v. City of New York*, 176 F.3d 138, 148 (2nd Cir. 1999); *Wren v. Towe*, 130 F.3d 1154, 1158 (5th Cir. 1997).

On May 18, 2020, law enforcement officers discovered drugs and paraphernalia heroin at Plaintiff's residence (*Exhibit A*; *Nichols Dec.*, p. 2). Plaintiff admits that a "fentanyl related compound was taken from Plaintiff's residence…" (*Exhibit B*, p. 9). Plaintiff had a disqualifying felony conviction (*Exhibit B*, p. 7; *Ellis Dep.* 79:10-22). There is no dispute that officers witnessed a loaded Smith & Wesson revolver in his bedroom, a box and bag of .556 ammunition, a box of .762 ammunition, and a box of .9 millimeter ammunition in Plaintiff's residence (*Exhibit B*, p. 7-10; *Ellis Dep.*61:1-8; *Yasenchack Dep.* 61:3-13).

Therefore, there are no genuine issues of material fact to dispute probable cause for an arrest and prosecution of Plaintiff on May 18, 2020. Plaintiff cannot rely on the fruit of the poisonous tree doctrine to establish a civil claim.

**B.      Plaintiff cannot prove his *Monell* ratification theory.**

Plaintiff's first claim against the City is a *Monell* ratification theory. Plaintiff claims "City of Cleveland had final policymaking authority, ratified the conduct of Defendant Yasenchack described herein and/or otherwise failed to investigate or punish said conduct." (*Doc. 1, PageID #8*). It claims that the City failed to "punish" him although it allegedly "knew Yasenchack had a history of making false and misleading statements." *Id.*

"A final policymaker's approval of illegal actions is 'chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915 (1988). However, ratification requires: (1) a final policymaker (2) ratify the illegal actions of a subordinate through (a) affirmative approval or (b) failure to investigate and punish, *e.g.*, *Alsaada v. City of Columbus*, 536 F.Supp.3d 216, 270-71 (S.D. Ohio 2021). And, in this case, Plaintiff lacks evidence of all of the elements required to prove a *Monell* ratification theory.

Plaintiff does not identify a single decision-maker that would be sufficient to establish liability for the City, let alone one who affirmatively approved the alleged illegal actions claimed by Plaintiff. The City as an entity cannot alone support a ratification claim. Plaintiff's argument is that the City should be liable because it employed Det. Yasenchack (*Ellis Dep.* 56:11-21). Plaintiff claims the City was negligent, and should have investigated Det. Yasenchack more thoroughly. *Id.*

Furthermore, a plaintiff cannot establish a ratification claim by asserting that an official's after-the-fact investigation creates an unconstitutional policy. *Burgess v. Fischer,* 735 F.3d at 478, *citing Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-484,

106 S.Ct. 1292 (1986). "[O]n a single-act theory, a plaintiff must demonstrate that a 'deliberate choice to follow a course of action is made from among various alternatives by the official…responsible for establishing final policy with respect to the subject matter in question.'" *Id., quoting Pembaur*, 475 U.S. at 483. More importantly, a plaintiff must establish that it is an official with final decision-making authority who undertook the illegal action. *Id.* An official's decisions must be final and unreviewable in order for him or her to be a final policymaker. *E.g.*, *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993); *see also Jocke v. City of Medina*, 6th Cir. No. 22-3954, 2023 WL 5167326, *6 (6th Cir.) (plaintiff could not merely identify "police officers" without identifying the "final decision-maker that authorized the police officers' actions.").

Because there is no evidence to support a ratification claim, this *Monell theory* must be dismissed as a matter of law.

### C. Plaintiff cannot prove his *Monell* official policy theory.

Plaintiff secondarily claims the "City of Cleveland maintained a custom, policy and/or practice of permitting its detectives to make and misleading statements in an effort to encourage and/or cause the issuance of search and/or arrest warrants and/or the filing of criminal proceedings." (*Doc. 1, PageID #8*). In order to prevail on the official policy method of *Monell* liability, a plaintiff must be able to identify a specific "policy statement, ordinance, regulation, or decision, officially adopted and promulgated" by the governmental entity. *Monell*, 436 U.S. at 690. And, the official policy must be the moving force behind or the cause of Plaintiff's alleged harm, *e.g.*, *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

In this case, Plaintiff does not point to any express policy, ordinance, or rule that was "officially adopted and promulgated" by Cleveland that directed or instructed police officers to make misleading statements to cause the issuance of search or arrest warrants or the filing of criminal proceedings. First, Plaintiff simply claims that Det. Yasenchack violated policy when he arrested Plaintiff the first time on March 3, 2019 (*Ellis Dep.* 57:6-23; 65:3-11). Even if this incident were alleged in the Complaint and were not barred by the applicable two-year statute of limitation, Plaintiff did not identify any such policy, let alone one that was a moving force behind any of Plaintiff's alleged harms.

Plaintiff could not similarly identify any evidence that the City maintained a policy of encouraging detectives to make misleading statements, or omitting facts from warrants (*Ellis Dep.*69:4-15). Plaintiff did not bring a claim for an illegal search by Det. Yasenchack. He was arrested because several officers found narcotics, weapons, and ammunition throughout his home. The Government prosecuted Plaintiff because he is a felon with firearms and ammunition in his residence. There is no evidence that the City maintained an illegal policy that caused his initial arrest or his subsequent prosecution for one of the federal criminal charges against him.

Therefore, this *Monell* theory must also be dismissed as a matter of law.

**D.      Plaintiff's state law claims fail as a matter of law.**

**1.      There is insufficient evidence to support the elements necessary for a state law malicious prosecution claim.**

The existence of probable cause for an arrest defeats a state law false arrest claim. *Wolford v. Sanchez*, 9th Dist. Lorain No. 05CA008674, 2005-Ohio-6992, ¶ 16. Lack of probable cause is an essential element for both a state law malicious prosecution claim and a false arrest claim. *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 559 N.E.2d

732, *syllabus*. Plaintiff argues that Det. "Yasenchack knowingly made false and misleading statements to secure a search warrant for Plaintiff's residence." (*Doc. 1, PageID #9*). He further alleges that because the affidavit did not provide probable cause, all of the criminal charges were dismissed. *Id.* For all of the aforementioned reasons, Plaintiff cannot overcome the prior findings of probable cause, and the evidence definitively establishing the probable cause for drug and weapon charges against Plaintiff.

### 2. The immunity statute contained in *R.C. 2744.01, et seq.,* bars Plaintiff's state law claim(s).

Ohio's Political Subdivision Tort liability act sets forth a comprehensive statutory scheme for tort liability of political subdivisions and their employees. *McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, 144 N.E.3d 369, 375, ¶ 20 (Ohio). Determining whether a political subdivision is entitled to immunity from civil liability under *R.C. 2744.01, et seq.* requires a three-tiered analysis. *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, 718, ¶ 9 (Ohio).

Primarily, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. *Hortman, Id.*, at 718, ¶ 10-11. The City is a political subdivision (*Doc. 37, PageID #863*).

The second tier of the analysis involves determining whether any of the five exceptions to immunity listed in *R.C. 2744.02(B)* apply. *McConnell,* 2019-Ohio-4740, ¶ 22. Even if a specific exception applies, political subdivision immunity could be reinstated by *R.C. 2744.03. Id.*, ¶ 23.

Mere negligence or lack of due care is not a sufficient basis to meet one of the stated exceptions. *Linley v. DeMoss*, 83 Ohio App.3d 594, 599, 615 N.E.2d 631, 634 (10th Dist. Ohio App. 1992); *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 357, 639 N.E.2d 31 (Ohio 1994) ("mere negligence" of an employee of a political subdivision does not give rise to liability). The Supreme Court made clear that there is absolutely **nothing** in the plain language of this statute that provides "an additional exception that imposes liability on the political subdivision for its actions in hiring, training, or supervising an employee…" *McConnell,* 2019-Ohio-4740, 144 N.E.3d 369, 377, ¶ 30.

A plaintiff cannot avoid immunity of a tort claim merely by raising constitutional issues in "a vague and undefined way." *Bram v. City of Cleveland*, 97 Ohio App.3d 718, 721, 647 N.E.2d 523, 525 (8th Dist. Ohio App. 1993). *See also Champion Mall Corp. v. Champion Twp. Bd. of Trustees*, 11th Dist. Trumbull No. 2009-T-0102, 2009-Ohio-2051, ¶ 34 (Ohio App.) (a trespass claim does meet one of the exceptions in *R.C. 2744.02(B)*).

Plaintiff's claims against the City are that Det. Yasenchack allegedly committed some wrong, while he was employed by the City. The thrust of Plaintiff's actual claim is that the City negligently hired or supervised an employee. The immunity statute bars such claims. Plaintiff did not allege in his state law claim that Det. Yasenchack made a false or misleading statement with malice, bad faith, or in a wanton or reckless manner (*Doc. 1, PageID #9*).

## V. CONCLUSION

For all of the above reasons, the City moves this Honorable Court for an Order granting it summary judgment on all of Plaintiff's claims.

Respectfully submitted,

MARK D. GRIFFIN
Director of Law

By: */s/ William M. Menzalora*
WILLIAM M. MENZALORA (0061136)
Chief Assistant Director of Law
CARLI R. YOUNG (0095433)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Email: wmenzalora@clevelandohio.gov
Email: cyoung2@clevelandohio.gov

Attorneys for Defendant City of Cleveland

## LOCAL RULE CERTIFICATION

This case is currently assigned to the standard track. The Memorandum relating to the dispositive motion conforms to the page limitations as set by order from a Judicial Officer in compliance with Local Rule 7.1(f).

*/s/ William M. Menzalora*
WILLIAM M. MENZALORA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 31st day of August, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William M. Menzalora
WILLIAM M. MENZALORA
