IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM ELLIS,**<br>    **Plaintiff,**<br><br>-VS-<br><br>**JEFFREY YASENCHACK, ET AL.,**<br>    **Defendants.** | Case No. 1:22-cv-815<br><br>Judge Solomon Oliver |

**PLAINTIFF WILLIAM ELLIS'S
MOTION TO STRIKE THE AFFIDAVIT OF MITCHELL SHEEHAN—ECF #25-2**

I.   **Evidentiary Objections**

Pursuant to Federal Rule of Civil Procedure 56(c)(2), (c)(4), and (f), Plaintiff objects to the declaration of Mitchell Sheehan (ECF No. 25-2) and asks that the Court disregard it when considering Defendant's Motion for Summary Judgment (ECF No. 25). Defendant's affidavit contains inadmissible hearsay evidence and fails to meet the requirements of Federal Rule 56(c)(4).

Federal Rule 56(c)(4) provides that a declaration submitted in support of a motion must, among other things, "set out facts that would be admissible in evidence." Rule 56(c)(2) permits a party to object to such a declaration or other "material cited to support…a fact" on the basis that it "cannot be presented in a form that would be admissible in evidence." Therefore, in evaluating evidence in support of a motion for summary judgment, the Court may disregard a declaration that is irrelevant, prejudicial, or otherwise inadmissible under the Federal Rules of Evidence. *E.g.,* Fed. R. Evid. 401, 402, and 403. Moreover, when deciding a motion for summary judgment, the Court "may ignore testimonial evidence when it is blatantly contradicted" by the record, or when it is

1

"totally implausible." *Davis v. Gallagher,* 951 F.3d 743, 750 (cleaned up) (collecting cases). Similarly, the Court may ignore a post-deposition declaration that "directly contradicts" prior sworn testimony or that otherwise "attempt[s] to create a sham fact issue." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.,* 448 F.3d 899, 906 (6th Cir. 2006).

Here, the Court should disregard the declaration of Mitchell Sheehan (ECF No. 25-2) because it is inadmissible evidence that is incomplete, contains hearsay, contradicts prior sworn testimony, and contradicts the prior findings of this Court. Defendant Det. Yasenchack submits the Sheehan declaration in support of the proposition that Yasenchack had probable cause to initiate the malicious prosecution against Plaintiff that is at issue in this case. (Def.'s Mot., ECF No. 25, at 2.) The declaration avers that Sheehan, a Cleveland Police officer, spoke to Matthew Radovanic, a witness who previously testified at a federal suppression hearing that he did not tell Det. Yasenchack that he had obtained drugs from Plaintiff and that Yasenchack had lied about the same in his application for the search warrant that is at issue in this civil case. (Sheehan Decl. ¶¶4-6, ECF No. 25-2 at 2.) Sheehan further avers that when *he* spoke to Mr. Radovanic, Radovanic recanted that prior sworn testimony, theoretically rehabilitating Yasenchack's probable cause to initiate the prosecution of Plaintiff. (*Compare id. with United States v. Ellis,* N.D. Ohio No. 1:20-cr-302, 2021 WL 3168271, at *3 (July 27, 2021).) Sheehan further declares that this recantation was recorded. *Id.* However, Defendant Det. Yasenchack does not supply the recording in support of the Sheehan declaration, nor does he supply any declaration made by Radovanic himself. Further, Det. Yasenchack does not address that this incomplete hearsay evidence directly contradicts Mr. Radovanic's prior sworn testimony. Further, Det. Yasenchack does not address that this Court previously relied upon Mr. Radovanic's testimony to find that the "search warrant affidavit" now at issue in this civil case "lack[ed] probable cause." *Ellis,* 2021 WL 3168271, at *4,

2

and to find that in seeking that warrant, "Det. Yasenchack was dishonest or reckless in the execution of his duties as a law enforcement officer." *Id.* at *6. The declaration is inadmissible.

For these reasons, Plaintiff respectfully requests that this Court strike the affidavit of Mitchell Sheehan (ECF # 25-2) offered by Defendant in support of his motion for summary judgment. The declaration of Mitchell Sheehan is inadmissible and otherwise improper evidence, and this Court should disregard it in considering the motion.

Dated: October 16, 2023

Respectfully submitted,

*/s/ Marcus Sidoti*

Marcus Sidoti (0077476)
Friedman Gilbert + Gerhardstein
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
marcus@FGGfirm.com

s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
Scott & Winters
Terminal Tower
50 Public Square, Suite 1900
Cleveland, OH  44113
P: 216-912-2221  F: 216-350-6313
jscott@ohiowagelawyers.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on October 16, 2023, I filed a copy of the foregoing using the Court's CM/ECF system and that counsel for all parties will receive notice through that system.

s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
*One of the Attorneys for Plaintiff*

4