IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM ELLIS,** | ) CASE NO.: 1:22-CV-00815-SO |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| vs. | ) |
| **DET. JEFFREY YASENCHACK**, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANT DET. JEFFREY YASENCHACK'S MEMORANDUM IN OPPOSITION TO MOTION TO STRIKE DECLARATION**

Defendant Det. Jeffrey Yasenchack, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 7.1, respectfully requests that this Honorable Court deny Plaintiff William Ellis' ("Plaintiff's") Motion to Strike the Affidavit of Mitchell Sheehan (*Doc. 32, PageID #580-583*). The evidence is admissible and meets the requirements of the Rules.

**I.   LEGAL STANDARD**

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." *Fed.R.Civ.P.56(c)(2)*. "Generally, a district court should dispose of motions that affect the record on summary judgment before ruling on the parties' summary judgment motions." *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 667 (6th Cir. 2005), *cited by Goodwin v.*

1

*American Marine Express, Inc.*, Case No. 1:18-cv-01014, 2021 WL 848948, *8 (N.D. Ohio Mar. 5, 2021).

## II.     LAW AND ARGUMENT

### A. The statements contained in Sgt. Sheehan's declaration are admissible.

Plaintiff argues that the declaration contains hearsay (*PageID #581*). The statements contained in the declaration are not hearsay.

Hearsay is a statement of a declarant while not testifying at the current trial or hearing offered into evidence to prove the truth of the matter asserted in the statement. *Fed.R.Evid. 801(c)(1)-(2)*. A statement offered for a purpose other than the truth of the matter asserted, such as the affect on the listener is not hearsay by definition. *United States v. Pugh*, 273 Fed. Appx. 449, 456 (6th Cir. 2008) (statement was not hearsay, and the district court did not err in admitting it, "because the statement was not offered to prove the truth of the matter asserted, but instead to demonstrate the affect on [the detective] and to explain his steps in the investigation…"). *See also United States v. Reynolds*, 684 Fed. Appx. 510, 514-515 (6th Cir. 2017) (statement was not used for its truth but rather as information to explain how and why law enforcement was investigating defendant). Evidence is relevant if it has any tendency to prove or disprove a fact of consequence in the proceeding. *Fed.R.Evid. 401*.

In this case, Radovanic admitted "he told Detective Yasenchack that he had obtained drugs from Ellis before." (*Doc. 25-2, PageID #414-415*). He admitted, "the day Yasenchack stopped him he told Yasenchack that he got drugs from Ellis." *Id.* The statements are not proffered to demonstrate whether Radovanic actually obtained drugs from Ellis before or on the day that Det. Yasenchack stopped Radovanic, i.e. the truth of the statements. The statements demonstrate there is additional indicia of probable cause

for law enforcement that Plaintiff committed or was about to commit a crime before the United States filed charges against him, i.e. their state of mind. The statements are also relevant to show that officers reasonably relied on information communicated to them. The statements are relevant for the qualified immunity analysis for Det. Yasenchack as to whether any alleged error is a mistake of law, a mistake of fact, or a mistake based on both.

In addition, Plaintiff argues the declaration is inadmissible because it "directly contradicts Mr. Radovanic's prior sworn testimony." (*PageID #581*). He argues that Radovanic "testified at a federal suppression hearing that he did not tell Det. Yasenchack that he had obtained drugs from Plaintiff…" *Id.* This illuminates an additional reason why there is a hearsay exception due to declarant's unavailability even if the Court were to consider these statements for the truth of the matter asserted.

A statement that "a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency…to expose the declarant to civil or criminal liability…" is an exception to the hearsay rule when the declarant is unavailable for that proceeding. *Fed.R.Evid. 804(b)(3)(A)*. Subsection (B) requires that the statement "is supported by corroborating circumstances that clearly indicate its trustworthiness" if it is offered in a criminal case. *Fed.R.Evid. 804(b)(3)(A)*. The statement could have subjected Radovanic to criminal charges for possession of narcotics or perjury at the time that he made it. Similarly, the information within the statement was corroborated by other evidence because the Fentanyl obtained from Radovanic was the same chemical compound as that obtained from Plaintiff's home

(*Doc. 25-3, PageID #416-422*). *See also Fed.R.Evid. 807(a)(1)-(2)* (statement is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts).

Finally, Plaintiff argues Det. Yasenchack "does not supply the recording in support of the Sheehan declaration…" (*PageID #581*). An original is not required and other evidence of the content of a recording is admissible when the party against whom it is offered has the duplicate and fails to produce it, or the recording is not closely related to a controlling issue. *Fed.R.Evid. 1004(c)-(d)*. Plaintiff was free to introduce any other part or the entirety of Radovanic's recorded statements to Sgt. Sheehan. *Fed.R.Evid. 106*. He could have introduced the recording or the report created by Sgt. Sheehan relating to the conversation. He chose not to do so. Therefore, the statements made by Radovanic to Sgt. Sheehan are admissible in this case.

**B. The case law cited by Plaintiff is completely inapposite to the issues for this case.**

Plaintiff cites *Aerel, S.R.L. v. PCC Airfoils, LLC*, for the proposition that the Court may ignore a post-deposition declaration that directly contradicts evidence in the record. *Id.*, 448 F.3d 899 (6th Cir. 2006). The main point of that Sixth Circuit opinion is that "a party should not be able to create a disputed issue of material fact where earlier testimony on that issue by the same party indicates that no such dispute exists." *Id.*, 448 F.3d at 907. The Court emphasized that the rule is intended to bar "the nonmoving party from avoiding summary judgment by simply filing an affidavit that directly contradicts that party's previous testimony." *Id.* "This is a far cry" from preventing one who was not directly questioned in a case from presenting information. *Id.* Mr. Radovanic did not testify at a deposition in this action.

4

Plaintiff implies there is some form of preclusive effect as to Det. Yasenchack because "this Court previously relied upon Mr. Radovanic's testimony to find that the 'search warrant affidavit' now at issue in this civil case 'lack[ed] probable cause." (*PageID #581*). First, the search warrant is not at issue in this case because Plaintiff did not bring a claim for an illegal search. The main issues are whether there was probable cause for Plaintiff's arrest and probable cause to continue the prosecution.

Secondly, the fact that evidence may be suppressed as the result of alleged misconduct, does not make it any less relevant to establishing probable cause for the arrest "because the exclusionary rule does not apply in a civil suit under § 1983 against police officers." *Martin v. Marinez*, 934 F.3d 594, 599 (7th Cir. 2019); *Lingo v. City of Salem*, 832 F.3d 953, 958-959 (9th Cir. 2016). Although Plaintiff does not challenge this case law, the basis of the argument is that this Court should not consider any evidence obtained in a subsequent civil case because a court ultimately suppressed it in a criminal case.

Lastly, the species of *res judicata* known as collateral estoppel or claim preclusion based on any finding in Plaintiff's federal criminal case does not apply to Det. Yasenchack in this civil case. *Burda Bros. Inc. v. Walsh*, 22 Fed. Appx. 423, 430 (6th Cir. 2001). The Sixth Circuit reiterated several times that it "rejected an attempt to use collateral estoppel offensively against a defendant officer in a § 1983 action because the officer was not party to or in privity with a party to the earlier action." *Id.* (citations omitted). Because the defendant in that subsequent civil case "did not have a personal stake in the outcome of the earlier proceeding, plaintiffs may not use collateral estoppel offensively to preclude relitigation of the validity of the search warrant…" *Id.*

5

There is no prior testimony in this action from Radovanic. Sgt. Sheehan did not provide any testimony that was at odds with prior testimony given in this matter. In fact, Plaintiff did not support his opposition to summary judgment with any testimony other than Det. Yasenchack's deposition testimony. Sgt. Sheehan's declaration is consistent with Det. Yasenchack's deposition testimony given in this matter (*Yasenchack Dep.* 70:5-9).

Therefore, the legal authority cited by Plaintiff does not lead to the conclusion that the declaration at issue should not be considered by this Court.

### III. CONCLUSION

Therefore, Plaintiff's Motion to Strike should be denied. This Honorable Court should consider Sgt. Sheehan's declaration in determining Det. Yasenchack's Motion for Summary Judgment.

Respectfully submitted,

By: */s/ J.R. Russell*
James R. Russell, Jr. (0075499)
Chief Assistant Directors of Law
Carli R. Young (0095433)
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
Fax: (216) 664-2663
Email: JRussell2@clevelandohio.gov
*Attorneys for Det. Jeffrey Yasenchack*

## LOCAL RULE CERTIFICATION

  This case is currently assigned to the standard track. The Memorandum relating to the non-dispositive motion conforms to the page limitations as set by Local Rule 7.1.

                */s/ J.R. Russell*
                James R. Russell, Jr. (0075499)

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 30st day of October, 2023. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                */s/ J.R. Russell.*
                James R. Russell, Jr. (0075499)