UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ELLIS, | ) | Case No.: 1: 22 CV 815 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DET. JEFFREY YASENCHACK, *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case are Plaintiff William Ellis' ("Ellis" or "Plaintiff") Motion to Strike (ECF No. 32), Defendant Jeffrey Yasenchack's ("Defendant" or "Yasenchack") Motion for Summary Judgment ("Motion") (ECF No. 25), and Defendant City of Cleveland's Motion for Summary Judgment (ECF No. 26). For the reasons set forth below, Plaintiff's Motion to Strike is granted, Defendant's Motion for Summary Judgment is granted in part and denied in part, and Defendant City of Cleveland's Motion for Summary Judgment is denied as moot.

## I.   BACKGROUND

### A.   Factual Background

Jeffrey Yasenchack is a former detective for the Cleveland Police Department ("CPD"). (Pl.'s Opp. at PageID #568, ECF No. 31) (citing Def.'s Answer, ECF No. 6). In April of 2020, upon

stopping a motorist, Yasenchack allegedly offered the motorist a deal. (Mot. at PageID #390, ECF No. 25) (citing Yasenchack Deposition).  If the driver could supply Yasenchack with information about drug dealers in the area, then Yasenchack would not issue the motorist a citation. The driver allegedly then pointed to the home of Plaintiff William Ellis, seemingly identifying Ellis as a potential dealer in the neighborhood. (*Id.*)

Over the following few weeks, Yasenchack surveiled Plaintiff's home. (*Id.*) He allegedly saw cars pull up to the home, with the occupants entering the house for a brief period before leaving the home and driving away. Yasenchack stopped one of the vehicles as it left Ellis's home. The car was occupied by Matthew Radovanic and Vanessa Smith, and Yasenchack allegedly found drugs in their possession. Radovanic allegedly told Yasenchack that he had purchased the drugs from Ellis. (*Id.* at PageID #390–91) (citing Yasenchack Deposition).

On May 14, 2020, Yasenchack submitted an affidavit in support of a search warrant. (*Id.* at PageID #391). The affidavit attested that a "concerned citizen" had identified Ellis as a possible drug dealer, and that "confidential informants" had told Yasenchack that Ellis sold them drugs. (*See id.* at PageID #390–91); (*see also United States v. Ellis*, 1:20-cr-302-BYP, ECF No. 61 at PageID #632–33). In reliance on this affidavit, the Cuyahoga County Court of Common Pleas Judge found that probable cause existed to search Ellis's home, and a search warrant was executed on May 18, 2020. (Mot. at PageID #391–92, ECF No. 25). Once in the home, officers found various drugs, scales, guns and ammunition. (*Id.* at PageID #392–93). Based on these findings, a criminal Complaint was filed against Ellis in federal court. On May 28, 2020, a magistrate judge conducted a preliminary hearing and a detention hearing, and found that there was sufficient probable cause for

the criminal charges against Plaintiff. (*Id.* at PageID #393–94). A grand jury then indicted Plaintiff for possession of narcotics with intent to distribute and felony possession. (*Id.* at PageID #394).

In July of 2021, a suppression hearing was held in Plaintiff's criminal case. The district court in that case ultimately suppressed all of the evidence found in Ellis's home, finding that many of the statements in Defendant's affidavit for a search warrant were untrue. (*See Ellis*, 1:20-cr-302-BYP, ECF No. 61). After the district court suppressed all of the evidence arising from the search of Plaintiff's home, the Government moved to dismiss the criminal charges against Ellis. (*See Ellis*, 1:20-cr-302-BYP, ECF No. 67). Ellis was then released from custody on August 27, 2021.

**B.      Procedural Background**

On May 18, 2022, Plaintiff filed his Complaint (ECF No. 1) against Defendants Yasenchack and the City of Cleveland asserting various violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. In particular, Ellis alleges claims of unreasonable search and seizure, false arrest, and malicious prosecution against Defendant Yasenchack, and *Monell* claims against the City of Cleveland. On August 31, 2023, both Defendants filed Motions for Summary Judgment before the court. (*See* Yasenchack's Mot. for Summ. J., ECF No. 25); (Cleveland's Mot. for Summ. J., ECF No. 26). On October 16, 2023, Plaintiff filed his Opposition (ECF No. 31) to Defendants' motions, as well as a Motion to Strike the Affidavit of Mitchell Sheehan (ECF No. 32) relied upon in Defendant Yasenchack's Motion. The following day, Plaintiff filed a Stipulated Notice of Dismissal (ECF No. 33) under Federal Rule of Civil Procedure 41(a)(1) regarding the claims against the City of Cleveland. Accordingly, the court dismissed the claims against the City of Cleveland with

-3-

prejudice on October 17, 2023.[1]  (*See* ECF No. 34). On October 30, 2023, Yasenchack filed an

Opposition (ECF No. 35) to Plaintiff's Motion to Strike. On this same date, Plaintiff also filed his

Reply (ECF No. 36) to Yasenchack's Summary Judgment Motion. Yasenchack did not file a Reply

to Plaintiff's Motion to Strike. All motions are now ripe for review.

## II.    LEGAL STANDARD

**Summary Judgment**

Federal Rule of Civil Procedure 56(a) governs summary judgment motions and provides

that:

> The court shall grant summary judgment if the movant shows that
> there is no genuine dispute as to any material fact and the movant is
> entitled to judgment as a matter of law. The court should state on the
> record the reasons for granting or denying the motion.

FED. R. CIV. P. 56(a). A party asserting there is no genuine dispute as to any material fact or that a

fact is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in

the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact. FED. R. CIV. P. 56(c)(1). In reviewing summary judgment motions, this

court must view the evidence in the light most favorable to the non-moving party to determine

whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153

---

[1]     Having dismissed the claims against Defendant City of Cleveland with prejudice,
the court denies Cleveland's Motion for Summary Judgment as moot.

(1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of production to make a prima facie showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). The moving party can meet its burden of production by either: (1) submitting "affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* If the moving party meets its burden of production, then the non-moving party must point out specific facts in the record which create a genuine issue of material fact. *Zinn v. United States*, 885 F. Supp. 2d 866, 871 (N.D. Ohio 2012) (citing *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992)). The non-movant must show "more than a scintilla of evidence" to overcome summary judgment—it is not enough to show that there is slight doubt as to material facts. *Zinn*, 885 F. Supp. 2d at 871 (quoting *Fulson*, 801 F. Supp. at 4). The trial court does not have "a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) (citation omitted).

### III.    LAW AND ANALYSIS

### A.    Motion to Strike

Before addressing the merits of Yasenchack's Summary Judgment Motion, the court must first address whether to strike an affidavit Defendant relies upon in the Motion considered herein. When considering a motion for summary judgment, a court may strike evidence that would not be admissible at trial. *See* Fed. R. Civ. P. 56(c)(2). Additionally, an affidavit or declaration used to

-5-

support or oppose a motion must be based on personal knowledge and must set out facts that would be admissible evidence. *See* FED. R. CIV. P. 56(c)(4). Notably, hearsay evidence is generally inadmissible. *See* FED. R. EVID. 802. Hearsay is defined as any statement, put forth by one that is not currently testifying, offered as evidence to prove the truth of the matter asserted. *Back v. Nestle USA, Inc.*, 694 F.3d 571, 577, n. 1 (6th Cir. 2012) (quoting *United States v. Rodriguez-Lopez*, 565 F.3d 312, 314 (6th Cir. 2009)).

Here, Plaintiff contends that the challenged declaration contains inadmissible hearsay evidence that Defendant submits to establish that Yasenchack had probable cause to obtain a warrant to search Plaintiff's home. (Mot. to Strike at PageID #581, ECF No. 32). Defendant argues otherwise, explaining that the challenged declaration is put forth not to prove the truth of the matter asserted, but rather as proof that the underlying statements informed the officers' probable cause determination. (Opp. to Mot. to Strike at PageID #589–90, ECF No. 35). The court disagrees with the Defendant's contention.

The contested declaration from Sergeant Mitchell Sheehan ("Sheehan" or "Sgt. Sheehan") contains several incriminating statements that Matthew Radovanic, the purported "concerned citizen" who identified Ellis as a drug dealer, allegedly admitted to Sgt. Sheehan. Of note, Sgt. Sheehan's declaration states that:

> "5. On August 25, 2022, I spoke with Matthew Radovanic. He admitted to me  that he obtained drugs from William Ellis (known as "Blaze") before. He admitted that he told Detective Yasenchack that he had obtained drugs from Ellis before. He admitted that  Detective Yasenchack found drugs on him the day he was stopped. He admitted that there  were messages on his phone with Ellis regarding drug transactions. He said it was accurate  that the day Yasenchack stopped him he told Yasenchack that he got drugs from Ellis.

6. He admitted that he told an investigator for the federal public defender that Ellis was giving him drugs not selling him drugs. He later admitted that he "probably did" tell an investigator that he did not get drugs from Ellis. He admitted that the day Yasenchack stopped him that the drugs found on him were from Ellis. My conversation with Matthew Radovanic was recorded."

(Sheehan Decl. at PageID #415, ECF No. 25-2). Defendant's rely on this declaration as a basis for the following statement from their Motion for Summary Judgment: "Mr. Radovanic further informed Det. Yasenchack that he obtained narcotics from Plaintiff." (Mot. for Summ. J. at PageID #391, ECF No. 25) (citing *Sheehan* Decl. at PageID #415, ECF No. 25-2). Accordingly, Defendant relies on Sgt. Sheehan's declaration as proof that Radovanic told Defendant that he purchased drugs from Plaintiff. However, rather than offering testimony from Radovanic himself, Defendant proffers Sgt. Sheehan's Declaration to establish a fact Defendant relies on as a basis for probable cause. This is precisely the kind of evidence the hearsay rule seeks to guard against because the evidence is clearly being offered to prove the truth of the matter asserted.

Defendant argues that Radovanic's alleged admission is being proffered to prove the statement's effect on Yasenchack as the listener. However, the court finds this position unavailing when read in the context of Defendant's summary judgment motion. As already established, Defendant cites Sheehan's Declaration as proof that Radovanic told Yasenchack he bought drugs from Ellis. As such, the court finds that this testimony is inadmissible hearsay. Accordingly, Plaintiff's Motion to Strike is hereby granted.

**B.     Motion for Summary Judgment**

Defendant's Motion for Summary Judgment rests principally on the doctrine of qualified immunity. Yasenchack contends that he is entitled to qualified immunity with respect to Plaintiff's federal claims, and statutory immunity under O.R.C. § 2744.01 with respect to Plaintiff's state law

claims because "Plaintiff cannot prove any clearly established constitutional violations to support his claims." (Mot. for Summ. J. at PageID #397, ECF No. 25.) Yasenchack also argues that Plaintiff cannot prove a genuine issue of material fact to each element of his false arrest and malicious prosecution claims because officers had probable cause to arrest and prosecute him. Lastly, Defendant argues that Plaintiff waived his false arrest claim by failing to respond to Defendant's argument in his Opposition Brief. (Reply at PageID #603, ECF No. 36.) The court will address each of these arguments in turn.

       *1.*     *Abandonment of Claims*

In his Opposition to Defendant's Summary Judgment Motion, Ellis does not raise any argument with respect to his false arrest claim, nor does he respond to any of Defendant's arguments with respect to this claim. (*See generally* Pl.'s Opp. to Mot., ECF No. 31). The Sixth Circuit has said, "[t]his Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (affirming the district court's granting of summary judgment on abandoned claims where the plaintiff only defended some of her claims but failed to raise any arguments with respect to her remaining claims in response to a motion for summary judgment); *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in response to a motion for summary judgment); *Colston v. Cleveland Pub. Library*, 2012 WL 3309663, at *2, n. 2 (N.D. Ohio Aug. 13, 2012) (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her opposition to Defendants' motions for summary judgment"). Accordingly, the court

-8-

finds that Plaintiff has abandoned his claim for false arrest and grants summary judgment to Defendant on this issue.

The court turns next to Defendant's qualified immunity argument.

    *2.     Qualified Immunity*

Defendant argues he is entitled to qualified immunity as to Plaintiff's federal malicious prosecution claim because Plaintiff cannot demonstrate that Defendant violated a clearly established constitutional right. Under the doctrine of qualified immunity, government officials are generally shielded from liability for civil damages when performing discretionary functions, so long as their conduct does not violate clearly established statutory or constitutional rights. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Meals v. City of Memphis*, 493 F.3d 720, 729 (6th Cir. 2007)). A defendant is entitled to summary judgment on the basis of qualified immunity unless, "the facts taken in the light most favorable to the plaintiff, would allow a reasonable juror to find that the defendant violated a constitutional right and that that constitutional right was clearly established." *Caskey v. Fenton*, No. 22-3100, 2022 WL 16964963, (6th Cir. Nov. 16, 2022) (citing *Webb*, 789 F.3d at 659).

The Sixth Circuit recognizes that, "individuals have a clearly established Fourth Amendment right to be free from malicious prosecution by a defendant who has 'made, influenced, or participated in the decision to prosecute the plaintiff' by, for example, 'knowingly or recklessly' making false statements that are material to the prosecution either in reports or in affidavits filed to secure warrants." *King v. Harwood*, 852 F.3d 568, 582–83 (6th Cir. 2017); *see also Malley v. Briggs*, 475 U.S. 335, 340–45 (1986) ("an officer who seeks an arrest warrant by submitting a complaint and supporting affidavit to a judge is not entitled to immunity unless the officer has an objectively

reasonable basis for believing that the facts alleged in his affidavit are sufficient to establish probable cause.")

A malicious prosecution claim "encompasses wrongful investigation, prosecution, conviction, and incarceration," and is distinct from that of false arrest because it "remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process." *Sykes*, 625 F.3d at 308 (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006) and *Wallace v. Kato*, 549 U.S. 384, 390 (2007)) (internal quotation marks omitted). To establish a claim for malicious prosecution, a plaintiff must demonstrate that:

> "First, [...] a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute the plaintiff [...] Second, because a section 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution [...] Third, the plaintiff must show that, 'as a consequence of the legal proceeding,' the plaintiff suffered a deprivation of liberty,' as understood in our Fourth Amendment jurisprudence, apart from the initial seizure, [...] and fourth the criminal proceeding [was] resolved in the plaintiff's favor."

*Sykes*, 625 F.3d at 308–09 (cleaned up). The favorable outcome does not mean the plaintiff was acquitted or found innocent. *Thompson v. Clark*, 596 U.S. 36, 49 (2022). If all four elements are satisfied, then the plaintiff has proved the defendant seeking qualified immunity violated a constitutional right. *Caskey*, 2022 WL 16964963, at *9.

Defendant argues Plaintiff's malicious prosecution claim fails because he cannot satisfy the first three elements. Plaintiff argues that he can show a genuine dispute of material fact for each, and thus demonstrate that a reasonable juror would fid that Defendant violated Plaintiff's constitutional right to be free from malicious prosecution. The court examines each disputed element in turn.

-10-

**(a). Defendant made, influenced, or participated in decision to prosecute**

Defendant asserts that his limited interactions with the federal prosecutor and lack of participation in any hearing related to the filing of the criminal complaint or grand jury indictment of Ellis is insufficient to show he made, influenced, or participated in the decision to prosecute. (Mot. for Summ. J. at PageID 405–06, ECF No. 25.) Moreover, he argues that the "mere drafting of an allegedly misleading report, without more active participation" only constitutes as passive or neutral involvement in Plaintiff's criminal proceedings. (*Id.*)

In the Sixth Circuit, the first element of malicious prosecution is met when "an officer 'could reasonably foresee that his misconduct would contribute to an independent decision that results in a deprivation of liberty' and the misconduct actually does so." *Caskey*, 2022 WL 16964963 at \*9 (quoting *Jackson v. City of Cleveland*, 925 F.3d 793, 820 (6th Cir. 2019)). Moreover, "providing false information essential to the determination of probable cause can constitute participating in or influencing the decision to prosecute even when the officers do not testify at the grand jury hearing or at trial." *Caskey*, 2022 WL 16964963 at \*9. In *Caskey*, the Sixth Circuit affirmed the district court's denial of summary judgment based on qualified immunity to the defendant officers, holding that plaintiff had raised a genuine issue of material fact for every element of malicious prosecution. *Id.* In regard to the first element, the Sixth Circuit concluded that the record supported a finding that the Defendant officers participated in or influenced the decision to prosecute Caskey because, "the decision to indict on a warrant was a reasonably foreseeable outcome from the alleged misconduct [of the officers] and resulted in a deprivation of Caskey's liberty." *Id.*

Following the Sixth Circuit's interpretation of the first element, the court concludes that there are genuine disputes of material fact as to whether Defendant Yasenchack made, influenced, or

-11-

participated in the decision to prosecute. Defendant attempts to limit the court's view of the facts to only those interactions he had with the prosecution after a decision was made to file a federal complaint against Ellis. (*See* Mot. for Summ. J. At PageID 405.) But this proposed timeline erases Defendant's initial investigation into Ellis and ignores the facts submitted by Plaintiff showing that Defendant's search warrant affidavit "was replete with false and misleading statements." (Opp'n. at PageID 575, ECF No. 31) (citing *United States v. William Ellis*, Case No. 1:20-CR-00302-BYP, ECF No. 61, Memo. of Opinion. and Order at 7–1.) Moreover, during his deposition, Yasenchak affirmed that it was his expectation that execution of the search warrant would lead to evidence of criminal activity and the filing of criminal charges against Ellis. (Yasenchack Deposition at PageID 317, ECF No. 24-1.) Thus, there is a genuine dispute of material fact about whether Defendant could reasonably foresee that his misconduct in obtaining a search warrant based on false and misleading statements would contribute to an independent decision resulting in the deprivation of Ellis's liberty.

### (b). There was a lack of probable cause for the criminal prosecution

The second element Plaintiff must show in a malicious prosecution claim is that there was a lack of probable cause for the criminal prosecution. The parties dispute at what point in the criminal proceedings against Ellis the court should evaluate the existence of probable cause. Defendant argues that Plaintiff's malicious prosecution claim relates solely to his detention after the criminal Complaint was filed, at which point there was substantial probable cause for criminal prosecution. (Mot. for Summ. J. at PageID 405, ECF No. 25.) Conversely, Plaintiff asserts that the probable cause inquiry begins and ends with what Defendant knew when requesting a search warrant for his home, and at that time there was no probable cause. (Opp'n. at PageID 572, ECF No. 31.) Defendant rejects this argument by calling it an attempt to apply the exclusionary rule to civil cases

and asks this court to adopt an out-of-circuit rule that the fruit of the poisonous tree doctrine does not apply to § 1983 suits against police officers.[2] (Reply at PageID 606.) The court finds Plaintiff's argument well-taken.

As an initial matter, the parties vigorously debate what type of action constitutes the initiation of a criminal proceeding. Plaintiff relies on *Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998) for the proposition that the act of initiating a criminal prosecution includes appearing before a judge to obtain a search warrant. (Opp'n at PageID 572.) Defendant argues that Plaintiff's reliance on *Lomaz* is misplaced because the Sixth Circuit did not adopt the proposition, but rather discussed the

---

[2]     Defendant argues that Plaintiff inappropriately relies on the fruit of the poisonous tree doctrine to demonstrate a lack of probable cause for Ellis's arrest and criminal prosecution. (*See* Mot. for Summ. J. at PageID 400-02, ECF No. 25; Reply at PageID 606-07, ECF No. 36.) Defendant supports this contention by citing cases from the Second, Third, Fifth, Seventh, Ninth, and Eleventh circuits for the legal proposition that the fruit of the poisonous tree doctrine does not exclude relevant evidence supporting probable cause in a section 1983 civil case. *Id.* The Sixth Circuit has not ruled on this issue, although some district courts in the Circuit have adopted the rule. *See Codrington v. Dolak*, No. 3:21-CV-665-RGJ, 2024 WL 1837979, at n. 1 (W.D. Ky. Apr. 26, 2024) (collecting cases from sister circuits and Sixth Circuit district courts adopting the proposition that the exclusionary rule does not apply in section 1983 cases).

    While it does appear the Circuit Courts are moving towards adopting of the rule, the court declines to apply it in this case because (1) Plaintiff claims that Defendant set his prosecution in motion by requesting a search warrant without probable cause, not that the ultimate suppression of the evidence in Plaintiff's criminal case is why probable cause was lacking; and (2) the rule appears contrary to how the Supreme Court has applied normal causation principles to § 1983 actions. *See Sykes*, 625 F.3d at 315 ("[H]olding Sgt. Anderson liable for all reasonably foreseeable consequences of his initial misdeeds finds support in the Supreme Court's decision in *Malley v. Briggs*); *see also King*, 852 F.3d at 590 (discussing how the Supreme Court in *Malley v. Briggs* "made clear that normal causation principles apply to 42 U.S.C. § 1983 actions). Thus, the court declines to adopt the out-of-circuit rule regarding the fruit of the poisonous tree doctrine advanced by Defendant.

-13-

act of initiating a criminal prosecution in relation to whether prosecutors were entitled to absolute or qualified immunity. (Reply at PageID 605.) The court agrees with Defendant.

*Lomaz* involved a § 1983 action against county prosecutors who allegedly violated plaintiff's constitutional rights, in part by "knowingly prepar[ing] an affidavit and search warrant and obtain[ing] a search warrant that was not based upon probable cause…" *Id.* at 496 (quoting plaintiff's complaint). One of the questions before the Sixth Circuit was whether the defendant-prosecutors were entitled to absolute or qualified immunity for their actions involving the search warrant and its execution. *Id.* at 499. As part of its analysis, the Sixth Circuit discussed multiple Supreme Court cases examining when *prosecutors*, not police officers, were entitled to absolute immunity. *Id.* at 497-99; *see Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), *Burns v. Reed*, 500 U.S. 478, 496 (1991), *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). It is from this discussion of *prosecutorial immunity* that Plaintiff's contention that appearing before a judge to obtain a search warrant constitutes the initiation of a criminal prosecution stems. Because Defendant Yasenchack is not a prosecutor, nor is he claiming absolute immunity, *Lomaz* does not apply here.

However, Defendant's reliance on *Rothgery v. Gillespie County*, 554 U.S. 191, 198 (2008) is also misplaced. Defendant cites *Rothgery* for the legal proposition that it is a "formal charge, preliminary hearing, indictment, information, or arraignment" that commences a criminal proceeding. *Id.* But *Rothgery* deals with when the Sixth Amendment right to the assistance of counsel attaches – an issue wholly distinct from the malicious prosecution claim currently before the court. Thus, the standard from *Rothgery* is also inapplicable here.

In reviewing the Sixth Circuit's treatment of the probable cause element, the court finds that there is not a bright line rule for what action by a defendant-officer constitutes the initiation of a

-14-

criminal proceeding in a malicious prosecution claim. What is clear is that a presumption of probable

cause arises when there is a grand jury indictment. *See Sykes*, 625 F.3d at 311 (quoting *Barnes v.*

*Wright*, 449 F.3d 709, 716 (6ᵗʰ Cir. 2006)). But the presumption is rebutted when a plaintiff shows

that,

> (1) a law-enforcement officer, in the course of setting a prosecution
> in motion, either knowingly or recklessly makes false statements
> (such as in affidavits or investigative reports) or falsifies or fabricates
> evidence; (2) the false statements and evidence, together with any
> concomitant misleading omissions, are material to the ultimate
> prosecution of the plaintiff; and (3) the false statements, evidence,
> and omissions do not consist solely of grand-jury testimony or
> preparation for that testimony.

*King v. Harwood*, 852 F.3d 568, 587 (6ᵗʰ Cir. 2017). In *King,* the Sixth Circuit reversed the district

court's conclusion that the defendant officer was entitled to summary judgment on the basis of

qualified immunity because there were genuine issues of material fact as to whether probable cause

existed. *Id.* at 582. Plaintiff King was prosecuted for  murder and sentenced to ten years'

imprisonment after entering an *Alford* plea. *Id.* at 575. Nearly four years after her conviction, a serial

murderer confessed to the murder and King filed a motion for a new trial based on the confession.

*Id.* at 576. King's *Alford* plea was ultimately vacated and the murder charges dismissed by the state

court, thereby terminating the criminal prosecution in King's favor. *Id.* Applying the three-element

test to rebut a presumption of probable cause to King's malicious prosecution claim, the Sixth

Circuit held that genuine issues of material fact existed as to

> (1) whether Harwood set King's prosecution in motion by applying
> for search warrants despite the lack of probable cause to search, by
> seeking King's indictment despite the lack of probable cause to
> prosecute King for murder, or by making knowing or reckless false
> statement in Harwood's investigative report; (2) whether any false
> statements made by Harwood, together with his material omissions
> of fact–if true–such as King's having one leg, the fat that bullet

-15-

> wounds in Breeden's skull were non-exiting, or Harwood's
> knowledge that the bullets in King's home did not match the bullets
> that killed Breeden, were material to King's prosecution; and (3)
> whether any such false statements, evidence, and omissions were
> independent of Harwood's grand-jury testimony, so as to constitute
> "laying the groundwork for an indictment..."

*Id.* at 591 (cleaned up). Although the facts in *King* are distinguishable from those presented by Ellis, the *King* court's examination of the probable cause element is proper here because Ellis was indicted by a grand jury and he alleges Defendant Yasenchack set his prosecution in motion when he requested a search warrant for Plaintiff's home without probable cause. Accordingly, the court will apply the three-part *King* test to determine whether there is a genuine issue of material fact regarding probable cause for Ellis's criminal prosecution.

First, the court finds that Plaintiff has raised genuine issues of material fact as to whether, in the course of setting Ellis's prosecution into motion, Yasenchack knowingly or recklessly made false statements in his search warrant affidavit. Defendant claims that Radovanic informed him that he purchased drugs from Plaintiff. However, at the suppression hearing in Plaintiff's criminal case, both Radovanic and Smith testified that they did not get drugs from Ellis. (*See Ellis*, 1:20-cr-302-BYP, ECF No. 61 at PageID #632–33). They also testified that they had never informed Defendant of any such transaction. (*Id.*) In fact, the district judge in Ellis's criminal case determined that "[t]he evidence establishes that the allegations [...] in the search warrant affidavit," which stated that Radovanic and Smith had identified Ellis as "their dealer," were simply untrue. (*Id.*) Accordingly, the court finds there is a material dispute of fact as to whether Yasenchack made false statements in his affidavit for a search warrant.

There are several other material disputes of facts as to whether Yasenchack knowingly or recklessly provided materially false statements in his search warrant affidavit. First, Plaintiff contends that Defendant threatened to cite the motorcyclist with a traffic citation unless the motorist supplied Yasenchack with information about drug activity in the neighborhood. (Pl.'s Opp. at PageID #569, ECF No. 31). However, in his affidavit for a search warrant, Defendant characterized the motorist as "a concerned citizen," thus obscuring the nature and reliability of the alleged tip. (*Ellis*, 1:20-cr-302-BYP, ECF No. 37-4 at PageID #345). Second, Plaintiff contends that the confidential informant who allegedly identified Ellis as a drug dealer was actually another person Yasenchack had threatened with criminal charges. (Pl.'s Opp. at PageID #569, ECF No. 31) (citing Yasenchack Deposition at 41:7–42:7).

Finally, in his affidavit for a search warrant, Defendant also attested that Plaintiff had an open criminal case pending in the Cuyahoga County Court of Common Pleas. (*Ellis*, 1:20-cr-302-BYP, ECF No. 37-4 at PageID #346). However, Plaintiff points to the fact that the trial court had granted his motion to suppress evidence in that case. Plaintiff also contends that Defendant was aware that the prosecutor's office was appealing the trial court's suppression order. (Pl.'s Opp. at PageID #569, ECF No. 31) (citing Yasenchack Deposition at 31:2–16). The state appellate court eventually dismissed this criminal case entirely on the same day that Yasenchack supplied his affidavit for the search warrant. (Pl.'s Opp. at PageID #569, ECF No. 31). While Defendant maintains that he was not aware that the state appellate court had dismissed the case against Ellis, Plaintiff points to evidence potentially indicating otherwise. (*See* Mot. at PageID #392, ECF No. 25); (Pl.'s Opp. at PageID #568–69, ECF No. 31). In light of all of the above, the court finds that Plaintiff has raised

-17-

several disputes of material fact as to whether Defendant, in setting Ellis's prosecution in motion, knowingly or recklessly supplied false statements in his search warrant affidavit.

The court also finds that Yasenchack's false statements in his search warrant affidavit were material to Ellis's prosecution. Defendant does not point to any evidence outside the disputed facts previously discussed to indicate a search warrant would have issued without Defendant's allegedly false statements. Nor does Defendant indicate that he would have uncovered the incriminating evidence in Ellis's home without the search warrant. Thus, Yasenchack's false statements were material to Ellis's prosecution. Lastly, the court finds that Defendant's false statements are independent of the grand jury, such that they constituted laying the groundwork for an indictment because the false statements were made in Yasenchack's search warrant affidavit, not the later grand jury proceeding.

Accordingly, the court concludes that Ellis has raised genuine disputes of material fact sufficient to overcome, at least at summary judgment, the presumption of probable cause arising from his criminal indictment. And because Plaintiff can overcome this presumption, he also establishes that genuine issues of material fact exist as to whether his criminal prosecution lacked probable cause.

### (c). Plaintiff suffered a deprivation of liberty because of the legal proceeding

Defendant also maintains that "Plaintiff's malicious prosecution claims relate solely to his detention after the criminal complaint, which was based on an independent evaluation of the evidence and substantial probable cause." (Mot. at PageID #404–06, ECF No. 25). The court takes this to mean that Defendant contends that Plaintiff did not suffer a deprivation of liberty from the criminal proceeding in his criminal case because his pretrial detention was pursuant an independent

magistrate's probable cause determination. Once again, Defendant's focus on the pretrial detention is misplaced. The third element of a malicious prosecution claim requires a plaintiff to prove that they suffered a deprivation of liberty apart from the initial seizure as a consequence of the legal proceeding. *Robertson*, 753 F.3d at 616 (citing *Sykes*, 625 F.3d at 308–09). Here, an initial seizure took place when officers searched Plaintiff's home. As a result of this initial seizure, which was set into motion by Defendant's allegedly tainted investigation, the subsequent finding of probable cause for pretrial detention was also tainted by allegedly false statements. Because Plaintiff was detained for 15 months as a result of Defendant's actions, the court finds that Plaintiff has sufficient evidence to establish this element of his malicious prosecution claim.

Having found that genuine disputes of material fact exist as to multiple elements of Plaintiff's § 1983 malicious prosecution claim, the court holds that Defendant is not entitled to summary judgment on the basis of qualified immunity because the facts taken in the light most favorable to the plaintiff, would allow a reasonable juror to find that the Yasenchack violated Ellis's clearly established Fourth Amendment right to be free from malicious prosecution.

### 3.    Statutory Immunity

Ohio law provides statutory immunity to employees of political subdivisions for injuries allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.[3] OHIO REV. CODE §§ 2744.01–2744.03. This broad immunity, however, is not unlimited. For instance, this immunity

---

[3]    It is undisputed that Cleveland is a political subdivision, and that law enforcement duties fall within the scope of the governmental or proprietary functions contemplated by Ohio's immunity statute. *See* OHIO REV. CODE § 2744.01, *et seq*.; *see also Bradshaw v. New Village Corp.* 95 N.E.3d 446, 2018-Ohio-691, at ¶ 10.

does not apply if "[t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities," or if "the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." OHIO REV. CODE §§ 2744.03(A)(6)(a)–(b).

Defendant argues that Plaintiff failed to allege in his state law claim that Defendant made a false or misleading statement with malice, bad faith, or wanton or reckless manner to overcome statutory immunity. (Mot. for Summ J. at PageID 408, ECF No. 25.) Defendant also asserts, using the same disputed facts discussed previously, that there was probable cause for Ellis's criminal prosecution. (*Id.*) In response, Plaintiff maintains that his Complaint "clearly alleges that Yasenchack made false and misleading statements in his search warrant affidavit." (Opp'n. at PageID 576, ECF No. 31) (citing Compl. at ¶¶ 1, 2, 10, 12, 13, 14, 17, 24, 30, 46.) Moreover, Plaintiff asserts malice may be inferred from Yasenchack's acts taken knowingly and recklessly. (*Id.* at PageID 577.)

Generally, Ohio law leaves issues regarding malice, bad faith, and wanton or reckless behavior to the jury, so long as the record offers evidence demonstrating that the employee acted in such a matter. *Pisoni v. McCord*, No. 2017CA00111, 2018 WL 340115, at * 5 (Ohio Ct. App. Jan. 9, 2018). Notably, malice, "may be inferred from proof of lack of probable cause." *Caskey*, 2022 WL 16964963, at *12 (quoting *Rogers v. Barbera*, 164 N.E. 2d 162, 166 (Ohio 1960) (internal quotations omitted)). Here, Plaintiff has established that there is a genuine issue of material fact as to whether Defendant lacked probable cause to initiate a criminal proceeding against Ellis. Thus, malice can be inferred. Because malice can be inferred, the court declines to grant Defendant summary judgment on the basis of statutory immunity.

     5.     *Malicious Prosecution under Ohio law*

-20-

Finally, Defendant argues that Plaintiff cannot maintain a claim for malicious prosecution under Ohio law because the existence of probable cause defeats a state law claim for malicious prosecution. (Mot. at PageID #406, ECF No. 25). The elements of an Ohio malicious prosecution claim are largely similar to those required for a § 1983 claim. To state a cause of action for malicious prosecution in Ohio, plaintiff must allege: "(1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of proceedings." *Robb v. Chagrin Lagoons Yacht Club*, 662 N.E.2d 9, 13 (Ohio 1996).

The court's previous discussion of Plaintiff's § 1983 malicious prosecution claim establishes that genuine issues of material fact also exist for each element of Plaintiff's state law malicious prosecution claim. Accordingly, the court also declines to grant summary judgment on Plaintiff's malicious prosecution claim under state law.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 32) is granted, Defendant's Motion for Summary Judgment (ECF No. 25) is granted in part and denied in part, and Defendant City of Cleveland's Motion for Summary Judgment (ECF No. 26) is denied as moot.

IT IS SO ORDERED.

> /s/ SOLOMON OLIVER, JR.
> UNITED STATES DISTRICT JUDGE

September 30, 2024