UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM ELLIS, | ) | Case No.: 1:22 CV 815 |
| Plaintiff | ) ) ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| JEFFREY YASENCHACK, | ) ) | |
| Defendant | ) | REVISED CIVIL TRIAL ORDER |

### I. FINAL PRETRIAL AND TRIAL DATES

The above-titled case is scheduled for trial on **April 13, 2026** at **9:00 a.m.** in Courtroom 19A and a final pretrial conference is scheduled on **March 19 , 2026**, at **2:30 p.m.** in Courtroom 19A, Carl B. Stokes United States Courthouse, 801 West Superior Avenue, Cleveland, Ohio. Pursuant to Local Rule 16.3(e), parties and lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pleadings, scheduling matters and settlement. Counsel are to have conferred with their clients, and with each other, regarding their settlement posture no later than two (2) business days before the final pretrial conference.

## II. TRIAL

### A. Trial Days

Trials will begin at 9:00 a.m. and continue until 5:00 p.m., unless circumstances dictate otherwise. The court normally takes a one-hour lunch break and a fifteen-minute break in the morning and in the afternoon. So that trial may proceed with as few interruptions as possible, counsel must notify the court's staff of issues to be addressed by the court outside the presence of the jury. When such issues arise, counsel should expect to address them before and after the trial day as well as during breaks.

All parties are to be present in the courtroom at all times when the jury is seated, unless excused by the court.

### B. Stipulations of Fact and Preliminary Statements

Counsel for the parties shall confer with one another in order to prepare written stipulations as to all uncontested facts to be presented at trial to the jury or to the court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses to facts which are not in dispute. Stipulations are to be filed with the court no later than three (3) days prior to trial.

Counsel shall also prepare and submit a Joint Preliminary Statement, not to exceed 1 page, describing the case in an impartial, easily understood and concise manner for use by the court either during *voir dire* or at the time the jury is impaneled. This statement will be used to set the context of the trial for the jury and shall be filed with the court no later than three (3) days prior to the trial.

### C. Trial Briefs

The court requires the preparation of trial briefs in each case, which must be filed with the court and served on every other counsel in the case no later than seven (7) days before trial. Trial briefs shall include: a synopsis of the facts upon which counsel relies to prove his or her claim or defense; full and specific citation of the statutes, case law or other writings on which counsel relies in the case; and a discussion of any evidentiary issues likely to arise at trial.

### D. Motions *In Limine*

Motions *in limine* other than those addressed to documentary evidence (see paragraph F below on objections to exhibits) and expert witnesses (see immediately below), shall be filed fourteen (14) days prior to trial. Responses to motions *in limine* shall be filed seven (7) days thereafter.

Motions *in limine* addressed to the admissibility of expert testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire v. Carmichael*, 526 U.S. 137 (1999), shall be filed no later than ten (10) days after the resolution of all dispositive motions. Responses to such motions shall be filed seven (7) days thereafter, and reply briefs shall be filed five (5) days thereafter.

### E. Witness and Exhibit Lists

#### 1. Exchange of Witness and Exhibit Lists and Exhibits

The parties shall file with the court and exchange their proposed witness and exhibit lists seven (7) days prior to trial. The lists shall provide a brief description and the purpose of each witness, and shall list and briefly describe each item of documentary or physical evidence which is to be offered. An exchange of proposed exhibits must also be made at least three (3) days prior

to trial. The court strongly encourages the parties to concur before finalizing their proposed exhibits in an effort to avoid duplication of exhibits. All duplicate exhibits should be filed as joint exhibits. A copy for the court's use should be delivered directly to chambers; it should not be filed with the Clerk of Courts. The original exhibits should be retained by counsel to be introduced by counsel at trial. Each attorney shall have a continuing obligation to supplement the party's witness and exhibit lists immediately upon learning of any additional witnesses or exhibits. Witnesses not listed or provided before the trial starts shall not testify at trial, and exhibits not listed or provided before trial shall not be introduced at trial, absent a showing of good cause. This rule applies to lay witnesses as well as expert witnesses.

### 2. Marking Exhibits

All exhibits to be used during trial must be marked as trial exhibits before trial in the following manner:

(a) Joint Exhibits shall be marked "Jt. Ex. 1," "Jt. Ex. 2," etc.

(b) Plaintiff Exhibits shall be marked "Pl. Ex. 1," "Pl. Ex. 2," etc.

(c) Defendant Exhibits shall be marked "Deft. Ex. A," "Deft. Ex. B," etc.

(d) Third Party Exhibits shall be marked with the surname and capital letters, e.g., "Jones A," "Jones B," etc.

(e) Where there are multiple plaintiffs or defendants, the exhibits shall be marked as ordered above but with the surname of the particular plaintiff or defendant added (e.g., "Pl. Smith Ex. A," "Pl. Jones Ex. A," etc.).

(f) If a defendant or any third party has more than 26 exhibits, double letters shall be used, i.e., AA, BB, CC, etc.

    (g)    Whenever a multi-page exhibit is used, each page of the exhibit must be separately numbered. For example, if Plaintiff's exhibit is a three-page document, the first page should be marked as Pl. Ex. 1-1, the second page marked Pl. Ex. 1-2, and the third page marked as Pl. Ex. 1-3.

### 3. Witnesses Expected to be Called on Following Trial Day

By 4:00 p.m. the day before trial, and by the close of court each day thereafter, the counsel conducting witness examinations on the following day shall provide opposing counsel with a list of those witnesses he or she anticipates calling the next day, in the order in which the witnesses are expected to testify. It is counsel's responsibility to ensure that enough witnesses are present each day for presentation of proofs to fill the entire trial day. Counsel should inform the court early regarding any problems in obtaining the attendance of witnesses.

### F. Objections to Witnesses or Exhibits

Counsel are directed to confer with each other to resolve any objections to witnesses or exhibits they may have. Objections to a proposed witness or exhibit that have not been resolved among counsel shall be filed with the court no later than 3 days prior to trial. Such objections shall include a brief statement setting forth reasoning why the proposed witness or exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

### G. Deposition Testimony

Whenever depositions (videotape or written) are intended to be used as evidence at trial, counsel proposing to use such deposition testimony shall provide opposing counsel with pertinent transcript references no later than fourteen (14) days prior to trial. Any cross-designations must

be made no later than seven (7) days prior to trial. Counsel shall consult in an effort to resolve any objections they may have to planned deposition testimony.

No later than three (3) days prior to trial, counsel shall file with the court those objections that have been raised and not resolved. The brief shall contain citations to any applicable legal authority. Counsel shall attach and highlight the deposition portions objected to, and note the objections in the margin.

When videotape depositions will be presented in lieu of live testimony, counsel must file a complete written transcript of the videotape deposition prior to its use.

### H.  *Voir Dire*

The court will conduct initial *voir dire* of the panel and of individual panel members. The court will allow some limited follow-up questioning by counsel. Proposed *voir dire* questions for the court's questioning are to filed with the court no later than seven (7) days prior to trial.

### I.  Jury Instructions and Interrogatories

Counsel shall exchange proposed jury instructions and interrogatories no later than seven (7) days prior to trial. Counsel shall then confer regarding their respective proposals and make diligent efforts to reach agreement upon a set of joint jury instructions. No later than three (3) days prior to trial, a single joint submission shall be filed with the court providing: (1) agreed upon instructions and interrogatories; (2) instructions and/or interrogatories proposed by plaintiff but opposed by defendant; and (3) instructions and/or interrogatories proposed by defendant but opposed by plaintiff. The joint submission shall be provided to the court as one document, divided by the above-described sections. All proposed instructions shall be supported by

citations to legal authority. Grounds for objections need not be identified at this time and will be addressed at a preliminary charge conference, to be held prior to closing statements.

### J. Non-Jury Cases

In all non-jury cases, counsel for each of the parties shall prepare Proposed Findings of Fact and Conclusions of Law, which shall be filed with the court not later than seven (7) days prior to the trial. Proposed Findings of Fact and Conclusions of Law shall be consecutively numbered with each finding and conclusion stated in a separate paragraph. The proposed Findings of Fact shall cite the particular witness(es) or exhibit(s) upon which each suggested finding is based; proposed Conclusions of Law shall cite legal authority.

### K. Continuances

No party shall be granted a continuance of trial without a written motion from the party or counsel stating the reason for the continuance, endorsed in writing by all moving parties and their lead counsel of record, and showing the consent of all other counsel or, if objected to, with the movant's certification of efforts to obtain such consent. The court will not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached. The motion shall be filed within two (2) days of counsel becoming aware of the conflict.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

December 30, 2025