**IN THE UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF OHIO**
**EASTERN DIVSION**

| | | |
|---|---|---|
| WILLIAM ELLIS, | ) | CASE NO. 1:22-cv-815 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION IN LIMINE** |
| JEFFREY YASENCHACK, | ) | **NO. 2 TO BIFURCATE TRIAL ON** |
| | ) | **PUNITIVE DAMAGES AND** |
| Defendant. | ) | **EXCLUDE EVIDENCE RELEVANT** |
| | ) | **SOLELY TO PUNITIVE DAMAGES** |
| | ) | **DURING THE FIRST PHASE OF THE** |
| | ) | **TRIAL** |

Defendant Jeffrey Yasenchack hereby moves this Honorable Court to bifurcate the trial on the issue of whether and in what amount punitive damages should be awarded to a second phase of the trial if the case gets beyond the first phase and the jury determines Defendant's liability and awards compensatory damages.  Consequently, any information pertaining solely to the issue of punitive damages is irrelevant and highly prejudicial during the first phase of the trial and should be excluded.

**1.  Bifurcation is appropriate under Civ.R. 42(b)**

Civil Rule 42(b) permits the court, in its discretion, to bifurcate claims or issues for trial.  In determining whether to bifurcate trials, the court should consider several factors, including "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Yung v. Raymark Indus. Inc.*, 789 F.2d 397, 400 (6th Cir. 1986).

In federal §1983 actions, punitive damages are appropriate when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves a reckless or callous indifference to the federally protected rights of others." *King v. Zamiara,* 788 F.3d 207, 216 (6th Cir. 2015). They are never awarded as of right. *Id.*, at 217. Unlike the question of liability or appropriate compensation of the plaintiff, the question of punitive damages is one of punishment, rather than compensation. *Gokor v. Schievert*, 2021 WL 1061918, *2-3 (N.D.Ohio 2021) (finding bifurcation of punitive

damages appropriate in a 42 USC 1983 malicious prosecution case), *citing Wesley v. Campbell*, 864 F.3d 433, 443 (6th Cir. 2017).

Local district courts routinely grant motions to bifurcate trial on liability for compensatory and punitive damages from trial on the amount of punitive damages, finding that such bifurcation serves judicial economy and the purpose behind Civil Rule 42(b). *See e.g. Rani v. Rivera*, 2025 WL 3033477, *4-5 (S.D.Ohio 2025) ("[t]his Court will bifurcate evidence admissible only for purposes of punitive damages from the compensatory damages phase. In the first phase, the jurors will hear all evidence, except for evidence only admissible for determining punitive damages. If the jurors find Defendants liable and indicate by interrogatory that the standard for punitive liability has been met, the trial will proceed to the second phase where the jurors will be permitted to hear evidence that is admissible only as to punitive damages, such as Defendants' financial condition."); *see also Kessling v. Ohio State University,* 2023 WL 6809617, *2 (S.D.Ohio 2023); *Herring v. SCI Tennessee Funeral Services LLC*, 2017 WL 10379595, *1-2 (E.D.Tenn. 2017), *S.S. v. Leatt Corp.*, 2014 WL 356938, *1 (N.D.Ohio 2014); *Rhea ex rel. Rhea v. Brown Mfg. Corp.*, 2010 WL 2572052, *3 (E.D.Tenn. 2010).

Further, evidence relevant solely to the amount of punitive damages to be awarded, such as Defendant's finances, is irrelevant to Plaintiff's federal or state claims of malicious prosecution. Evid.R. 402. Not only does it have no probative value to Detective Yasenchack's liability, evidence of his financial condition during the liability phase of the trial will cause severe prejudice to Detective Yasenchack and cause confusion of the issues. Evid.R. 403. Combining trials on issues of liability/compensatory damages and punitive damages has the potential of blending the issues and improperly influencing the jury into inflating the compensatory damage award.

Finally, Ohio state law requires bifurcation of punitive damages at least as it applies to state law claims. R.C. 2315.21. Although Defendant is aware that local district courts apply federal procedural rules over the state law substantive law on the issue of bifurcation of punitive damages, the

statute should not be entirely dismissed as it recognizes the danger of confusing the issues and the resulting prejudice to defendants. *See e.g. Hanners v. Ho Wah Genting Wire & Cable SDN BHD*, 2009-Ohio-6481, ¶26 (10th Dist.) (quoting the Ohio General Assembly, "inflation of noneconomic damages is partially due to the improper consideration of evidence of wrongdoing in assessing pain and suffering damages, and "[i]nflated damage awards create an improper resolution of civil justice claims.") *quoting* Section 3 of SB 80 General Assembly statement of findings and intent, Section 3(A)(4)(a).

Therefore, Defendant respectfully moves this Court to bifurcate the trial on punitive damages from the trial on liability and compensatory damages and to exclude from the first phase evidence relevant solely to the issue of whether and in what amount punitive damages should be awarded.

Respectfully Submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By: */s/ Elena N. Boop*
Elena N. Boop (0072907)
Chief Trial Counsel
J.R. Russell (0075499)
Chief Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
Tel: (216) 664-3727
(216) 664-2767
Email: EBoop@clevelandohio.gov
Jrussell2@clevelandohio.gov
*Attorneys for Defendant Jeffrey Yasenchack*

3

2

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that the foregoing was filed electronically on the 30th day of March, 2026.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Elena N. Boop*
Elena N. Boop (0072907)

*One of the Attorneys for Defendant Jeffrey Yasenchack*

2