THE STATE OF OHIO, )
                       ) SS: **DEBORAH M. TURNER, J.**
COUNTY OF CUYAHOGA.)

IN THE COURT OF COMMON PLEAS

CRIMINAL DIVISION .

**THE STATE OF OHIO,** )
                             )
           Plaintiff, )
                             )
      -v-                      ) Case No. **637876**
                             ) C/A No. **108970**
**WILLIAM ELLIS,** )
                             )
          Defendant. )

- - - -

DEFENDANT'S TRANSCRIPT OF PROCEEDINGS

- - - -

APPEARANCES:

**MICHAEL C. O'MALLEY,** Prosecuting Attorney, by:
**CAROLINE NELSON, ESQUIRE, KEVIN BRINGMAN, ESQUIRE,**
and **CARL MAZZONE, ESQUIRE,** Assistant County
Prosecutors,

      on behalf of the Plaintiff;

**CHRISTINE A. RUSSO, ESQUIRE,**

      on behalf of the Defendant.

FILED

OCT 15 2019

Clerk of Courts
Cuyahoga County, Ohio

Lorraine J. Klodnick, RDR, CRR
Kerri Nestor, RPR
Official Court Reporters
Cuyahoga County, Ohio

**EXHIBIT A**

FRIDAY AFTERNOON SESSION, AUGUST 23, 2019

P-R-O-C-E-E-D-I-N-G-S

THE BAILIFF:            This is the matter of State of Ohio vs. William W. Ellis in Case No. 637876.

THE COURT:            Good afternoon to everyone.  Present in the courtroom, we have this afternoon, the Defendant, William Ellis, along with his attorney, Christine A. Russo.  On behalf of the State of Ohio, we have Assistant County Prosecutor Caroline Nelson.

We are here today for the ruling as relates to a motion to suppress that was filed in this matter by counsel for the Defendant on May 16, 2019.  There was a response from the State as relates to this motion.

After reviewing the briefings provided by both Defendant and the State, the Court did set this matter for a hearing.  That hearing was held on August 6, 2019.  The matter was heard and submitted and the Court is here today in order to render its opinion as it relates to the testimony that it heard on that day.

The 4th and 14th amendments to the United States prohibits warrantless searches and seizures

142

unless there's an exception that applies. One exception to the warrant requirement is the investigatory stop, which is permitted pursuant to Terry V Ohio, 1968, 392 US 1 and 88 Supreme Court, 1868.

When ruling on a motion to suppress, the Court assumes the role of trier of fact and in the best position to resolve the questions of fact and to evaluate witness credibility. In this case, the State provided one witness with regards to testimony and that was Detective -- pronounce the name for me, please.

MS. NELSON: Yasenchak.

THE COURT: Yasenchak. Thank you. Detective Yasenchak. The State asked the Court to look at this investigatory stop and look at this with regards to the totality of the circumstances at the time through the eyes of reasonable and prudent police officer on the scene who actually sees a crime unfolding.

When we look at the totality of the circumstances, we are inclined to look at the location, the character of the location, the action of the suspect, and the officer must have a reasonable, articulable suspicion before a stop is

made and the logical inference that he must be able to articulate what he observed that gave rise to that suspicion.

Officer Yasenchak testified that on the day in question, he received a complaint about possible drug activity in a particular area. He outlined several streets in which this complaint had been presented from. He did not identify this area as a high crime area. He did not identify this area as a high drug area.

He indicated that on this particular day in response to a complaint, he took it upon himself to observe these several streets. He did not indicate where the complaint came from, what time it came from, or any specifics with regards to the complaint other than that it came in on that day.

Officer Yasenchak indicated that he observed a vehicle, we later find to be driven by the Defendant, go up one driveway, come out, go up another driveway, come out. And then he indicated that there was a time wherein he observed from a distance an individual approach the Defendant's vehicle and he observed a transaction. He stated that in his statement, which was made, and which

he wrote soon after the incident occurred and that was presented to the Court as Defense Exhibit A.

In his testimony, he said, I will further describe the transaction as an exchange of money. The exchange of money can be regarded as innocent conduct behavior. He never specifically articulated that he saw an exchange of money with an exchange of drugs. He indicated that he was at a distance, but that he was using binoculars, I believe. Even with the assistance of binoculars, he could not specifically articulate what the criminal behavior or activity was that was afoot at the time.

He indicated that he ran the plates of the vehicle that approached the Defendant and he discovered that the Defendant -- I'm sorry. Strike that. That the individual who approached was caucasian, he lived in Geauga County, and that he had a criminal record related to drugs. He indicated that there was no pursuit as it relates to that individual. Although, there was later testimony that there were vehicles in the area that could have pursued the individual.

Detective Yasenchak indicated that when he saw the Defendant leave this area, that he was

going to stop that car and he was going to -- he made a decision that he was going to place that person under arrest. He indicated that he proceeded to follow the Defendant and there came a time wherein the Defendant was looking down and did not notice that the officer was behind him.

He indicated that the Defendant made a turn, did not use his signal, and he pulled the individual over for that minor traffic offense. He also indicated that at the time that he observed the Defendant looking down at his phone, that he was impeding traffic, and that he also observed and did not a seat belt on.

He proceeds to approach the vehicle, the Defendant complied and pulled over. He approached the vehicle and he asked for the driver's license and registration. When the officer approached the vehicle, the Defendant had those items in his hands and presented them to the officer. Officer Yasenchak indicated that the Defendant did not have those items in his hand, which is in direct contradiction of what was actually presented at the time.

Officer Yasenchak further indicated that during this investigatory stop, the Defendant was

146

asked to -- was removed from his vehicle and asked to step out of his vehicle.  He indicated that the Defendant was noncompliant with regards to spreading his legs sufficiently, that he actually had pushed off of the vehicle and caused himself to fall.

Those statements presented by Officer Yasenchak were in direct contradiction to what was presented via the body cameras to this Court during the suppression hearing.  In fact, in video D, which is Sergeant Weaver's video, it is seen that the Defendant's legs are actually kicked from under him and that's how he falls to the ground.  He did not push off the vehicle and then fall.

Officer Yasenchak indicated that the Defendant was noncompliant with spreading his legs.  Although, in the video it was indicated when he spread his legs, that that was sufficient.  There was never any direction from Officer -- I'm sorry -- Detective Yasenchak or Sergeant Weaver for him to spread his legs further.

The Court finds that the first hurtle that the State had to get over with regards to the investigatory stop has not been complied with Viewing everything that's been presented with

regards to the totality of the circumstances. The officer did not present a reasonable or articulable suspicion to support the investigatory stop. Therefore, this Court rules that the fruits of the search that follow the stop are subject to suppression.

The State had indicated to the Court to review the analysis of State v. Anthony Christian, an Eighth District Court of Appeals decision released March 15, 2018. One moment, please. This is 2018, Ohio 957. The Court did, in fact, review this decision and the Court believes that this case distinguishes from the Christian case in that the Court does find that the credibility of the officer was severely diminished and not credible.

In State v. Christian, the Court never made that particular statement to qualify that, in fact, that the officer was not credible. Based on what has been stated, the Court finds that the stop and seizure -- stop and search violated the 4th amendment and the Court is going to grant the motion to suppress evidence in this case. Thank you so much.

MS. RUSSO: Thank you, your

Honor.

MS. NELSON:                    Your Honor, for going forward in this case, the State would just ask for time pursuant to Criminal Rule 12(k) to allow the State to review this case with our Appellate Unit of our office to see if we -- to explore the possibility of appeal.

THE COURT:                    And how much time would you like?

MS. NELSON:                    I think, your Honor, per the rules of 12(k), we would have to provide notice of our intention to appeal within seven days, so I would ask this matter to be set at least maybe for another pretrial in a couple weeks to see if we're going to decide to do that. I'm going to meet with the Appellate Unit next week.

THE COURT:                    Mr. Dix, what do we have available?  Two weeks would take us to the 1st of September.  What does that look like for you, Ms. Russo?

MS. RUSSO:                    I can do it.  I can do it on the 5th.

THE COURT:                    Do you want 9 or 9:30?  What works for you, Ms. Russo?  She's going