**IN THE UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF OHIO**
**EASTERN DIVSION**

| | | |
|---|---|---|
| WILLIAM ELLIS, | ) | CASE NO. 1:22-cv-815 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION IN LIMINE** |
| JEFFREY YASENCHACK, | ) | **NO. 4 TO EXCLUDE PRIOR ACTS** |
| | ) | **EVIDENCE** |
| Defendant. | ) | |
| | ) | |
| | ) | |

Defendant Jeffrey Yasenchack hereby moves this Honorable Court to exclude from evidence

and to prohibit any reference to any prior "bad acts" of Detective Yasenchack or any other Cleveland

Division of Police representative testifying in this matter, whether it be disciplinary matters,

complaints, or lawsuits, because such evidence it is inadmissible character evidence and any minimal

probative value it might have is substantially outweighed by the danger of unfair prejudice, confusing

the issues, misleading the jury and undue delay.

### 1.  Factual background.

Defendant anticipates that Plaintiff will attempt to use his prior interaction with the Detective

in March of 2019, as well as potentially other unrelated disciplinary matters, in an attempt to inflame

the jury and introduce improper character evidence.  For instance, at his deposition, while using the

protection of the 5th Amendment for his own answers, Ellis was quick to cast aspersions at Detective

Yasenchack and will most certainly continue to do so at trial.  He alleged that Yasenchack "slammed"

him to the ground during their 2019 interaction (Ellis Depo., p. 48, Doc. 23-1, PageID #153) and

accused Yasenchack of "sexual assault" during that interaction (Ellis Depo., pp. 57-58, 65, Doc. 23-

1, PageID #162-163, #170).

Defendant anticipates Plaintiff will also attempt to use other unrelated instances where

Detective Yasenchack was either disciplined or investigated that are completely unrelated to this case and did not involve Ellis.

### 2. "Other acts" evidence is inadmissible character evidence; and its tendency to confuse and mislead the jury, prejudice Detective Yasenchack and cause undue delay substantially outweighs any marginal probative value it may have.

Evidence Rule 404 prohibits the use of evidence of any other crime, wrong or act to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character. Evid.R. 404(b)(1).  It permits the use of such evidence for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. Evid.R. 404(b)(2).  Evidence Rule 403, in turn, allows the court to exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, causing undue delay, wasting time or needlessly presenting cumulative evidence.

To admit "prior acts" evidence, the proffering party must show three things: 1) that the prior act occurred, 2) that the evidence does more than merely show an individual's proclivity to act in a certain way, and 3) that the probative value of the evidence outweighs any risk of unfair prejudice. *U.S. v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) (prior bad acts evidence of beating a jail inmate and then writing a false report about it was inadmissible); *Hoskins v. York*, Case No. 23-5325, 2024 WL 2894648, *5 (6th Cir. June 10, 2024) (trial court properly excluded evidence from interrogations in distinct cases where admission would create "risks that the jury would draw improper inferences, to say nothing of opening the door to the parade of witnesses called to contextualize those other investigations.").

One of the risks of using prior-acts evidence is the prejudice that results from "the tendency of the evidence to lure the factfinder into an impermissible propensity line of reasoning – 'generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged.'" *Asher* at 862, *quoting Old Chief v. U.S.,* 519 U.S. 172, 180 (1997).  Ellis's

2

prior interaction with Detective Yasenchack, or any prior unrelated incidents, raises this risk.

First and foremost, Plaintiff must satisfy the court that what he accuses Detective Yasenchack of doing a year before the events giving rise to this case actually happened. That would necessarily require a trial within a trial; and what will come out is that none of Ellis's accusations are true – nor is his accusation that he was improperly handled by Detective Yasenchack in that prior interaction relevant to whether probable cause existed for Ellis's prosecution a year later in an unrelated event.

Even if Plaintiff were to argue that his prior interaction with Detective Yasenchack would be used for the purpose of establishing motive or intent, that assertion would be highly suspect. First, that assertion has no factual basis.  Second, in order to use the evidence for a permissible purpose, that purpose must be material or "in issue" in the case; and the evidence must be probative with regard to that purpose. *U.S. v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011).  Detective Yasenchack's "intent" or "motive" is immaterial to Ellis's federal malicious prosecution case because intent is not an element of that cause of action. *Sykes v. Anderson*, 625 F3d 294, 310 (6th Cir. 2010) (malice is not an element of a §1983 suit for malicious prosecution). The gravamen of the claim "is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43, 142 S.Ct. 1332 (2022); *Lester v. Roberts*, 986 F.3d 599, 609 (6th Cir. 2021) ("the presence of probable cause for a prosecution or pretrial detention dooms any Fourth Amendment claim.").

And as to the state-law cause of action, whatever probative value Detective Yasenchack's 2019 interaction with Plaintiff may have, it is substantially outweighed by the resulting prejudice to Detective Yasenchack. *See e.g. Helfrich v. Lakeside Park Police Dept.,* 497Fed.Appx. 500, 506-509 (6th Cir. 2012).  *Helfrich* involved a Fourth Amendment excessive force claim against a police officer who used a taser on the plaintiff; it also included state-law claims of assault and battery.  The plaintiff sought to introduce evidence of the same officer using a taser against another individual just two days prior to the incident at issue in the case.  The Sixth Circuit Court of Appeals found that the lower court

properly excluded the evidence. First, the court found that it was irrelevant to the plaintiff's Fourth Amendment excessive force claim as the officer's state of mind was irrelevant to that claim. Second, the court found that, even if the prior incident may have been relevant to the claim for assault and battery under state law, it was properly excluded because its probative value was substantially outweighed by the danger of unfair prejudice, confusing the jury, and undue delay because it would distract the jury from the issues in the case. *Id.* at 509. *See also Franklin v. Messmer*, 111 Fed.Appx. 386, 388 (6th Cir. 2004) (evidence of prior disciplinary complaint for excessive force properly excluded); *Turner v. Scott*, 119 F.3d 415, 430 (6th Cir. 1997) (officer's past history of misbehaving not admissible at trial); *Simmons v. Napier*, 626 Fed.Appx. 129, 134-36 (6th Cir. 2015) (evidence of prior conduct properly excluded).

In this case, any evidence of Detective Yasenchack's prior interaction with Plaintiff or any other disciplinary matters or allegations of misconduct should be excluded because they are intended to prove Defendant's character or propensity to act in a certain manner, which is impermissible under Evid.R. 404(b)(1) and any marginal probative value that it may have to Plaintiff's state-law claim is substantially outweighed by the danger that it will cause prejudice to Detective Yasenchack, mislead and confuse the jury and cause undue delay. For these reasons, Defendant moves this Court to exclude "prior acts" evidence and prohibit any reference to same.

Respectfully Submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By: /s/ Elena N. Boop
ELENA N. BOOP (0072907)
Chief Trial Counsel
J.R. Russell (0075499)
Chief Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106

4

Cleveland, Ohio 44114
Tel: (216) 664-3727
      (216) 664-2767
Email: EBoop@clevelandohio.gov
Jrussell2@clevelandohio.gov
*Attorneys for Defendant Jeffrey Yasenchack*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 30th day of March, 2026.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Elena N. Boop*
ELENA N. BOOP (0072907)

*One of the Attorneys for Defendant Jeffrey Yasenchack*

5