**IN THE UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF OHIO**
**EASTERN DIVSION**

| | | |
|---|---|---|
| WILLIAM ELLIS, | ) | CASE NO. 1:22-cv-815 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S MOTION IN LIMINE** |
| JEFFREY YASENCHACK, | ) | **NO. 5 TO EXCLUDE ANY** |
| | ) | **REFERENCE TO THE INDENTITY** |
| Defendant. | ) | **OF DONALD KOPCHAK** |
| | ) | |
| | ) | |

Defendant Jeffrey Yasenchack hereby moves this Honorable Court to exclude from evidence and prohibit any reference to Donald Kopchak by name. Not a party to this case, Kopchak was recently found guilty of abduction, ethnic intimidation and misdemeanor assault charges as a result of an incident in April of 2024 when, outside the course and scope of his duties as a soon-to-be-former[1] Cleveland police officer, Kopchak and another law enforcement officer were involved in detention, intimidation and harassment of a lawful immigrant.  Any mention of Kopchak by name is entirely irrelevant to any of the elements of Plaintiff's federal or state law claims against Defendant in his individual capacity, and its only purpose is to inflame, mislead and confuse the jury.[2]  This is especially true given the viral publicity surrounding the April 2024 incident, the recent verdict, and the recent events involving acts of immigration and customs enforcement agents across our nation. Therefore, this evidence is inadmissible under Evid.R. 401 and 403 and, in fact, so inflammatory that it has the danger of resulting in a mistrial.  Further, Kopchak's guilty verdict is not admissible under Evid.R. 609.

---

[1] An Ohio police officer cannot continue in his or her law enforcement position after being convicted of a felony. *See*, *e.g.*, ORC § 737.052 (Felony conviction precludes or terminates employment); *see also*, ORC § 2961.02 (Person Convicted of Certain Offenses May Not Serve as Public Official or Employee).
[2] Defendant submits that a reference to Kopchak as "a Cleveland Police Officer" would suffice in place of using his name.

1

Kopchak is not party to this case. Neither is the City of Cleveland.  Kopchak's involvement in this case was that he signed the criminal complaint against Ellis for his criminal prosecution; and he testified at the preliminary hearing and before the grand jury.  No allegation is made against any of the information Kopchak provided to the prosecutor, the court, or the grand jury.  Kopchak's identity is irrelevant to Plaintiff's claims of malicious prosecution, whether examined under federal or state law.

Kopchak's identity is irrelevant to the questions of whether Detective Yasenchack made, participated in or influenced the decision to prosecute William Ellis; whether there was probable cause for the prosecution of Ellis based on the evidence found at his home; whether Ellis suffered a deprivation of liberty apart from the initial seizure or whether the criminal proceeding resolved in his favor. *See Sykes v. Anderson*, 625 F.3d 294, 308-309 (6th Cir. 2010) (listing elements of a malicious prosecution case), *cited by Chancellor v. Geelhood*, 168 F.4th 388, 399 (6th Cir, 2026) ("plaintiff must prove a lack of probable cause 'for the criminal prosecution'")  It is likewise irrelevant to any element of state-law claim against Detective Yasenchack, which is duplicative of the federal claim with the addition of the element of actual malice.  *See Trussel v. Gen. Motors Corp.*, 53 Ohio St.3d 142, syllabus (1990) (listing the elements of a malicious prosecution claim under Ohio law).  But even under state law, it is Detective Yasenchack's state of mind that's at issue, not Kopchak's, and certainly not his association at the time with Kopchak on the same police force, nor Kopchak's misdeeds four years after the fact.  The identity of officers, other than Detective Yasenchack, who is the only party here, makes no fact of consequence to this case more or less probable. Evid.R. 401.

Yet the recent publicity surrounding the April 2024 incident will taint the trial and unfairly prejudice Detective Yasenchack. The mere association with Kopchak will cause unfair prejudice, confusing the issue and misleading the jury; and it is inadmissible under Evid.R. 403.  This trial will invariably turn into "guilty by association" and infuse the issues with unrelated and completely

irrelevant misconduct of another individual four years after the fact.  But the severity of Kopchak's misconduct and the recency and publicity of these events will be irreversibly detrimental in this trial.

In fact, the danger of inflaming a jury is so grave that it risks a potential mistrial. The circumstances of the April 2024 incident where Donald Kopchak and another law enforcement officer detain, harass and intimidate an immigrant are outrageous and highly inflammatory.  The body cam video of the incident has received over half a million views on YouTube and is likely to go viral again given the recent guilty verdict of Donald Kopchak.  The criminal trial and the guilty verdict, reached just last Friday (March 27, 2026) have received widespread local and national media attention and will continue to do so as this civil trial unfolds and Kopchak is sentenced.[3] The potential prejudice is further exacerbated by backdrop of the highly volatile in cities across our nation facing immigration and customs enforcement operations. These issues are impossible to ignore, even with a cautionary instruction, as they have so permeated our minds that infusing them into this non-immigration enforcement case will necessarily cause a denial of fair trial to Detective Yasenchack.

A cautionary instruction would not suffice to cure any of the grave prejudice to Detective Yasenchack that would result from even mentioning Kopchak's identity and would create such a strong impression in the minds of the jury (given the recency and severity of the incident) that they would be unable to disregard it in their consideration of the case. *See e.g. Beck v. Wings Field, Inc.*, 122 F.2d 114 (3rd Cir. 1941) ("[t]he remark in this case was not only improper as introducing collateral matter of like general nature which had no proper place in the case but, more than that, it was positively harmful.  It brought to the minds of the jury from a witness who admitted to large experience in flying and knowledge of aeroplanes (sic), that even he, expert as he was, had had an accident at the same 'ditch.'"); *Cecil Corley Motor Co., Inc. v. General Motors Corp.* 380 F.Supp.

---

[3] *See e.g.* MSN, *Officer on trial for incident at Medina bar with man he thought was undocumented*, Cleveland.com, 'He doesn't belong': Witnesses detail attack on immigrant at Medina bar - cleveland.com*;* Cleveland 19 News, Officer on trial for incident at Medina bar with man he thought was undocumented;

819, 860 (M.D. Tenn., 1974) (declaring a mistrial for a witness's repeated remarks regarding character and integrity of the defendant).

Finally, evidence of a criminal conviction of a non-testifying witness or one called only to elicit that purpose is not permitted under the Rules of Evidence.  Under Rule 609, evidence of a felony criminal conviction, still subject to Rule 403, is generally only admissible for introduced for the purpose of "attaching a witness's character for truthfulness…" Evid.R.609(a)(1)(A).  Detective Yasenchack is not going to call Donald Kopchack as a witness in this case.

To be sure, under Evid.R. 607, a party may attack its own witnesses' credibility. *United States v. Davis*, 845 F.3d 282, 289-290 (7th Cir. 2016).  However, it has long been recognized that it would be an abuse of Rule 607 for the party with the burden of proof to call a witness "that it knew would not give it useful evidence, just so it could introduce" otherwise inadmissible evidence against the defendant "in the hope that the jury would miss the subtle distinction "impeachment and substantive evidence – or, if it didn't miss it, would ignore it." *Id.* (*quoting United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 1984)).  "Impeachment of one's own witness cannot be permitted where employed as a mere subterfuge to present to the jury evidence not otherwise admissible." *Id.* (*quoting United States v. Kane*, 944 F.2d 1406, 1411 (7th Cir. 1991)).  This rule is employed in these circumstances when the witness is called in bad faith or as a subterfuge for gaining otherwise inadmissible evidence.  Moreover, such evidence cannot overcome Rule 403 balancing because its incremental probative value is substantially outweighed by the danger or unfair prejudice. Evid. R. 403.

So as to avoid turning this case into an incendiary side show that would only waste time, prejudice Defendant, mislead the jury and confuse the issues, Defendant respectfully moves this Court to exclude any reference to the name and identity of Donald Kopchak at trial.

Respectfully Submitted,

MARK D. GRIFFIN (0064141)
Director of Law

By:  /s/ Elena N. Boop
    ELENA N. BOOP (0072907)
    Chief Trial Counsel
    J.R. Russell (0075499)
    Chief Assistant Director of Law
    City of Cleveland, Department of Law
    601 Lakeside Avenue, Room 106
    Cleveland, Ohio 44114
    Tel: (216) 664-3727
        (216) 664-2767
    Email: EBoop@clevelandohio.gov
        JRussell2@clevelandohio.gov

*Attorneys for Defendant Jeffrey Yasenchack*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 30th day of March, 2026.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Elena N. Boop
ELENA N. BOOP (0072907)

*One of the Attorneys for Defendant Jeffrey Yasenchack*

5