**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM ELLIS,**<br>      **Plaintiff,**<br><br>**-VS-**<br><br>**JEFFREY YASENCHACK, ET AL.,**<br>      **Defendants.** | Case No. 1:22-cv-815<br><br>Judge Solomon Oliver, Jr. |

**PLAINTIFF WILLIAM ELLIS' MOTION IN LIMINE
TO EXCLUDE ALL EVIDENCE OF PRIOR CONVICTIONS**

Plaintiff William Ellis respectfully requests that this Court enter an order barring Defendant from presenting evidence of any prior criminal conviction for William Ellis as any such evidence fails to satisfy the requirements of Fed. R. Evid. 609 and is not relevant to the issues presented. Further, any such evidence is likely to mislead the jury and unduly prejudice Plaintiff.  Finally, Defendant has not provided any notice of intent to use evidence of prior criminal convictions as required by Fed. R. Evid. 609(b).[1]

The instant case concerns false statements made by Defendant Yasenchack in his search warrant affidavit, presented to Cuyahoga County Court of Common Pleas Judge Timothy McCormack, and the absence of probable cause for Defendant to initiate criminal proceedings

---

[1] Rule 609.  Impeachment By Evidence of a Criminal Conviction.

…

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

   **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

   **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

1

against Ellis.   Mr. Ellis has no criminal convictions within the last 10 years—in fact, not since 2007 (19 years ago).

## I. Sixth Circuit Precedent Strongly Disfavors Admission of Stale Convictions

The Sixth Circuit has held that Rule 609(b) creates a "strong presumption" against admitting convictions older than ten years and that such convictions should be admitted "very rarely and only in exceptional circumstances." *United States v. Sims*, 588 F.2d 1145, 1148 (6th Cir. 1978).  Further, Rule 609(b) creates a rebuttable presumption that convictions over 10 years old are more prejudicial than helpful and should be excluded.  Id. at 1150; see also, *Grassi v. Grassi*, 2022 WL 1912312 at *9 (Ohio N.D., June 1, 2022)("…there is no evidence of any subsequent criminal history, and the staleness of such conviction again decreases its probative value.")

## II. Defendant Cannot Meet Rule 609(b)'s Heightened Standard.

Defendant cannot identify any specific facts and circumstances to demonstrate the probative value of a 19-year conviction.  Ellis's prior convictions do not relate to truthfulness or credibility.  Further, the issues in the case concern Defendant's misconduct, not Plaintiff's character.  Under clear Sixth Circuit precedent, evidence of any prior criminal conviction for Mr. Ellis is inadmissible.

### III. The Conviction Is Inadmissible Under Fed. R. Evid. 403.

Even if Rule 609(b) did not apply, any evidence of a prior criminal conviction for Ellis should be excluded under Rule 403.   Rule 403 permits this Court to exclude evidence "if its

probative value is substantially outweighed by the danger of unfair prejudice."[2]  Allowing

Defendant to reference a decades-old conviction would improperly invite the jury to judge

Plaintiff based on past conduct rather than the central issue: whether Defendant falsified a search

warrant affidavit and maliciously caused Plaintiff's prosecution.

### IV. The Conviction Is Irrelevant Under Fed. R. Evid. 401 and 402.

Evidence is relevant only if it makes a fact of consequence more or less probable. In this

case, evidence of any criminal prior conviction for Ellis does not relate to the issues presented.

Plaintiff's claims concern Defendant's misconduct—not Plaintiff's.  The issues concern

Yasenchack's false statements used to secure a search warrant and maliciously initiate criminal

proceedings against Plaintiff.  Evidence of any prior criminal conviction for Ellis does not make

more or less probable Yasenchack's use of false and misleading statements, whether Yasenchack

knowingly made those statements, and/or whether lacked probable cause to initiate criminal

proceedings against Plaintiff.  Because evidence of any prior criminal conviction does not relate

to any element of Plaintiff's federal or state malicious prosecution claims, it is inadmissible

under Rules 401 and 402.

### V. Admission of Evidence of Prior Criminal Convictions Would Undermine the Purpose of § 1983.

Section 1983 malicious prosecution claims exist to deter and remedy **official misconduct**,

including falsification of evidence and abuse of prosecutorial mechanisms. The Sixth Circuit has

---

[2] Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons.

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, ….

recognized that § 1983 is designed to hold officials accountable for constitutional violations. See *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010) (malicious prosecution claim lies where officer makes false statements that lead to prosecution).  Allowing Defendant to introduce Plaintiff's remote criminal history would shift the jury's focus away from Defendant's misconduct and toward Plaintiff's unrelated past—contrary to the remedial purpose of § 1983 and the principles articulated in *Sykes*.

VI.  Conclusion.

In light of the foregoing, Plaintiff William Ellis respectfully requests that this Court enter an order precluding the introduction of any evidence of a prior criminal conviction for Plaintiff William Ellis, including the redaction of any such information in any record Defendant may seek to introduce into evidence.

Dated: March 30. 2026                              Respectfully submitted,

                                            /s/Joseph F. Scott
          JOSEPH F. SCOTT (0029780)
          Scott & Winters
          11925 Pearl Road, Suite 310
          Strongsville,  OH  44136
          P: (216) 912-2221  F: (440) 846-1625
          jscott@ohiowagelawyers.com

          */s/ Marcus Sidoti*
          Marcus Sidoti (0077476)
          Friedman Gilbert + Gerhardstein
          50 Public Square, Suite 1900
          Cleveland, OH 44113-2205
          T: 216-241-1430
          F: 216-621-0427
          marcus@FGGfirm.com
          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 30, 2026, I filed a copy of the foregoing using the Court's CM/ECF system and that counsel for all parties will receive notice through that system.

s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
*One of the Attorneys for Plaintiff*