**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM ELLIS,**<br>       **Plaintiff,**<br><br>**-VS-**<br><br>**JEFFREY YASENCHACK, ET AL.,**<br>       **Defendants.** | Case No. 1:22-cv-815<br><br>Judge Solomon Oliver, Jr. |

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE PRIOR HEARING TESTIMONY OF MATTHEW RADOVANIC (ECF# 48-1), THE UNSWORN TELEPHONE INTERVIEW OF MATTHEW RADOVANIC (ECF# 47-1), AND ANY RELATED EVIDENCE.

**I.      The Issues of Whether Defendant Yasenchack Presented False and Misleading Information In His Search Warrant Application And Whether Probable Cause For The Search Warrant Existed Without The False and Misleading Statements Has Already Been Conclusively Determined In The Criminal Proceeding.**

Pursuant to Fed R. Evid. 401, 402 and 403, Plaintiff William Ellis respectfully requests that this Court enter an order precluding the admission of prior hearing testimony given by Matthew Radovanic (ECF #48-1) as well as the unsworn, telephone interview of Matthew Radovanic (ECF #47-1) and any related evidence.  Mr. Radovanic gave testimony in the hearing conducted by Judge Benita Pearson on July 20, 2021 in the matter of *United States v. William Ellis*, case no. 1:20-cr-2021.  That hearing was conducted pursuant to the authority set forth in *Franks v. Delaware*, 438 U.S. 154 (1978).  (ECF #48-1 at 5:24 to 6:7, PageID#702-703)( "So the Franks hearing specifically says, "Judge, if you exclude certain parts of Detective Yasenchack's affidavit, then I believe you'll find there is no probable cause and suppression is appropriate.");

1

(See also, *United States v. William Ellis*, case no. 1:20-cr-2021, Memorandum of Opinion and Order, ECF #61).

As a result of that hearing, the Court determined that Defendant Yasenchack gave false and misleading in his search warrant affidavit. (*United States v. William Ellis*, case no. 1:20-cr-2021, Memorandum of Opinion and Order, ECF #61 at p.13, Page ID# 638)(" Det. Yasenchack was dishonest or reckless in the execution of his duties as a law enforcement officer, again.") Judge Pearson further held that "…the Court concludes the search warrant affidavit lacks probable cause to search Defendant's Residence." (Id. at p. 11, Page ID#636.)  The Courts's finding conclusively establish, as a matter of *res judicata*, that Defendant Yasenchack gave false and misleading information in his search warrant affidavit and that the search warrant affidavit lacked probable cause for the search warrant.  Defendant is precluded by collateral estoppel from attacking or relitigating the issues of Defendant's use of false and misleading information as well as the absence of probable cause in this case.

It is well established that issues resolved in a criminal proceeding may preclude relitigation of the same issue in a subsequent civil action.  *Griffin v. Eidson*, 22 Fed. Appx. 393, 395 (6th Cir. 2001)(after noting that a finding regarding probable cause had previously been made in a related criminal proceeding held: "The issue of probable cause is now res judicata and may not be relitigated in this action."); *Spencer v. County of Huron*, 717 Fed. Appx. 555, 557 (6th Cir. 2017)(" Where, as here, an issue was considered in a prior criminal proceeding, a plaintiff may be estopped from relitigating that issue in a subsequent civil action."); *Prokos v. City of Athens*, 118 Fed. Appx. 921, 926-927 (6th Cir. 2004)(precluding the relitigation of probable cause where a probable cause determination had already been made in a prior criminal proceeding.)

The hearing transcript from the *Franks* hearing conducted in the criminal case (ECF #48-1) establishes that the issues of whether Defendant Yasenchack relied upon false and misleading information in his search warrant application as well as whether probable cause for the search warrant existed without the false and misleading information were fully litigated.  Both the defense and prosecution in the criminal proceeding presented witness testimony and exhibits as well as their legal arguments.  *Ingram v. Regano*, 2023 WL 6634262 at *1 (6th Cir. Oct. 1, 2023) citing *Tarrify Props., LLC v. Cuyahoga County*, 37 F.4th 1101, 1109 (6th Cir. 2022)(" *Issue preclusion.* Issue preclusion prevents parties from relitigating claims " 'actually' and 'necessarily' litigated" in a prior case.); *In re I. E. du Pont de In such Nemours and CompanyC-8 Personal Injury Litigation*, 54 F.4th 912, 921 (6th Cir. 2022)("A district court has "broad discretion to determine" whether to apply collateral estoppel.") To apply, issue preclusion requires a prior holding that "answer[ed] *the same question*" at stake in the current proceeding. *United States v. United Techs. Corp.*, 782 F.3d 718, 726 (6th Cir. 2015).  In this case, the U.S. District Court previously answered the same questions at issue in this proceeding—Did Defendant Yasenchack present false and misleading information in his search warrant application?  Yes. Did the search warrant lack probable cause?  Yes.

The use of collateral estoppel is especially appropriate here where the core proceeding at issue here is one initiated solely by Yasenchack—the application for the search warrant.  The subsequent *Franks* hearing specifically examined the truthfulness of Yasenchack's statements used to secure the search warrant.  Certainly, Yasenchack had a substantial interest in defending his actions.  Any determination that Yasenchack had been untruthful would be information that would have to be disclosed in any future prosecution in which Yasenchack was involved.  *Giglio v. United States*, 450 U.S. 150, 154 (1972).

Further, all of the evidence relevant to the issues of whether Yasenchack presented false and misleading information, as well as whether the search warrant application was supported by probable cause without the inclusion of the false and misleading information, was presented at the *Franks* hearing.  The false and misleading information is all contained in Defendant Yasenchack's search warrant affidavit.  *U.S. v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005) citing *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005)(holding that to demonstrate probable cause to justify a search warrant, an affidavit must contain facts to indicate a fair probability that evidence of a crime will be located on the premises.) Further, review of whether a search warrant was support by probable cause is limited to the four corners of the search warrant affidavit.  *U.S. v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005) citing *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 565 n. 8, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971);  *Aguilar v. Texas*, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) abrogated on other grounds by Gates, 462 U.S. at 238, 103 S.Ct. 2317; *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir.1973).  Yasenchack cannot now introduce new evidence to attack the court's prior determination that the search warrant was not supported by probable cause.

Defendant Yasenchack was given the opportunity to testify at the *Franks* hearing. Testimony regarding the "concerned citizen'" who in fact was an individual Defendant stopped and then threatened with a traffic citation in an effort to extort a statement, was presented at the *Franks* hearing.  And Matthew Radovanic's testimony, wherein he refuted the statements contained in Yasenchack's affidavit and police report, was presented at the *Franks* hearing. Testimony regarding Yasenchack's misrepresentation of a pending state-court criminal matter was also presented.  Following the conclusion of the *Franks* hearing, the court reached the legal conclusions that Yasenchack had relied upon false and misleading information and that the

4

search warrant lacked probable cause.  *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)(a finding of probable cause is a legal conclusion.)

The prior hearing testimony of Matthew Radovanic is not relevant to any remaining issue. Fed. R. Evid. 402 provides that "Irrelevant evidence is not admissible."  Fed. R. Evid. 402.  Mr. Radonavic's testimony was offered solely in relation to issues that have already been conclusively decided, and therefore, is not necessary for the resolution of any remaining issues.  Presentation of his prior hearing testimony would only serve to confuse and mislead the jury as to the remaining factual issues left for the jury to determine.

**II.      The Unsworn Telephone Interview of Matthew Radovanic Does Not Satisfy Any Hearsay Exception.**

This Court has previously determined that Defendant's attempt to introduce Mr. Radovanic's telephone interview through the declaration of Cleveland police sergeant Mitchel Sheehan was impermissible hearsay.  (ECF# 37, Order ("For the foregoing reasons, Plaintiff's motion to strike (ECF No. 32) is granted."))  As noted above, Defendant should further be precluded from introducing Radonavic's telephone interview in that such evidence seeks to impermissibly attack issues that have already been conclusively decided.

Radonavic's telephone interview further fails to satisfy the requirements of Fed. R. Evid. 804. Fed. R. Evid. 804(b)(1) permits admission of prior testimony given at a trial, hearing, or deposition.[1]  The telephone interview was not testimony presented at a trial, hearing, or lawful

---

[1] Fed. R. Evid. 804(b)(1)

(b) THE EXCEPTIONS. The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness: (1) Former Testimony. Testimony that:

(A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and

deposition.  Further, the interview statements were not subject to any cross-examination by any counsel for Mr. Ellis either in this civil action or in the federal criminal proceeding.

Similarly, the telephone interview does not satisfy the statement against interest exception under Fed. R. Evid. 804(b)(3).  The interview transcript establishes that Radovanic understood that he was speaking with Sgt. Sheehan confidentially.  (ECF #47-1 at p. 6:5-7.)  Sgt. Sheehan assures Radovanic that the purpose of the interview is solely to determine whether Yasenchack lied.  (Id. at 6:9-11)("So I have to use what you tell me to determine whether or not the detective lied.") and (Id. at 4:6-7)("And again, you're not being investigated.") .  Sheehan offers further assurances that Radovanic is not speaking against his own self-interest.  (Id. at 20:1-6)(" Not from me you're not. Listen, I'm investigating Detective Yasenchack, okay?")

 Finally, the telephone interview does not qualify as impeachment evidence under Fed. R. Evid. 806.  The telephone interview contains unsworn statements by Radovanic that were not subject to cross-examination.  Defendant proposes to impeach hearsay testimony—the sworn testimony of Radovanic given at the *Franks* hearing—with further hearsay testimony—the unsworn statements made in a telephone interview.  Fed. R. Evid. 806, by its express language, provides for the presentation of impeachment evidence through cross-examination.  Fed. R. Evid. 806 ("If the party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.")  Evid. R. 806 does not allow apply to a situation where, as here, the declarant is unavailable for trial. Admission of the telephone interview would not allow Plaintiff the opportunity to examine Radovanic as to any statement he made in that interview.

---

(B) is now offered against a party who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

### III.    Conclusion.

In light of the foregoing, Plaintiff William Ellis respectfully requests that this Court enter an order precluding Defendant from introducing any evidence of Matthew Radovanic's prior hearing testimony, the unsworn telephone interview and/or any related evidence.  Any such evidence would be an impermissible attack on issues that have already been conclusively determined.  Such evidence is not relevant to any remaining issue in this case and its introduction would only service to confuse and mislead the jury.

Dated: March 30. 2026                              Respectfully submitted,

                                                   /s/Joseph F. Scott
                                                   JOSEPH F. SCOTT (0029780)
                                                   Scott & Winters
                                                   11925 Pearl Road, Suite 310
                                                   Strongsville,  OH  44136
                                                   P: (216) 912-2221  F: (440) 846-1625
                                                    jscott@ohiowagelawyers.com

                                                   /s/ Marcus Sidoti
                                                   Marcus Sidoti (0077476)
                                                   Friedman Gilbert + Gerhardstein
                                                   50 Public Square, Suite 1900
                                                   Cleveland, OH 44113-2205
                                                   T: 216-241-1430
                                                   F: 216-621-0427
                                                   marcus@FGGfirm.com
                                                   Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I certify that on March 30, 2026, I filed a copy of the foregoing using the Court's CM/ECF system and that counsel for all parties will receive notice through that system.

s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
*One of the Attorneys for Plaintiff*

8