**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM ELLIS,**<br>    **Plaintiff,**<br><br>-VS-<br><br>**JEFFREY YASENCHACK, ET AL.,**<br>    **Defendants.** | Case No. 1:22-cv-815<br><br>Judge Solomon Oliver, Jr. |

**PLAINTIFF WILLIAM ELLIS' MOTION IN LIMINE TO EXCLUDE
ANY LABORATORY ANALYSIS AND RELATED TESTIMONY OF EVIDENCE
SEIZED PURSUANT TO THE EXECUTION OF THE MAY 14, 2020 SEARCH
WARRANT**

Pursuant to Federal Rules of Evidence 401, 402, and 403, Plaintiff William Ellis respectfully requests that this Court enter an order prohibiting the introduction of any laboratory analysis and related testimony concerning evidence seized pursuant to the execution of the May 14, 2020 search warrant.  Defendant has indicated that he intends to present evidence of the laboratory analysis of evidence seized pursuant to the search warrant.  Specifically, defense counsel indicated at the final pre-trial an intention to present evidence of the laboratory analysis attached as an exhibit to Defendant's motion for summary judgment.  (ECF #35-3, Page ID#'s 416-424). The referenced exhibit is in fact two separate reports—one for a submission made May 19, 2020 (Id. at Page ID#'s 416-421) and the second for a submission made May 12, 2020 (Id. at Page ID#'s 422-424).  The report for the May 19, 2020 submission is dated May 28, 2020.  (Id. at Page ID# 419).  The report for the May 12, 2020 submission is dated May 15, 2020. (Id. at Page ID# 422).

The issues in this case concern Defendant Yasenchack's false and misleading statements set forth in his search warrant affidavit.  That affidavit was executed on May 14, 2020.  Further,

1

at issue, is whether Defendant Yasenchack possessed probable cause to initiate criminal proceedings against Ellis on May 14, 2020. Neither the May 28, 2020 nor the May 15, 2020 reports were part of Yasenchack's search warrant affidavit and neither is relevant to the issue of whether Defendant had probable cause to initiate criminal proceedings against Ellis on May 14, 2020.

**I.      Relevance and Exclusion Under the Federal Rules of Evidence.**

Evidence is admissible only if it is relevant. Fed. R. Evid. 402. Evidence is relevant only if it has any tendency to make a fact of consequence more or less probable. Fed. R. Evid. 401. Even relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.

**II.     The Evidence At Issue Was Not Included in Defendant's Search Warrant Affidavit.**

The laboratory analysis and any related testimony was clearly not part of Defendant's search warrant affidavit.  Neither report was even available until after May 14, 2020 when Defendant signed his search warrant affidavit and presented it to Judge McCormick.  Further, the evidence submitted on May 12, 2020 for the report dated May 15, 2020 is completely unrelated to Ellis's federal prosecution.

The search warrant signed by Judge McCormick was executed on May 18, 2020.  Clearly, any evidence submitted on May 12, 2020—6 days before the warrant at issue in this case was executed—is not relevant.   Further, any evidence collected from the execution of that warrant was not available to Yasenchack on May 14 and not relevant to the determination of whether Yasenchack possessed probable cause on May 14, 2020 to initiate criminal proceedings against Ellis.

**III.     Admission of The Laboratory Analysis and Related Testimony Would Be Misleading To The Jury and Unfairly Prejudicial.**

This Court's summary judgment order confirms that Defendant's liability is not negated by the subsequent probable cause hearing conducted to the execution of the search warrant. (ECF# 37).  Further, neither the laboratory analysis nor any related testimony was used for the federal criminal indictment of Ellis nor the subsequent preliminary detention hearing conducted by then Magistrate Judge David Ruiz on May 28, 2020.

The prejudicial impact of allowing the laboratory analysis and related testimony into evidence is obvious.  The jury would easily be mislead into deciding the probable cause issue based upon that evidence even though that evidence was not available to Yasenchack.

**IV.     Conclusion.**

In light of the foregoing, Plaintiff respectfully requests that this Court enter an order prohibiting Defendant from presenting any evidence of the May 15, 2020 and May 28, 2020 laboratory analysis or any related testimony.

Dated: March 30. 2026                         Respectfully submitted,

s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
Scott & Winters
11925 Pearl Road, Suite 310
Strongsville,  OH  44136
P: (216) 912-2221  F: (440) 846-1625
jscott@ohiowagelawyers.com

/s/ Marcus Sidoti
Marcus Sidoti (0077476)
Friedman Gilbert + Gerhardstein
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
marcus@FGGfirm.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on March 30, 2026, I filed a copy of the foregoing using the Court's CM/ECF

system and that counsel for all parties will receive notice through that system.

s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
One of the Attorneys for Plaintiff

4