**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM ELLIS,**<br>    **Plaintiff,**<br><br>-VS-<br><br>**JEFFREY YASENCHACK, ET AL.,**<br>    **Defendants.** | Case No. 1:22-cv-815<br><br>Judge Solomon Oliver, Jr. |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE REFERENCE TO THE IDENTITY OF DONALD KOPCHAK—ECF #55.**

Plaintiff William Ellis respectfully requests that this Court deny Defendant's motion in limine to exclude reference to Cleveland police officer Donald Kopchak.  Donald Kopchak is a necessary and material witness in this case. He signed the affidavit in support of the criminal complaint for the matter of *United States v. William Ellis*, case no. 1:20-cr-00302, was the sole prosecution witness at the preliminary hearing and detention hearing conducted by then Magistrate Judge David Ruiz on May 28, 2020, (*United States v. William Ellis*, case no. 1;20-cr-00302, ECF #16, Transcript of Preliminary/Detention Hearing at pp. 10-47, Page ID# 65-102), presented testimony to the grand jury, and executed the search warrant at issue.  His testimony is highly relevant to Plaintiff's claims and will be presented at trial.

In Defendant's sweepingly overbroad motion, has argues that Plaintiff's 15 month-long incarceration resulted from the Preliminary/Detention Hearing conducted May 28, 2020. In order to confront this defense, Plaintiff must call Kopchak, who was the sole prosecution witness for that hearing.  (*United States v. William Ellis*, case no. 1:20-cr-00302, ECF #1-1, Page ID# 2-8 at ¶'s 10, 11, 12, 14 and 18   Kopchak's affidavit in support of the criminal complaint incorporates

1

the false and misleading information provided by Yasenchack.  (*United States v. William Ellis*, case no. 1:20-cr-00302, ECF #1-1 at ¶'s 10, 11, 12, 13, 14, and 18).  Kopchak participated in the execution of the search warrant.  Plaintiff intends to call Kopchak as an adverse witness and will elicit testimony as to all of these matters, which are material to the elements of malicious prosecution.

Kopchak's testimony in this case is relevant and admissible pursuant to Fed. R. Evid. 401, 402, and 403.  The parties agree that  Federal Rule of Evidence 607 permits any party—including the party that called a witness – to attack the credibility of a witness. See *United States v. Bileck*, 776 F.2d 195, 198 (7th Cir. 1985)  The Advisory Committee Notes on Rule 607 point out that the "traditional rule against impeaching one's own witness is abandoned as based on false premises. A party does not  out his witness as worthy of belief, since he rarely has a choice in selecting them."  Fed. R. Evid. 607 (Notes of Advisory Committee on Proposed Rules.)

  Defendant's citation to the authority in *United States v. Webster*, 734 F.2d 1191 (7th Cir. 1984) and *United States v. Kane*, 944 F.2d 1406 (7th Cir. 1991) supports Plaintiff's ability to impeach Kopchak with his recent felony convictions, which is admissible pursuant to Fed. R. 609.  In *United States v. Webster*, the prosecution was permitted to impeach its own witness with prior inconsistent testimony.  *United States v. Webster*, 734 F.2d 1191, 1193 (7th Cir.1984).  As here, counsel had a good-faith purpose in presenting the witness beyond simply trying to introduce otherwise inadmissible evidence. Kopchak's testimony is directly relevant to the federal criminal proceeding, the initiation of that proceeding, and the testimony relied upon at the preliminary/detention hearing.

  Similarly, in *United States v. Kane*, 944 F.2d 1406 (7th Cir. 1991), the prosecution was permitted to offer impeachment evidence against its own witness.  (Id. at 1411).  Fed. R. Evid

2

607 expressly permits any party to attack the credibility of a witness, including the party calling the witness.  Fed. R. Evid. 607. As discussed in *Kane*, the test is whether the party calling the witness exhibited bad faith by calling a witness sure to be unhelpful to its own case.  (Id. citing *United States v. Webster*, 734 F.2d 1191, 1193 (7th Cir. 1984).  Plaintiff has a good-faith basis for presenting the testimony of Donald Kopchak.  Further, Plaintiff has a good-faith basis for challenging Kopchak's credibility as to the details included in his affidavit in support of the criminal complaint, grand jury testimony, and testimony presented at the preliminary/detention hearing

Fed. R. Evid. 403 does not authorize excluding evidence that could prejudice the witness or Defendant—it only applies to evidence that would create unfair prejudice. Here, any prejudice that accrues to the witness from his own actions taken in his official capacity as a Cleveland police officer is unquestionably fair. Plaintiff does not seek to undertake any action that would tip the scales in favor of exclusion under Rule 403 because Plaintiff has no interest in the "side show" Defendant fears. Any Defense concerns about juror familiarity with news reporting about the facts underlying Kopchak's recent criminal conviction can easily be addressed by a thorough voir dire on this issue.

In light of the foregoing, Plaintiff respectfully requests that this Court deny Defendant's motion in limine No. 5 regarding reference to Cleveland police officer Donald Kopchak (ECF #55) in its entirety.  Plaintiff intends to present the testimony of Donald Kopchak and Fed. R. Evid. 607 expressly permits Plaintiff to offer impeachment evidence against Kopchak.


Dated: April 6, 2026                                        Respectfully submitted,

*/s/Joseph F. Scott*
JOSEPH F. SCOTT (0029780)

3

Scott & Winters
11925 Pearl Road, Suite 310
Strongsville,  OH  44136
P: (216) 912-2221  F: (440) 846-1625
jscott@ohiowagelawyers.com

*/s/ Marcus Sidoti*
Marcus Sidoti (0077476)
Friedman Gilbert + Gerhardstein
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
marcus@FGGfirm.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 6, 2026, I filed a copy of the foregoing using the Court's CM/ECF system and that counsel for all parties will receive notice through that system.

*/s/Joseph F. Scott*
JOSEPH F. SCOTT (0029780)
*One of the Attorneys for Plaintiff*

4