UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM ELLIS,     )
          ) CASE NO. 1:22-CV-815-SO
 -Plaintiff      )
          ) JUDGE SOLOMON OLIVER, JR.
-vs-         )
          )
JEFFREY YASENCHACK   )
          )
          )
 -Defendant     )

**PLAINTIFF'S TRIAL BRIEF**

Plaintiff William Ellis, pursuant to the Court's Trial Order (Doc. 43, PageID #650), submits the following trial brief in advance of the currently scheduled trial for April 13, 2026.

## I.   Statement of the Case History

Plaintiff William Ellis initiated this action on May 18, 2022.  (ECF #1).  Plaintiff's complaint set forth the following causes of action against Defendants Det. Jeffrey Yasenchack and the City of Cleveland:

- A Claim Against Defendant Yasenchack for Violation of 42 U.S.C. §1983—False Arrest;

- A Claim Against Defendant Yasenchack for Violation of 42 U.S.C. §1983—Malicious Prosecution;

- A Claim Against Defendant City of Cleveland for Violation of 42 U.S.C. §1983—Ratification;

- A Claim Against Defendant City of Cleveland for Violation of 42 U.S.C. §1983—Monell Claim; and

- A State-Law Claim Against Defendant Yasenchack for Malicious Prosecution.

1

Plaintiff's complaint seeks compensatory and punitive damages, together with Plaintiff's litigation expenses including Plaintiff's costs and attorney fees.

On August 31, 2023, Defendants Yasenchack and the City of Cleveland filed separate motions for summary judgment.  (See, ECF #'s 25 and 26, respectively.)  Thereafter, Plaintiff filed his opposition to Defendant Yasenchack's motion for summary judgment.  (ECF # 31.) Further, Plaintiff filed a stipulated motion to voluntarily dismiss the claims pending against the City of Cleveland.  (ECF # 33.)  Defendant Yasenchack filed a reply brief in support of his motion for summary judgment on October 30, 2023.  (ECF# 36.)

This Court granted Defendant Yasenchack's motion for summary judgment in part and denied the motion in part.  (ECF # 37, Order of September 30, 2024.)  While the Court's order grants Defendant Yasenchack's motion as to Plaintiff's state-law claim for false arrest, this Court denied Defendant's claim as to Plaintiff's federal and state-law claims for malicious prosecution. (*Id*. at pp. 17-18, Page ID #'s 628-629) ("In light of all of the above, the court finds that Plaintiff has raised several disputes of material fact as to whether Defendant, in setting Ellis's prosecution in motion, knowingly or recklessly supplied false statements in his search warrant affidavit … The court also finds that Yasenchack's false statements in his search warrant affidavit were material to Ellis's prosecution… Accordingly, the court concludes that Ellis has raised genuine disputes of material fact sufficient to overcome … the presumption of probable cause arising from his criminal indictment.")  Finally, as to Plaintiff's claim for damages arising from the malicious prosecution, this Court held that "Because Plaintiff was detained for 15 months as a result of Defendant's actions, the court finds that Plaintiff has sufficient evidence to establish this element of his malicious prosecution claim." (*Id.*)

2

On October 14, 2024, Defendant Yasenchack filed a Notice of Appeal seeking review by the United States Circuit Court for the Sixth Circuit of this Court's summary judgment order as to qualified immunity.  (ECF # 38.)  Defendant Yasenchack's appeal was ultimately dismissed by the Sixth Circuit due to a lack of jurisdiction.  (ECF #40, True copy of mandate from the USCA for the Sixth Circuit: Dismissing the appeal for lack of jurisdiction.)

This matter is now set for trial by jury to commence on April 13, 2026 on Plaintiff's federal and state-law claims for malicious prosecution against Defendant Yasenchack.

## II.        Statement of the Facts.

Plaintiff William Ellis was the victim of a malicious prosecution initiated by former Cleveland police detective Jeffrey Yasenchack.  Yasenchack admits that, at all times relevant to the allegations set forth in Plaintiff's complaint, he was a detective with the City of Cleveland police department and acting within the course and scope of his duties. (ECF # 6, Answer of Defendant Det. Jeffrey Yasenchack at ¶ 5, Page ID# 29.)

Yasenchack set in motion the malicious prosecution of William Ellis when he knowingly executed an affidavit riddled with false information in support of a search warrant for Plaintiff's home.  Yasenchack admits that he executed the affidavit for a search warrant on Plaintiff's residence on or about May 14, 2020.  (Id. at ¶ 8, Page ID# 29.)  Yasenchack had previously initiated a state-law prosecution against Ellis, captioned as *State of Ohio v. William Ellis*, Cuyahoga County Court of Common Pleas, CR-637876.  That criminal matter was dismissed by the prosecution on May 14, 2020, after the Court  found that Yasenchack presented false statements regarding his probable cause for searching Ellis and granted Ellis' motion to suppress all evidence.

On the same date the Common Pleas matter was dismissed, Yasenchack presented his falsified search warrant affidavit to a different state-court judge to obtain the search warrant. Yasenchack's affidavit contained material false statements and omissions. Relying upon the false information with which the court was presented, a search warrant for Ellis's residence was issued.

Subsequently, a criminal complaint was filed against Ellis in the matter of *United States v. William Ellis*, United States District Court, Northern District of Ohio, Case No. 1:20-cr-302. Ellis was arrested on May 18, 2020 and held without bond. Ellis was arraigned on June 22, 2020 and thereafter remained in the custody of the US Marshall's office. Following a hearing on a motion to suppress evidence, Judge Benita Pearson issued an order suppressing all evidence seized pursuant to the search warrant after concluding "Det. Yasenchack was dishonest or reckless in the execution of his duties as a law enforcement officer, again." Further, Judge Pearson ruled and conclusively determined that the search warrant lacked probable cause. Thereafter, the prosecution voluntarily dismissed the case against Ellis on August 27, 2021. On September 1, 2021, Ellis was released from custody. He was wrongfully imprisoned for 470 days.

### III. Relevant Authority.

### A. Violation of 42 U.S.C. §1983—Malicious Prosecution

"Individuals have a clearly established Fourth Amendment right to be free from malicious prosecution." *King v. Harwood*, 852 F.3d 568, 582–83 (6th Cir. 2017). A § 1983 malicious prosecution claim "encompasses investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

Malicious prosecution contains four elements:

(1) a criminal prosecution was initiated against the plaintiff and

the defendant made, influenced, or participated in the decision to prosecute;

(2) there was a lack of probable cause for the criminal prosecution;

(3) the plaintiff suffered a deprivation of liberty,
as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and

(4) the criminal proceeding was resolved in the plaintiff's favor.

King, 852 F.3d at 580.

### 1. Defendant Yasenchack Executed An Affidavit Containing False Statements That Initiated The Prosecution Against Ellis.

Defendant Yasenchack initiated a criminal prosecution against William Ellis without probable cause to do so.  Yasenchack admittedly executed an affidavit for a search warrant of Ellis home.  The affidavit contained false statements.  After conducting a hearing on Ellis's motion to suppress evidence, filed in the matter of *United States v. William Ellis*, U.S. District Court Judge Bonita Pearson suppressed all evidence seized from Ellis's home after finding Yasenchack responsible for significant false statements and omissions.  *United States v. William Ellis*, Case No. 1:20-cr-2021, Memorandum of Opinion and Order, ECF #61 at p.13, Page ID# 638) ("Det. Yasenchack was dishonest or reckless in the execution of his duties as a law enforcement officer, again.")  Further, Judge Pearson conclusively ruled that the search warrant was not supported by probable cause.

In the Sixth Circuit, the first element of malicious prosecution is met when "an officer 'could reasonably foresee that his misconduct would contribute to an independent decision that results in a deprivation of liberty' and the misconduct actually does so." *Caskey*, 2022 WL 16964963 at *9 (quoting *Jackson v. City of Cleveland*, 925 F.3d 793, 820 (6th Cir. 2019)). Moreover, "providing false information essential to the determination of probable cause can constitute participating in or influencing the decision to prosecute even when the officers do not testify at the grand jury hearing or at trial." *Caskey*, 2022 WL 16964963 at *9.

### 2. The Absence of Probable Cause To Support The Search Warrant Has Already Been Conclusively Established.

Judge Pearson's order holding that Defendant Yasenchack relied upon false and misleading information in his search warrant affidavit, as well as the court's order finding that the search warrant was not supported by probable cause preclude further litigation of those issues. *Griffin v. Eidson*, 22 Fed. Appx. 393, 395 (6th Cir. 2001)(after noting that a finding regarding probable cause had previously been made in a related criminal proceeding held: "The issue of probable cause is now res judicata and may not be relitigated in this action."); *Spencer v. County of Huron*, 717 Fed. Appx. 555, 557 (6th Cir. 2017)(" Where, as here, an issue was considered in a prior criminal proceeding, a plaintiff may be estopped from relitigating that issue in a subsequent civil action."); *Prokos v. City of Athens*, 118 Fed. Appx. 921, 926-927 (6th Cir. 2004)(precluding the relitigation of probable cause where a probable cause determination had already been made in a prior criminal proceeding.)

### 3. William Ellis Suffered a Deprivation of His Liberty As A Result of The Malicious Prosecution Initiated Against Him By Yasenchack.

Plaintiff Ellis was wrongfully incarcerated for over 15 months while the malicious prosecution initiated by Defendant remained pending.  "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel*, 137 S.Ct. at 918. This applies "even beyond the start of legal process." *Id.* at 920. Although a grand jury or judge can determine probable cause, those findings do not extinguish a Fourth Amendment claim if the process is tainted by, for example, false testimony or fabricated evidence. *Id.* at 920, n. 8.

### 4. The Criminal Proceedings Initiated By Yasenchack Against Plaintiff Were Resolved in Plaintiff's Favor.

6

It is undisputed that the criminal proceedings initiated by Yasenchack against Ellis were terminated in Ellis's favor—that is, the criminal charges were ultimately dismissed following the Court's suppression of all evidence seized pursuant to the search warrant.

### B. State-Law Malicious Prosecution.

The elements of an Ohio, state-law malicious prosecution claim are "(1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146, 559 N.E.2d 732 (1990). Malice may be inferred from the absence of probable cause. The evidence in this matters satisfies all of the elements for a state-law malicious prosecution claim as it does for the federal malicious prosecution claim.

### IV. Plaintiff's Witness List

1.  Jeffrey Yasenchack: Defendant is represented by counsel. As on cross, Jeffrey Yasenchack will testify mainly to his involvement in and observation of the events of March 3, 2019-May 18, 2020 and his interactions with Mr. Ellis. He will also testify as to his knowledge and experiences of policies, training, practices, etc. at the Cleveland Police Department related to investigations.

2.  William Ellis: Mr. Ellis will testify as to his memory of the events at issue the damages suffered by himself and his family as a result of the actions of Defendant Yasenchack.

3.  Det. Donald Kopchak 555 Independence Dr, Medina, OH 44256. As on cross-examination, the former Detective will testify mainly to his involvement in and

observation of the events of and leading to May 18, 2020, his own involvement in the investigation, including statements and interviews provided to CDP and OPS investigators. Detective Kopchak has been convicted in Medina County for assault, ethnic intimidation and

4. Captain Renee Kane 1300 Ontario St. Cleveland, OH, 44113. As on cross-examination, the Detective will testify mainly to his involvement in and observation of the events of and leading to May 18, 2020, his own involvement in the investigation, including statements and interviews provided to CDP and OPS investigators

5. Lt. Charles DePenti 1300 Ontario St. Cleveland, OH, 44113. As on cross-examination, the Detective will testify mainly to his involvement in and observation of the events of and leading to May 18, 2020, his own involvement in the investigation, including statements and interviews provided to CDP and OPS investigators

6. Lt. Kevin Kincaid 1300 Ontario St. Cleveland, OH, 44113.  As on cross-examination, the Detective will testify mainly to his involvement in and observation of the events of and leading to May 18, 2020, his own involvement in the investigation, including statements and interviews provided to CDP and OPS investigators

7. David Hammon As on cross-examination, Mr. Hammon will testify mainly to his observations of and involvement in the OPS investigation of the events.

8. AUSA Kevin Pierce. Mr. Pierce will testify primarily as to his involvement in the federal criminal proceedings against the Plaintiff.

9.      Darren Thompson. Mr. Thompson will testify primarily as to his involvement in the federal criminal proceedings against the Plaintiff.

10.     Christine Russo. Ms. Russo will testify primarily as to her involvement in the state criminal proceedings against the Plaintiff.

11.     Gina Villa.  Ms. Villa will testify primarily as to her involvement in the investigation and criminal proceedings against the Plaintiff.

12.     OPS Records Custodian

Plaintiff may call additional witnesses for the purpose of rebuttal or impeachment, and witnesses previously identified in pretrial disclosures pursuant to Fed. R. Civ. P. 26.

Dated: April 6, 2026                                Respectfully submitted,

*/s/Joseph F. Scott*
JOSEPH F. SCOTT (0029780)
Scott & Winters
11925 Pearl Road, Suite 310
Strongsville,  OH  44136
P: (216) 912-2221  F: (440) 846-1625
jscott@ohiowagelawyers.com

*/s/ Marcus Sidoti*
Marcus Sidoti (0077476)
Friedman Gilbert + Gerhardstein
50 Public Square, Suite 1900
Cleveland, OH 44113-2205
T: 216-241-1430
F: 216-621-0427
marcus@FGGfirm.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2026, I filed a copy of the foregoing using the Court's CM/ECF system and that counsel for all parties will receive notice through that system.

/s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)
*One of the Attorneys for Plaintiff*