**IN THE UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM ELLIS, | ) CASE NO. 1:22-cv-815 |
| | ) |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| v. | ) |
| | ) |
| JEFFREY YASENCHACK, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

---

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESSES

---

Pursuant to the Court's Revised Civil Trial Order, Doc. No. 44, Defendant hereby submits his objections to Plaintiff's trial witnesses, as identified in his witness list, Doc. No. 76.

Defendant objects to calling Det. Donald Kopchak as witness, subject to Defendant's Motion *in limine* No. 5, Doc. No. 55 and arguments raised in his Opposition to Plaintiff's petition for a writ of habeas corpus *ad testificandum*, Doc. No. 74.

Defendant objects to calling Lt. Charles DePenti and Lt. Kevin Kincaid as witnesses. Neither has personal knowledge of the facts and circumstances of this case, including the March 2019 stop and arrest of Ellis or the May 2020 search of his house. Lt. Kincaid was not even in the V.I.C.E. unit (Det. Yasenchack's unit) at the time the search was executed in 2020. Neither was involved in any internal investigation of either incident. Neither directly supervised Yasechack's actions at either event. Neither has personal knowledge of the search warrant affidavit, Yasenchack's investigation or actions in securing the warrant or the execution of the warrant at Ellis's house. To the extent Plaintiff seeks to elicit testimony from either witness regarding CDP training, policies or procedures, it is irrelevant. The City of Cleveland is not a party to this action. In any event, Plaintiff identified

Captain Renee Kane to testify regarding training, policies and procedures.  She was Det. Yasenchack's supervisor and officer in charge of the search.  Any additional testimony on the same subject will be duplicative and a waste of time.

Defendant objects to calling David Hammon as a witness. David Hammon was never disclosed as a witness, fact or expert, in Plaintiff's initial disclosures or discovery responses. He has no personal knowledge whatsoever of any of the events involving Ellis and Yasenchack. He is an OPS investigator who became involved well after the incidents in this case; and his knowledge was gained through gathering the same evidence as will be presented at trial.  To that extent, his testimony is also duplicative, will waste judicial resources, confuse and mislead the jury, usurp the jury's province and be highly prejudicial to Defendant.  This is nothing more than an improper attempt to backdoor in an expert witness, and he should not be permitted to testify at all.

Christine Russo – Ms. Russo was Ellis's criminal defense lawyer who was involved in the 2019 criminal case.  Her testimony is irrelevant and duplicative.  In his motion *in limine* to exclude the opinion and order of Judge Deborah Turner, Defendant proposed a stipulation as to the timeline of that case. Doc. No. 53.  Any testimony beyond that is duplicative, waste of judicial resources and inadmissible for the same reasons as those outlined in the motion *in limine.*

Finally, Defendant objects to Plaintiff's examination of Kincaid, DePenti, Kane, Hammon and Kopchak "as on cross." Leading questions should not ordinarily be used on direct examination. Fed.R.Evid. 611(c). Rule 611(c) provides an exception: when "a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." Fed.R.Evid. 611(c)(2). "Although the last sentence of Rule 611(c) provides that certain categories of witnesses can automatically be treated as hostile, the rule does not give the calling party an absolute right to ask leading questions even when the witness is identified with an adverse party." *Gates v. City of Memphis*, 2000 WL 377343, *2, 210 F.3d 371 (6th Cir. 2000). In that case, the Sixth

2

Circuit held that members of the same police department were not categorically identified with an adverse party. *Id*. The Sixth Circuit found that the district court "properly favored the use of direct examination until such time as it became evident that a particular witness was in fact adverse." Id. See also *Robinson v. R.J. Reynolds Tobacco Co.*, 86 Fed. Appx. 73, 76 (6th Cir. 2004) (district court properly prohibited plaintiff's use of leading questions against a former RJR employee).

Defendant reserves the right to assert additional objections during the course of the trial.

Respectfully Submitted,

By: _/s/ Elena N. Boop_
ELENA N. BOOP (0072907)
Chief Trial Counsel
J.R. Russell (0075499)
Chief Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
Tel: (216) 664-3727
     (216) 664-2767
Email: EBoop@clevelandohio.gov
Jrussell2@clevelandohio.gov
*Attorneys for Defendant Jeffrey Yasenchack*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed electronically on the 9th day of April, 2026.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Elena N. Boop
ELENA N. BOOP (0072907)
James R. Russell, Jr. (0075499)
*Attorneys for Defendant Jeffrey Yasenchack*

3